```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JERRY QUINN MCKOY,

                    Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       14-CV-0249(JS)(AKT)

SUFFOLK COUNTY CORRECTION, SUFFOLK
COUNTY SHERIFF VINCENT F. DEMARCO,
SCC NURSE ADMINISTRATOR, SCC NURSE
JANE DOE, SCC NURSE JANE DOE, SCC
NURSE JOHN DOE, SCC HEAD DOCTOR,
SCC DOCTOR JANE DOE, SCC DOCTOR
JANE DOE, SCC DOCTOR JANE DOE, SCC
DOCTOR JOHN DOE, SCC PHYSCH [SIC]
DOCTOR JOHN DOE, SCC OFFICER JOHN
DOE, SCC OFFICER JOHN DOE, SCC
OFFICER JOHN DOE,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Jerry Quinn McKoy, pro se
                    00-A-3018
                    Mid-State Correctional Facility
                    PO Box 2500
                    Marcy, NY 13403

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On January 2, 2014, incarcerated pro se plaintiff Jerry Quinn McKoy ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against "Suffolk County Correction" ("the Jail"), Suffolk County Sheriff Vincent F. DeMarco, and thirteen unidentified individuals all of whom are alleged to be medical professionals or corrections officers working at the Jail (together, "Defendants"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the

application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Jail and WITHOUT PREJUDICE as against Sheriff DeMarco pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

BACKGROUND[1]

Plaintiff's brief, handwritten Complaint, submitted on the Court's Section 1983 complaint form, alleges the following in its entirety:[2]

> On October 19 at Approx. 2:34 pm I had a seizure do to not recieving my medication for Approx. 3 weeks. While having the seizure I fell over a storage box that you are allowed to have in your cell. In the process I fell over the box and reinjured my back.
>
> The officer that was on duty for 1 south west had to be informed that I was having a seizure by other inmates that heard me while I was having convulion even though he was only about 15 to 20 feet away. He did not leave his desk to seek what the noise was. He then made a call to medical and informed them that I was having a seizure.

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

[2] Plaintiff's allegations are reproduced here exactly as they appear in the Complaint and errors in spelling, punctuation and grammar have not been corrected or noted.

2

> Two to three officers came with medical. I was dragged out by my shirt and placed on streacher and was transfer to medical. I had my vital signs checked and was left on the streacher for Approx. 1 hour. I was then seen by the Doctor (Kim) whom gave me my medication and told me that doctor (Treanna) doc (T) had took over prescribing me my medical medication but he's a phycological doctor and was not authorize to do so.

(Compl. ¶ II.D.)  As a result, Plaintiff claims to have suffered injury to his back and claims to have not received any medical treatment while at the Jail.[3]  (Compl. ¶ III.) For relief, Plaintiff seeks to recover a monetary award of $25 million in compensatory damages and an addition $5 million "in punitive damages for reckless or callous indifference." (Compl. ¶ V.)

DISCUSSION

I.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous

---

[3] Plaintiff also alleges that he has not received any medical treatment since his transfer to the Downstate Correctional Facility ("Downstate") but has not named Downstate as a defendant nor does he seek any relief against it.

3

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. <u>Section 1983</u>

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; <u>accord</u> <u>Rehberg v. Paulk</u>, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" <u>Rae v. Cnty. of Suffolk</u>, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting <u>Snider v. Dylag</u>, 188 F.3d 51, 53 (2d Cir. 1999)).

A.  <u>Claim Against the Jail</u>

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." <u>Davis v. Lynbrook Police Dep't</u>, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); <u>see also</u> <u>Hawkins v. Nassau Cnty. Corr. Fac.</u>, 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm [] of the County

5

of Nassau, and thus lacks the capacity to sue or be sued as a separate entity") (citations and quotation marks omitted). Thus, Plaintiff's claim against the Jail is not plausible because the Jail has no legal identity separate and apart from Suffolk County. Accordingly, this claim is DISMISSED WITH PREJUDICE. See Trahan v. Suffolk Cnty. Corr. Fac., 12-CV-4353, 2012 WL 5904730, *3 (E.D.N.Y. Nov. 26, 2012) (dismissing claims against the Suffolk County Jail because it "is an administrative arm of Suffolk County, without an independent legal identity.").

  B. Claim Against Sheriff DeMarco

    In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a

6

defendant fails as a matter of law.  See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

As is readily apparent, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by Sheriff DeMarco and it appears Plaintiff seeks to impose liability simply because of the supervisory position he holds.  Consequently, the Section 1983 claim asserted against Sheriff DeMarco is not plausible and is DISMISSED WITHOUT PREJUDICE.

    C.   Claims Against the John/Jane Doe Defendants

Though thin, the Court declines to sua sponte dismiss Plaintiff's claims against the unidentified medical professionals and/or corrections officer he encountered at the Jail. Accordingly, the Court ORDERS service of the Summonses and Complaint upon the Defendants by the United States Marshal Service ("USMS").

However, the USMS will not be able to effect service of the Summonses and the Complaint on the unidentified Defendants without more information.  The Second Circuit has held that district courts must provide incarcerated pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants.  See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (per curiam).  Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this

7

Order on the Suffolk County Attorney. The Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unnamed Nurse Administrator, Head Doctor, Doctors, Nurses, and Corrections Officers who are described in the Complaint (see Compl. ¶ II. B, C, and D) and to provide to the Court and to Plaintiff their names and the address(es) where these individuals can be served within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full names of the unnamed Defendants, Summonses shall be issued as to these Defendants, and the USMS shall serve them. The Suffolk County Attorney need not undertake to defend or indemnify these individual at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve the unnamed Defendants as instructed by the Second Circuit in Valentin.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Jail and WITHOUT PREJUDICE as against Sheriff DeMarco for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Plaintiffs' claims against the unidentified individual Defendants shall proceed and the Court ORDERS service of the

Summonses and Complaint upon these Defendants by the USMS. The Clerk of the Court is further ORDERED to serve a copy of the Complaint together with this Order on the Suffolk County Attorney and the Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unidentified Suffolk County Corrections Officers and medical professionals who are described in the Complaint and to provide their names and address(es) where these Defendants can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unnamed Defendants, Summonses shall be issued as to these Defendants, and the USMS shall serve them.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

                                            SO ORDERED.

                                          /s/ JOANNA SEYBERT
                                          Joanna Seybert, U.S.D.J.

Dated: March __3__, 2014
      Central Islip, New York