```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JERRY QUINN MCKOY,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       14-CV-0249(JS)(AKT)

NURSE ADMINISTRATOR, Suffolk County
Correctional Facility; JANE DOE,
Nurse, Suffolk County Correctional
Facility; JANE DOE, Nurse, Suffolk
County Correctional Facility; JOHN
DOE, Nurse, Suffolk County
Correctional Facility; DR. VINCENT
GERACI, Suffolk County Correctional
Facility; JANE DOE, Doctor, Suffolk
County Correctional Facility; JANE
DOE, Doctor, Suffolk County
Correctional Facility; JANE DOE,
Doctor, Suffolk County Correctional
Facility; JOHN DOE, Doctor, Suffolk
County Correctional Facility; JOHN
DOE, Physch [SIC] Doctor, Suffolk
County Correctional Facility;
OFFICER JOHN DOE, Suffolk County
Correctional Facility; OFFICER JOHN
DOE, Suffolk County Correctional
Facility; and OFFICER JOHN DOE,
Suffolk County Correctional Facility,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Jerry Quinn McKoy, pro se
                    00-A-3018
                    Mid-State Correctional Facility
                    P.O. Box 2500
                    Marcy, NY 13403

For Defendant
Dr. Vincent Geraci: Arlene S. Zwilling, Esq.
                    Suffolk County Attorney's Office
                    H. Lee Dennison Building, 5th Floor
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

Plaintiff Jerry Quinn McKoy ("Plaintiff") moves for the appointment of pro bono counsel to represent him in this case. For the reasons that follow, Plaintiff's application for the appointment of pro bono counsel is DENIED WITHOUT PREJUDICE.

## DISCUSSION

Unlike criminal defendants, civil litigants do not have a constitutional right to the appointment of counsel. However, pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In deciding a motion for appointment of counsel, "the district judge should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). A position is likely to be of substance if it appears to the court that the plaintiff "appears to have some chance of success . . . ." Hodge, 802 F.2d at 60-61. Where a plaintiff satisfies this threshold requirement, the Second Circuit instructs that

> the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62. These factors are not restrictive and

"[e]ach case must be decided on its own facts." Id. at 61.

Notwithstanding the requirement that pleadings drafted by a pro se litigant are to be construed liberally and interpreted to raise the strongest arguments they suggest, see Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court, upon careful review of the facts presented herein and in light of the factors required by law as discussed above, finds that the appointment of counsel is not warranted at this time. Even assuming that Hodge's threshold requirement is satisfied, the record reflects that the legal issues presented are not unduly complex and that Plaintiff can adequately prosecute his claim pro se. Based on this review, Plaintiff's motion for appointment of pro bono counsel is DENIED WITHOUT PREJUDICE and with leave to renew when the action is ready for trial, if warranted at that time. It is Plaintiff's responsibility to retain an attorney or press forward with this lawsuit pro se. See 28 U.S.C. § 1654.

## CONCLUSION

Plaintiff's motion for the appointment of pro bono counsel is DENIED with leave to renew when this case is ready for trial, if warranted. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is DENIED for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the <u>pro</u> <u>se</u> Plaintiff.

                                      SO ORDERED.

                                      <u>/s/ JOANNA SEYBERT      </u>
                                      Joanna Seybert, U.S.D.J.

Dated:    June __5__, 2014
          Central Islip, NY