| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

BEFORE:   A. KATHLEEN TOMLINSON         DATE:   11-21-2014
          U.S. MAGISTRATE JUDGE         TIME:   11:00 a.m. (9 minutes)

**McKoy v. Suffolk County Correction, et al.,
CV 14-249 (JS) (AKT)**

TYPE OF CONFERENCE:        **DISCOVERY STATUS CONFERENCE**

APPEARANCES:   Plaintiff:    Jerry Q. McKoy, Pro Se **(by telephone)**

               Defendants:   Arlene S. Zwilling (Dr. Vincent Geraci)

FTR:   11:00-11:09

SCHEDULING:

The next conference in this case will be held on April 8, 2015 at 11:00 a.m. in Courtroom 910.

THE FOLLOWING RULINGS WERE MADE:

1. At the time this case was called this morning, the plaintiff was not in the courtroom. As it turns out, the plaintiff thought the conference was by telephone, which was inaccurate. Notwithstanding that fact, the Court proceeded with the conference in order not to inconvenience defendants' counsel by adjourning the conference. The pro se plaintiff was cautioned that the next conference will be held here in Courtroom 910 and that he must be physically present.

2. The defendants have elected not to serve any discovery demands, notwithstanding the schedule previously set out by the Court. As it turns out, the plaintiff did not serve any document requests because he was awaiting service of demands from defendants' counsel as had been set forth in the prior Order of the Court.

   Based on the circumstances, I informed the pro se plaintiff that I would give them a final opportunity to serve a document requests upon defendants' counsel. Those requests must be narrowly tailored to the claims plaintiff has raised in this litigation. The pro se plaintiff stated that he is not familiar with how to serve document demands what to do. I urged the plaintiff to contact the Pro Se Office here on the First Floor to review their Handbook for pro se litigants and to speak with one of the staff members. The Court explained that the Pro Se staff cannot give him legal advice, but they can help him with the procedural aspects of discovery.

   The pro se plaintiff therefore has until December 5, 2014 to serve any document requests on the defendants. If he does not make such requests by the deadline, the Court does not intend to extend the deadline any further. Defendants' counsel is directed to respond to those document requests by January 12, 2015.

3. Defendants' counsel wants to obtain HIPAA-compliant medical records release authorizations from the plaintiff for any treatment he received post-incarceration. Defendants' counsel will

       forward some blank HIPAA forms to the plaintiff for him to complete and return immediately to defendants' counsel.  The plaintiff is advised that he must complete the HIPAA releases for any physician, hospital or medical practice from whom he has received treatment since getting out of jail.

4. After further discussion with the parties, I directed that the plaintiff's deposition must be completed by March 31, 2015.

5. At the April 8, 2015 conference, the Court will take up the next phase of discovery in this case.

6. Defendants' counsel is directed to serve a copy of this Order upon the pro se plaintiff forth with and to file proof of such service on ECF.

                                                   SO ORDERED

                                               /s/ A. Kathleen Tomlinson
                                             A. KATHLEEN TOMLINSON
                                             U.S. Magistrate Judge