| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | 5-16-2017 |
| | U.S. MAGISTRATE JUDGE | TIME: | 11:10 a.m. (34 minutes) |

*McKoy v. Suffolk County Correction, et al.*
**CV 14-249 (LDH) (AKT)**

| | |
|---|---|
| TYPE OF CONFERENCE: | **STATUS CONFERENCE** |

| | | |
|---|---|---|
| APPEARANCES: | Plaintiff: | Jerry Quinn McKoy, Pro Se |
| | Defendant: | Brian Mitchell (Dr. Vincent Geraci) |

FTR:   11:10-11:44

SCHEDULING:

   The next Status Conference will be held on July 18, 2017 at 11 a.m. in Courtroom 910.

THE FOLLOWING RULINGS WERE MADE:

1. The Court cautioned Plaintiff that moving forward, he must appear for all scheduled Court conferences and that if he does not do so, this Court will have no alternative but to recommend to Judge Hall that the case be dismissed based on Plaintiff's failure to diligently prosecute this action.  Plaintiff provided an updated telephone number where he can be reached.

2. Plaintiff believes he previously sent discovery demands to Defendant's counsel (although he was not 100% certain).  Assistant County Attorney Mitchell – covering for AttorneyZwilling who is on trial – said that neither he nor Attorney Zwilling has received these demands.  The Court directed Plaintiff to search his home for those demands. To the extent he finds the document(s) he is referring to, he is to send another copy immediately to Defendant's counsel as well as to the Court.  In the event Plaintiff is unable to locate the document(s), the Court directed him to reconstruct his requests as best he can and send a copy of the reconstructed document(s) both to Defendant's counsel and to the Court.  This task is to be completed within two weeks from today.

3. The Court directed Plaintiff to execute the necessary HIPAA authorizations to obtain his medical records from the Suffolk County Jail as well as from the New York State Department of Corrections.  The Court provided blank HIPAA forms to Plaintiff during the conference for this purpose.  The Court directed Defendants' counsel and the Plaintiff to meet at the conclusion of today's conference to fill-in the necessary information so that Defendants' counsel can serve the authorizations on Plaintiff's medical providers immediately.  If counsel has not received the records within 60 days of service of the HIPAA releases and after at least one appropriate follow-up with the provider, then counsel is directed to contact the Court and submit the name and address of the provider to obtain an Order to be served on the provider.

4. Defendants' obligation to respond to Plaintiff's document demands (to the extent they are related to medical records) will be held in abeyance until the medical records are received.  The

responses from defendants' counsel to Plaintiff's demands will begin 30 days from the date Defendants' counsel receives Plaintiff's medical records.

5. The Court confirmed Plaintiff's address as it appears on the docket. However, the phone number was incorrect and has now been updated.

6. The Court returned to the issue of the named defendants. Defendants' counsel provided information in an April 22, 2014 letter to Judge Seybert[1] [DE 15] (which was a response in opposition to Plaintiff's letter motion for summary judgment) which was copied to Plaintiff at his prior Midstate Correctional Facility address. Specifically, the letter identified Corrections Officers Vincent Fusco and Sgt. Rung as being involved in the incident reported on October 19, 2014. In addition, Defendant's letter stated that Plaintiff was treated by Nurse Devin Calandra and Helen Balcuk on the date of the incident. Plaintiff asserts that he never received a copy of this letter nor did he receive a copy of Judge Seybert's April 28, 2014 Order which denied his motion for summary judgment without prejudice. The Court pointed out that since no Amended Complaint had been filed by Plaintiff, there was a potential issue with respect to the statute of limitations. The Court directed Defendant's counsel to confirm whether the copy of Defendant's April 22, 2014 letter [DE 15] was returned as undeliverable to the County Attorney's Office and to notify the Court accordingly.

7. The Court reiterated to Plaintiff that the only Defendant in this case at the present time is Dr. Geraci. As such, although it may have been Plaintiff's intent to sue other individuals as well, that information, as provided in Defendant's April 22, 2014 letter [DE 15], had never been incorporated into an amended complaint. The Court indicated that it would provide Plaintiff with a copy of this letter prior to the conclusion of today's conference since Plaintiff states that he never received it. Nevertheless, the Court again instructed Plaintiff that if he still seeks to include other individuals as defendants, an amended complaint needs to be filed. To the extent Plaintiff seeks to do so he is directed to either obtain permission from Defendant or, if he is unable to secure Defendant's consent, to file a formal motion seeking such relief. In any event, the Court cautioned Plaintiff that the statute of limitations remained a potential issue.

8. The Court set this case down for a Status Conference on July 18, 2017 at 11 AM. At the next conference, the Court will take up the matter of Plaintiff's deposition as well as address any other discovery issues which Plaintiff will need to consider since he will be facing the likelihood of summary judgment motion practice by the Defendants.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

---

[1] This case was originally assigned to Judge Seybert. The case was subsequently reassigned to Judge Hall on January 13, 2016.