| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK** | **CIVIL CONFERENCE**<br>**MINUTE ORDER** |

| BEFORE: | A. KATHLEEN TOMLINSON<br>U.S. MAGISTRATE JUDGE | DATE: | 8-4-2017 |
|---|---|---|---|
| | | TIME: | 11:21 a.m. (37 minutes) |

*McKoy v. Suffolk County Correction, et al.*
**CV 14-249 (LDH) (AKT)**

| TYPE OF CONFERENCE: | **STATUS CONFERENCE** |
|---|---|

| APPEARANCES: | Plaintiff: | Jerry Quinn McKoy, Pro Se |
|---|---|---|
| | Defendant: | Arlene Zwilling (Dr. Vincent Geraci) |

FTR:   11:21-11:58

SCHEDULING:

A further Status Conference will be held on October 3, 2017 at 10:30 a.m.

THE FOLLOWING RULINGS WERE MADE:

1. The Court pointed out to the pro se plaintiff that his appearance this morning saved this matter from a recommendation to Judge Hall that the case be dismissed based on plaintiff's failure to comply with the Court's Orders and failure to appear for conferences. I emphasized to Mr. McKoy that if he has some emergency circumstance that will prevent him from appearing on the dates the Court has directed, he must reach out to defendants' counsel and the Court to ask for an adjournment.

2. The Court went back to the directives given at the May 16, 2017 conference to determine if the parties had complied with those directives. In May, defendants' counsel stated that defendants had not received plaintiff's discovery demands, although plaintiff believed he had previously sent them. I directed plaintiff to locate the requests he believes he had sent and to make another copy and send them to Attorney Zwilling promptly. Further, to the extent Mr. McKoy was unable to locate his copy, he was directed to reconstruct his requests as best he could and forward them on to defendants' counsel within two weeks. Mr. McKoy confirmed today that he did not do so. Mr. McKoy mentioned several things that he states he needs for his case. I advised him that he needed to put these requests in writing as he was previously directed. In addition, I informed Mr. McKoy that this was the final opportunity I was giving him to request this information from the defendants. If he does not put the requests in writing to defendants' counsel so that she receives them **by August 18, 2017**, then the Court will deem his right to do so waived. I reminded Mr. McKoy that he brought this case and that it is his obligation to move the case forward. I urged him to walk down to the Pro Se Office after the conference and to seek their assistance if he has questions about these procedures.

   Based on what the Court heard Mr. McKoy requesting, I advised defendants' counsel that I would permit plaintiff to send her a mixed grouping of document requests and interrogatories and that she is to respond to those to the best of her ability. Defendants' responses must be served on the plaintiff by September 19, 2017.

3.     The Court provided Mr. McCoy with a copy of the docket sheet so that he once again has the address of defendants' counsel.

4.     With regard to plaintiff's medical records, I had advised Mr. McKoy at the May 16 conference to sign the necessary HIPAA authorizations in order to Attorney Zwilling to obtain his medical records from the Suffolk County Jail as well as the New York State Department of Corrections. The Court provided Mr. McKoy with some blank HIPAA forms while he was in the courtroom and urged him to meet with Attorney Zwilling as soon as the conference ended so that he could fill out the necessary information so that they can be processed immediately. Attorney Zwilling confirmed that Mr. McKoy had done so and that she served the authorizations and had some communication with the Suffolk County Department of Health Services will be providing the records. If Attorney Zwilling has not received the Suffolk County records by August 25, 2017, I have directed her to submit the name and address of the provider and I will issue an order. As to the New York State Department of Corrections, Attorney Zwilling said it is your understanding that this process can take up to three months to get the records depending on the number of facilities the individual has been in over time. If that holds true, she should have the materials by September.

   Attorney Zwilling will make copies of the medical records once she receives them and forward a copy to plaintiff McKoy.

5.     At the May 16, 2017 conference, the Court also addressed the fact that the plaintiff had still not amended his complaint to include the Corrections Officers and medical staff whom he is purportedly suing. I reminded Mr. McKoy that his failure to file the amended complaint may impact his claims against these individuals since they have never been served with the complaint and the statute of limitations continues to run. Mr. McKoy claimed that he never received Attorney Zwilling's April 22, 2014 letter [DE 15] to Judge Seybert (responding to the Judge's directive) identifying Corrections Officer Vincent Fusco and Sgt. Rung as well as Nurse Devin Calandra and Helen Balcuk. A copy of that letter was mailed to him at Midstate Correctional Facility. Likewise, plaintiff also claims that he never received a copy of Judge Seybert's April 28, 2014 Order which denied his motion for summary judgment, without prejudice. *See* Electronic Order of April 28, 2014. The Court provided copies of both documents to Mr. McCoy while he was in the courtroom.

6.     Mr. McKoy claimed that he also did not receive the Court's Order from the May 16, 2017. The Court pointed out that Courtroom Deputy Ryan sent a copy of that Order, as well as a copy of the Order re-scheduling the conference to today, to Mr. McKoy at the addressee he provided which appears on the docket and that the mail was not returned to the Court as undeliverable. I checked with Mr. McKoy to confirm that the address was correct, which he acknowledged. However, it appears that Mr. McKoy did receive the mailing because he acknowledged he was aware that the data the conference was changed to today, hence his appearance. I stressed to Mr. McKoy that he is risking his ability to bring viable claims against the individuals who are disclosed in the previous orders based on the fact that the statute of limitations is running and he has taken no action.

7.     Defendants' counsel must serve any document requests she has upon the plaintiff by September 1, 2017. Mr. McKoy's responses must be served on Attorney Zwilling by September 26, 2017.

      I am directing the pro se plaintiff to identify any documents he is serving in response to the defendants' requests by a number placed at the lower right-hand corner of each responsive document. For example, the documents should be produced as P– 1, P– 2, P–3, etc. so that they can be properly identified later for use at a deposition or in motion practice.

      The Court has also advised defendants' counsel that the Court does not permit notices to admit or factually substantive interrogatories to be served on pro se litigants, with the exception of interrogatories directed specifically to identifying categories and/or calculation of damages as noted above. Defendants' counsel can obtain the factual information she needs at plaintiff's deposition.

8. Both Mr. McKoy and Attorney Zwilling have been directed to provide the Court with a copy of the responses they have made to each other's document requests.

9. We will take up the scheduling of plaintiff's deposition at the next conference. I have also directed Mr. McKoy to think about how he intends to obtain testimony to support his claims and that we will discuss this issue in greater detail at the October conference.

10. Defendants' counsel is directed to serve a copy of this Order upon the pro se plaintiff forthwith and to file proof of such service on ECF.

      The Court will also send a copy of this Order to the plaintiff by first-class mail.

      SO ORDERED

      /s/ A. Kathleen Tomlinson
      A. KATHLEEN TOMLINSON
      U.S. Magistrate Judge