| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | 3-21-2018 |
| | U.S. MAGISTRATE JUDGE | TIME: | 11:42 a.m. (24 minutes) |

*McKoy v. Suffolk County Correction, et al.*
**CV 14-249 (LDH) (AKT)**

TYPE OF CONFERENCE:        **TELEPHONE STATUS CONFERENCE**

APPEARANCES:   Plaintiff:   Jerry Quinn McKoy, Pro Se

　　　　　　　　Defendants:  Arlene Zwilling (Dr. Vincent Geraci, Jennifer Tay,
　　　　　　　　　　　　　　Devin Calandra, Helen Balcuk,
　　　　　　　　　　　　　　Vincent Fusco, Sgt. Rung)

　　Non-Answering Defendants:   (Nurse Administrator)
　　　　　　　　　　　　　　　　(Jane Doe 1, 2, 3)
　　　　　　　　　　　　　　　　(John Doe 1 and 2)
　　　　　　　　　　　　　　　　(Officer John Doe)

FTR:   11:42-12:08

THE FOLLOWING RULINGS WERE MADE:

1. The Court noted that this case needs to get back on track with respect to discovery. There had been some confusion previously about the pro se plaintiff's compliance with the Court's prior orders. That confusion was subsequently cleared up and the defendants filed their answer as I had directed.

2. The Court first inquired of defendants' counsel whether she intended to seek any additional discovery based on the filing of the Amended Complaint. Defendants' counsel stated that based on some information in the Amend the Complaint, she believes it is possible that the plaintiff received medical treatment outside of the Suffolk County jail for back and shoulder conditions. Plaintiff confirmed that he did receive treatment at Downstate as well as the jail in Riverhead. Defendants' counsel stated that she would prepare the necessary HIPAA-compliant authorizations and send them to the plaintiff promptly. I directed plaintiff McKoy to sign those authorization(s) immediately and return them to defendants' counsel. Defendants' counsel then send the authorization to the Department of Corrections, which is responsible for processing those records requests. I advised defendants' counsel that if she has not received the records within 30 days of serving the request, she used to notify the Court and I will issue an Order to the DOC.

3. Defendants' counsel will need the medical records before the pro se plaintiff is deposed. I explained to Mr. McKoy that he brought the case in this District and will need to come back to New York for his deposition. The Court directed defendants' counsel to complete the pro se plaintiff's deposition by June 7, 2019.

      Defendants' counsel and the pro se plaintiff will confer later today, after Attorney Zwilling finishes the deposition she is involved with at the moment, and will arrive at a mutually convenient date on which Mr. McKoy's deposition will be taken here in New York. I have asked defendants' counsel to notify the Court of what that date is after the parties confer later today.

4. I inquired of plaintiff McKoy if there is any individual whom he plans to present as a witness in this case. Plaintiff responded that he had some statements from other inmates, but that these were lost when he was transferred upstate. I advised plaintiff that there are going to be issues about obtaining inmate names because of the privacy constraints. I then asked the plaintiff if he was able to narrow down the date and the time frame in which the incident occurred for which plaintiff says he has a witness. After further discussion, defendants' counsel stated that she may be able to obtain the names of the inmates who were in the cells that plaintiff would have passed on his way out of the area at the time of the incident. Counsel will endeavor to provide that information to the plaintiff by April 20, 2019.

   If the pro se plaintiff wishes to pursue any these individuals as potential witnesses once he has the names, he is himself responsible for obtaining their testimony, most likely by subpoena if he is able to locate them. I encouraged the plaintiff to take advantage of the services offered in the Courthouse by the newly-opened pro se clinic run by Hofstra University. The Court is sending a copy of the flier to Mr. McKoy.

   Mr. McKoy will have to take affirmative steps to try to communicate with his potential witnesses as quickly as possible. The Court is giving Mr. McKoy until June 24, 2019 to conduct depositions of any such witnesses. He will likely need to utilize subpoenas for this purpose and should communicate with the pro se clinic staff about how to do so.

5. The Court wishes to set up a conference with Mr. McKoy and Attorney Zwilling the day before or day after Mr. McKoy is in New York for his deposition. The Court directs Attorney Zwilling to notify the Court of the deposition date once it is resolved with Mr. McKoy.

6. Aside from the medical records referenced above, defendants' counsel stated that she is not seeking any further document discovery at this time.

7. Attorney Zwilling is directed to serve a copy of this Order on the pro se plaintiff forthwith by email and first-class mail and to file proof of such service on ECF promptly.

                                                **SO ORDERED.**

                                              /s/ A. Kathleen Tomlinson
                                              A. KATHLEEN TOMLINSON
                                              U.S. Magistrate Judge