**COUNTY OF SUFFOLK**



**STEVEN BELLONE**
**SUFFOLK COUNTY EXECUTIVE**

**LYNNE A. BIZZARRO**                                                                                           **DEPARTMENT OF LAW**
**CHIEF DEPUTY COUNTY ATTORNEY**

March 27, 2020

Hon. A. Kathleen Tomlinson, U.S.M.J.
United States District Court, Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722-4451

Re:   McKoy v. Suffolk County Correctional Facility
      CV14-0249 (JS)(AKT)

Dear Judge Tomlinson:

The Suffolk County Attorney's Office represents the Suffolk County Correctional Facility, the sole current defendant in this pro se civil rights action pursuant to 42 U.S.C §1983.

By way of the Court's ECF system, this office has received a copy of document filed by plaintiff as docket entry no. 89. The document appears to contain interrogatories directed to "nurse administrator and nurses mentioned in the complaint" and "Sgt. Rung, Vincent Fusco and other officers mentioned in the complaint."

If the document is intended to be a set of interrogatories directed to the mentioned individuals, it is respectfully submitted that the County Attorney's Office should not be required to provide responses on their behalf, as we do not represent them. The only party that we represent in this case is the Suffolk County Correctional Facility. Although the Amended Complaint mentions Nurses Jennifer Tay, Devin Calandra, and Helen Balcuk, Officer Fusco and Sgt. Rung, no summonses have ever been issued in their names, and accordingly, the County Attorney's Office has not appeared for them. No summons could properly be issued to them at this time because more than ninety days have passed since the filing of the Amended Complaint. *Fed.R.Civ.P. Rule 4(m).* Furthermore, since the subject incident is alleged to have occurred in 2013, and these individuals were not mentioned in

any pleading until plaintiff filed his "Amended Claim" without leave on Court on September 18, 2017 (docket entry no. 47), [1] his claims against them are time barred by the three year statute of limitations applicable to § 1983 claims. *Owens v. Okure*, 488 U.S. 235,109 S.Ct. 573, 102 L.Ed.2d 594 (1989).

Moreover, plaintiff's filing of the document is untimely and he offers no explanation for its untimeliness. By Order dated November 1, 2019, plaintiff was directed to submit his list of questions in lieu of depositions by January 10, 2020. He failed to comply with that directive. Resultantly, on February 12, 2020, the Court again ordered plaintiff to submit the questions, this time by February 26, 2020. Again, plaintiff failed to comply. The Court's Order of February 12, 2020 also directed plaintiff to provide defendants with excuted HIPAA releases and the docket number of his previous civil case. He has likewise failed to comply with those aspects of the Court's most recent Order.

A copy of this letter is being delivered to plaintiff at the Suffolk County Correctional Facility because, despite his failure to update his address with the Court, he is presently incarcerated there.

We thank the Court for its continued time and attention to this case.


Respectfully submitted,

Suffolk County Attorney's Office
Suffolk County Department of Law

*/s/ Arlene S. Zwilling*
By:  Arlene S. Zwilling
Assistant County Attorney


cc: Jerry Quinn McKoy
    Suffolk County Correctional Facility

---

[1] While the Amended Claim states that the incident occurred on October 19, 2014, it plainly did not since this case was initiated on January 2, 2014. The original Complaint, which was executed on December 27, 2013, alleges that the incident took place on "October 19" with no indication of the year.