| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK** | **CIVIL CONFERENCE**<br>**MINUTE ORDER** |

BEFORE:  A. KATHLEEN TOMLINSON           DATE:  6-23-2020
        U.S. MAGISTRATE JUDGE             TIME:  11:02 a.m. (23 minutes)

*McKoy v. Suffolk County Correction, et al.*
**CV 14-249 (LDH) (AKT)**

TYPE OF CONFERENCE:        **TELEPHONE STATUS CONFERENCE**

APPEARANCES:    Plaintiff:     Jerry Quinn McKoy, Pro Se

                Defendants:    Arlene Zwilling (Dr. Vincent Geraci, Jennifer Tay,
                                        Devin Calandra, Helen Balcuk,
                                        Correction Officer Vincent Fusco, Sgt. Rung)

    Non-Answering Defendants:    (Nurse Administrator)
                                 (Jane Doe 1, 2, 3)
                                 (John Doe 1 and 2)
                                 (Officer John Doe)

FTR through chamber's line 5760:  11:02-11:25

SCHEDULING:


THE FOLLOWING RULINGS WERE MADE:

1.  Today's conference was originally scheduled as a working session to review the *pro se* Plaintiff McKoy's written questions in lieu of deposition and the objections to those questions. In opposition to Plaintiff's written questions, Defendants' counsel raised certain ancillary issues regarding the production of discovery, service of the Amended Complaint, and viability of the claims pled in the Amended Complaint against the added Defendants. *See* DE 90.

2.  It has recently come to light that the U.S. Marshal's Office was never notified to serve the Amended Complaint upon the newly added defendants in this action after then-assigned Judge Seybert's decision concerning the amendment. We had a substantial discussion concerning the implications during today's conference. The Court cited a number of cases in this Circuit dealing with this issue (*e.g.*, A *pro se* prisoner proceeding *in forma pauperis,* such as McKoy, is "entitled to rely on the Court and the U.S. Marshals Service to effect service." *Jackson v. Annucci*, No. 20-CV-2008 (PMH), 2020 WL 1891926, at *1 (S.D.N.Y. Apr. 16, 2020); *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process ... in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). The Second Circuit has held that "[a]s long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within

the meaning of Rule 4(m)." *Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010)).

In light of these circumstances, the Court finds that there is good cause to extend the deadline for service of plaintiff's amended complaint, and the Court intends to direct the U.S. Marshals to effect service of the amended pleading on the added defendants, including Jennifer Tay, Delvin Calandra, Helen Balcuk, Officer Fusco and Sgt. Rung. However, before implementing this Order, the Court requested that Assistant County Attorney Zwilling speak with her clients to determine whether they will accept service without the Court having to utilize the U.S. Marshal's Office for this purpose in the midst of the pandemic. Attorney Zwilling will respond to the Court within two weeks.

The Amended Complaint which is the operative pleading here is found at DE 63 and the relevant date for statute of limitations purposes is April 26, 2018.

The defendants will have 30 days from service of the Amended Complaint to either answer or move with respect to that pleading.

3. After further discussion with plaintiff regarding the HIPAA authorizations which plaintiff insisted he signed and returned, the Court informed plaintiff that it was giving him one final opportunity to complete and return the necessary HIPAA authorizations for his medical records to Attorney Zwilling. The Court requested that Ms. Zwilling take one more look to see if hard copies were received in her office, but noted Ms. Zwilling's statement that she never received the forms, nor had she received plaintiff's proposed questions to witnesses. Ms. Zwilling advised that she was only able to learn of the questions via the Court's posting of them.

    **The Court is mailing six blank HIPAA forms to the plaintiff which are to be completed and returned immediately to Attorney Zwilling at the Office of the Suffolk County Attorney. If those forms are not returned to Ms. Zwilling by August 1, 2020, the Court will recommend to Judge Hall that plaintiff be precluded from offering his medical records in the case along with any damages associated with those records. The Court is including an envelope addressed to Attorney Zwilling so that there is no excuse for not timely completing and returning the HIPAA authorizations to her.**

4. The Court briefly addressed the draft questions which were previously submitted by the plaintiff and pointed out some of the problems with those questions which plaintiff will need to address and fix before re-submitting them to the Court and defendants' counsel. That re-submission is deferred until the issues concerning service of the Amended Complaint and the defendants' response to that pleading.

5. Defendants' counsel is directed to serve a copy of this Order upon the pro se plaintiff forthwith and to file proof of such service on ECF by June 26, 2020.

                                                     **SO ORDERED.**

                                                     /s/ A. Kathleen Tomlinson
                                                     A. KATHLEEN TOMLINSON
                                                     U.S. Magistrate Judge