UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRIAN GARCIA,

                        Plaintiff,

            --against--

COUNTY OF SUFFOLK, P.O. DAVID YOUNG,
Shield #4486/ 420, in his individual and official
capacity, P.O. DAVID FERRARA, Shield #6163/420
in his individual and official capacity, DET. ARTHUR
RALL, Shield #1399/3140, in his individual and
official capacity, DET. TIMOTHY ZORN, Shield
#1469/2420, in his individual and
official capacity,

                        Defendants.

**SECOND AMENDED PROPOSED
JOINT PRETRIAL ORDER**

18-cv-3675 (LDH)(LB)

I.    **FULL CAPTION:** The full caption of the action is above.

II.   **PARTIES AND COUNSEL:**

            **Plaintiff:**
            Brian Garcia

            **Attorney for Plaintiff:**
            Frederick K. Brewington
            Law Office of Frederick K. Brewington
            556 Peninsula Boulevard
            Hempstead, NY 11550
            (516)489-6959 (phone)
            (516)489-6958 (fax)

            **Defendants:**
            1. County of Suffolk
            2. Suffolk County Police Officer David Young
            3. Suffolk County Police Officer David Ferrara
            4. Suffolk County Police Detective Arthur Rall
            5. Suffolk County Police Detective Timothy Zorn

1

**Attorney for Defendants:**
Dennis M. Cohen, County Attorney
By: Stacy A. Skorupa
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788
(631)853-5673 (phone)
(631)853-5833 (fax)

## III.  JURISDICTION:

### *Plaintiff's Statement*

This action is brought pursuant to 42 U.S.C. §§1981, 1983, and Fourteenth Amendments to the Constitution of the United States. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This Court is requested to exercise pendant jurisdiction with respect to the State law claims pursuant to 28 U.S.C. §1367.

### *Defendants' Statement*

Defendants contest the presence of subject matter jurisdiction on the basis that Plaintiff's claims do not rise to the level of constitutional violations that merit relief under the statutes referenced in Plaintiff's Statement above.

## IV.  SUMMARY OF REMAINING CLAIMS AND DEFENSES:

### *Plaintiff's Statement:*

On January 11, 2019, Plaintiff brought the within cause of action against Defendants COUNTY OF SUFFOLK (hereinafter COUNTY), Police Officer DAVID YOUNG, Shield #4486/420 (hereinafter YOUNG), Police Officer DAVID FERRARA, Shield #6163/420 (hereinafter FERRARA), Detective ARTHUR RALL, Shield #1399/3140 (hereinafter RALL) and Detective TIMOTHY ZORN (hereinafter ZORN) (collectively the DEFENDANT OFFICERS) alleging false arrest, false imprisonment, forceful

2

strip/cavity search, negligent infliction of emotional distress, deprivation of freedom, unlawful search and seizure, race based animus, negligent hiring and supervision, negligence, fabrication of statements, all in violation of 42 U.S.C. §1981, 42 U.S.C. §1983, and New York State Law. Mr. Garcia was unlawfully stopped, wrongfully detained, falsely arrested, handcuffed and illegally, intentionally and unconstitutionally falsely imprisoned, and forcefully strip searched, subjected to racial slurs, and accused of being a gang member due to his race. These acts were committed in violation of the following Statutes:

- 42 U.S.C. § 1983: False arrest, false imprisonment, forceful strip/cavity search
- 42 U.S.C. § 1981: Race based discrimination due to Plaintiff being of Latin/Hispanic American descent
- 42 U.S.C. §1983: Municipal Liability
- 42 U.S.C. § 1983: Failure to Intervene
- STATE LAW: Negligent Hiring and Supervision

Claims against the Suffolk County Police Department, and have been withdrawn, as have claims against decedent Det. James Stapleton. No dispositive motion practice has been conducted in this matter, therefore, all claims remain to be tried.

### *Defendants' Statement:*

1. That the Amended Complaint fails to state a claim upon which relief can be granted.

2. That the damages sustained by Plaintiff, if any, were caused by Plaintiff's own culpable and/or negligent conduct.

3. That the Amended Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

4. That no policy, statement, ordinance, regulation or decision officially adopted

3

and/or promulgated by Defendants or otherwise ratified by Defendants authorized a deprivation of plaintiff's constitutional rights.

5.  That no custom or usage adopted, followed, endorsed or ratified by Defendants authorized a deprivation of Plaintiff's constitutional rights.

6.  That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

7.  That municipal defendants are not liable for punitive damage awards.

8.  That this Court lacks subject matter jurisdiction.

9.  That Plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

10. That Plaintiff's claims, if any, are barred in whole or in part by the statute of limitations.

11. That Defendants' actions, if any, were justified by the facts and circumstances presented.

12. That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that Plaintiff had committed a crime and/or offense.

13. That the substance of any communications, if any, made by Defendants and/or their agents are and were true.

14. That Defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.
That Defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

4

That Defendants at all times acted in good faith in that they reasonably believed they were exercising and acting within their statutory and constitutional powers.

That in performing such duties and responsibilities, Defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

15. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

16. To the extent that the Amended Complaint purports to set forth any supplemental state law claims, they are barred by Plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

17. To the extent that the complaint purports to set forth any supplemental state law claims, they are barred by the Statute of Limitations.

18. That the Suffolk County Police Department is not an entity susceptible to suit.

## V.    DAMAGES:

**Plaintiff's Statement:** Plaintiff was put under heavy duress, humiliation, fear of life, anxiety, discomfort, and embarrassment during said searches, and was also placed in handcuffs by said Defendant officers in violation of Plaintiff's 4th Amendment rights. Plaintiff was also required to be subject to field sobriety tests without cause of any kind, and had his wallet searched in violation of Plaintiff's 4th Amendment rights by said Defendants. Not only was Plaintiff unlawfully stopped, wrongfully detained, falsely arrested, handcuffed and illegally, intentionally and unconstitutionally falsely imprisoned, he was forcefully strip searched on the side of the public road without legal basis or justification, which was not disclosed to Internal Affairs. "[C]ourts have specifically and repeatedly recognized the importance of guarding against unreasonable strip

searches, in view of the degrading nature of this particular invasion of privacy." Sarnicola v. County of Westchester, 229 F. Supp.2d 259, 269 (S.D.N.Y. 2002). In Travis v Vil. of Dobbs Ferry, 355 F.Supp.2d 740, 753 (S.D.N.Y. 2005), the Court explains:

Because there was no probable cause to arrest plaintiff, there was no basis to subject her to a strip search. If the arrest is illegal, any search incident to that arrest is illegal. Flores v. City of Mount Vernon, 41 F. Supp. 2d at 444. As in Flores, defendants certainly suspected that plaintiff was carrying contraband, but their suspicions were not corroborated by any facts. The Second Circuit held long ago that investigatory post-arrest searches, undertaken to locate evidence that would support a charge, are unconstitutional, Rivera v. United States, 928 F.2d 592, 606-607 (2d Cir. 1991).

Mr. Garcia was subjected to racial slurs and accused of being a gang member due to his Hispanic race. The false claims and assertions that Mr. Garcia had gang affiliations were especially harmful, which included calling him "MS Chico" which clearly confirmed the Defendants abusive and clear racial bias in their dealings with Mr. Garcia. As the Defendants engaged in an unlawful stop, search and strip search of Plaintiff on the side of the road, the addition of race based animus was intended to further devalue and demean Plaintiff. This was especially hurtful as Plaintiff prides as a Hispanic man and as a member of a law enforcement family. The distasteful and race laced bias sickened Plaintiff and does so to the day. Although he was deeply wounded, Mr. Garcia did not respond to the insensitive and bigoted insult as he feared for his safety and well being. He had to keep that anger and sense of helplessness bottled up. That level of fear for his safety and well being continues to this day. Mr. Garcia was essentially left on the side of the road, with his pants down, having had his human dignity stripped from him. He was not charged with any crime or wrong doing. He was

never apologized to for this total disrespect to him as a human being. Instead, he was left in a state of humiliation, disbelief and horror.

Mr. Garcia has lost job opportunities and lost his life dream, which was to be a police officer. The level of emotional distress has included anger, sadness, desperation, agitation, dissatisfaction, a sense of loss and isolation from his family, depressed mood, insomnia, fatigue/loss of energy, diminished ability to think or concentrate, anxiety, confusion, sense of helplessness, emotional scarring, disillusionment and demoralization. His treatment has been through speaking with his Priest and following religious counseling. Testimony of friends, family, and pastors can be sufficient to support a claim for negligent infliction of emotional distress. The courts are clear that "[a] compensatory award may be based on testimonial evidence alone and 'is not preconditioned on whether [the Plaintiff] underwent treatment, psychiatric or otherwise.' " Jowers v. DME Interactive Holdings, Inc., No. 00 Civ. 4753, 2006 WL 1408671, at **3, 12 (S.D.N.Y. May 22, 2006) (quoting Mugavero v. Arms Acres, Inc., 680 F. Supp. 2d 544, 576 (S.D.N.Y. 2010)) Here Plaintiff has his family and his Priest, as well as himself to testify about how this treatment, and in particular the strip search on the side of the road has impacted him.

The level of the damages are anticipated to be in line with the distressing and severe actions of the Defendants in this case. It is well understood, damages for emotional distress are not susceptible to a pure mathematical type of calculation. Compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury. The emotional pain, humiliation, embarrassment, sense of loss of self worth, fear and suffering is estimated to be $1,300,000.00 or greater. Further, punitive damages will be sought against the individual Defendants based upon the egregious nature of the conduct of Defendants as set forth above and

as will be proven during trial, and the jury will be asked to award sufficient amounts as is needed to restrain such conduct in the future.

**VI.    TYPE OF TRIAL AND DURATION:** The parties have requested a jury trial and anticipate it will take approximately eight (8) days.

**VII.    CONSENT TO TRIAL BY A MAGISTRATE JUDGE:** The parties do not consent to trial by a magistrate judge.

**VIII.    STIPULATIONS:**

At all times relevant in this Amended Complaint, the named Defendant Officers acted under color of law.

**IX.    WITNESSES**:

***Plaintiff's Witnesses:***

Plaintiff may call one or more of the following witnesses:

1.    **Brian Garcia**

Mr. Garcia will be called upon to testify in person at the trial of this matter. Mr. Garcia resides at 12 Lynhaven Place, Commack, N.Y. 11725. It is anticipated that Mr. Garcia will testify about all the underlying facts on liability and damages.

2.    **P.O. David Young, Shield #4486/420**

Defendant Young will be called upon to testify in person at the trial of this matter. Officer Young's is employed by the Suffolk County Police Department, 30 Yaphank Avenue, Yaphank, N.Y. 11980.  It is anticipated that Defendant Young will testify about his actions and involvement in the violation of Mr. Garcia's rights and actions of the other Defendants.

3. **P.O. David Ferrara, Shield #6163/420**

Defendant Ferrara will be called upon to testify in person at the trial of this matter. Officer Ferrara is employed by the Suffolk County Police Department, 30 Yaphank Avenue, Yaphank, N.Y. 11980. Defendant Ferrara will be called upon to testify in person at the trial of this matter. It is anticipated that Defendant Ferrara will testify about his actions and involvement in the violation of Mr. Garcia's rights and actions of the other Defendants.

4. **Det. Arthur Rall, Shield #1399/3140**

Defendant Rall will be called upon to testify in person at the trial of this matter. Defendant Rall is employed by the Suffolk County Police Department, 30 Yaphank Avenue, Yaphank, N.Y. 11980. It is anticipated that Defendant Rall will testify about his actions and involvement in the violation of Mr. Garcia's rights and actions of the other Defendants.

5. **Det. Timothy Zorn, Shield #1469/2420**

Defendant Zorn will be called upon to testify in person at the trial of this matter. Defendant Zorn is employed by the Suffolk County Police Department, 30 Yaphank Avenue, Yaphank, N.Y. 11980. It is anticipated that Defendant Zorn will testify about his actions and involvement in the violation of Mr. Garcia's rights and actions of the other Defendants.

6. **Frank Rafanelli**

Mr. Rafanelli will be called upon to testify in person at the trial of this matter. Mr. Rafanelli resides at 167 Daly Road, East Northport, N.Y. It is anticipated

that Mr. Rafanelli will testify about his conversation and interaction with Mr. Garcia on the day of Mr. Garcia's seizure.

Defendants' Objections:

This witness was not disclosed as required pursuant to Rule 26(a) of the Federal Rules of Civil Procedure at any time during the pendency of this case and there is no justification for failure to do so. Any conversation this witness had with Plaintiff constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence.

Plaintiff's Response:

This individual has been identified by Defendants in the SCPD IAB Report, dated June 3, 2017, bates stamp # B.Garcia 073. Furthermore, this individual was fully disclosed in document provided by the Defendants, fully disclosed and identified in testimony provided by Mr. Garcia: in testimony by Defendant Officers: deposition of Def. Ferrara: p.19; deposition of Def. Rall: pgs.15, 16, 19, 22, 24, 25, 26, 27, 37; deposition of Def. Young: pgs.24, 28, 29, 30, 31, 32; deposition of Def. Zorn: pgs. 27, 29, 31, 34, 36, 38, 40, 41; deposition of former Def. Stapleton: pgs. 28, 38, 34, 38, 121

7. **Melissa Zocchi**

Ms. Zocchi will be called upon to testify in person at the trial of this matter. It is anticipated that Ms. Zocchi will testify about her observations and interaction with Mr. Garcia on the day of his seizure.

Defendants' Objections:

This witness was not disclosed as required pursuant to Rule 26(a) of the Federal Rules of Civil Procedure at any time during the pendency of this case and there is no justification for failure to do so. Any conversation this witness had with Plaintiff constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Further, Ms. Zocchi's observations and interactions with Plaintiff on the date of the incident are irrelevant under Rules 401 and 402 of the Federal Rules of Evidence. Even if the Court deems them relevant, Defendants further object under Rule 403 on the basis that the potentially probative value of her testimony is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/ or needlessly presenting cumulative evidence. Finally, Plaintiff's listing of this witness does not comply with the Court's Individual Practices as Plaintiff fails to provide an address for this individual.

Plaintiff's Response:

This individual was identified in the SCPD IAB Report, bates stamp #Garcia 081, disclosed in paragraph 15 of the Amended Complaint, was referred to in Plaintiff's 50h: transcript: pgs. 29, 30, 67, 72, 78; and was referred to in Plaintiff's deposition: pgs. 48, 49, 96, 97, 98. Ms. Zocchi's testimony is relevant, and not hearsay. Ms. Zocchi will testify about her observation and sense impressions of Plaintiff, which is not irrelevant under FRE 401 and 402. She will testify about damages based on her observations and concerns raised upon her seeing Plaintiff. This is extremely probative, as it was immediately after Mr. Garcia was subjected to the abuses of the Defendants, and thereafter.

11

8. **Lt. Sean R. Beran**

Lt. Beran will be called upon to testify in person at the trial of this matter. Lt. Beran is employed by the Suffolk County Police Department, 30 Yaphank Avenue, Yaphank, N.Y. 11980. It is anticipated that Lt. Beran will testify about the Internal Affairs investigation conducted concerning Mr. Garcia's complaint.

Defendants' Objections:

This witness was not disclosed as required pursuant to Rule 26(a) of the Federal Rules of Civil Procedure at any time during the pendency of this case and there is no justification for failure to do so. Any conversation this witness had with Plaintiff or any other individual relative to the Internal Affairs investigation constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Further, testimony about the Internal Affairs investigation conducted concerning Mr. Garcia's complaint is irrelevant under Rules 401 and 402 of the Federal Rules of Evidence. Even if the Court deems the testimony relevant, Defendants further object under Rule 403 on the basis that the potentially probative value of this testimony is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/ or needlessly presenting cumulative evidence.

Plaintiff's Response:

This individual was identified in SCPD IAB Report, bates stamp #B. Garcia 090, and is testimony is not hearsay. This individual will testify about the investigation and failure to consider relevant information in the investigation. This information is not irrelevant under FRE 401 and 402, as there is a *Monell* claim. This individuals

actions are consistent with the failure to properly investigate, supervise and discipline subject officers.

9. **Capt. John W. Sumnalt**

Lt. Sumnalt will be called upon to testify in person at the trial of this matter. Capt. Sumnalt is employed by the Suffolk County Police Department, 30 Yaphank Avenue, Yaphank, N.Y. 11980. It is anticipated that Lt. Sumnalt will testify about the Internal Affairs investigation conducted concerning Mr. Garcia's complaint.

Defendants' Objections:

This witness was not disclosed as required pursuant to Rule 26(a) of the Federal Rules of Civil Procedure at any time during the pendency of this case and there is no justification for failure to do so. Any conversation this witness had with Plaintiff or any other individual relative to the Internal Affairs investigation constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Further, testimony about the Internal Affairs investigation conducted concerning Mr. Garcia's complaint is irrelevant under Rules 401 and 402 of the Federal Rules of Evidence. Even if the Court deems the testimony relevant, Defendants further object under Rule 403 on the basis that the potentially probative value of this testimony is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/ or needlessly presenting cumulative evidence.

13

Plaintiff's Response:

This individual was identified in SCPD IAB Report, bates stamped #B.Garcia 92 and is testimony is not hearsay. This individual will testify about the investigation and failure to consider relevant information in the investigation. This information is not irrelevant under FRE 401 and 402, as there is a *Monell* claim. This individuals actions are consistent with the failure to properly investigate, supervise and discipline subject officers.

**10. Mr. Angel Garcia**

Mr. Garcia is Plaintiff's father, and will be called upon to testify in person at the trial of this matter. Mr. Garcia resides at 12 Lynhaven Place, Commack, N.Y. 11725. It is anticipated that Mr. Garcia will testify about his ownership of the car driven by Brian Garcia, it's condition before, and after it was searched and damaged by Defendants. He will also provide his observations and firsthand knowledge of Plaintiff's emotional condition before and after this incident.

Defendants' Objections:

This witness was not disclosed as required pursuant to Rule 26(a) of the Federal Rules of Civil Procedure at any time during the pendency of this case and there is no justification for failure to do so, particularly since Angel Garcia is Plaintiff's father. His testimony about his ownership of the car driven by Plaintiff and its condition before and after the alleged search and damage is irrelevant under Rules 401 and 402 of the Federal Rules of Evidence. Even if the Court deems the testimony relevant, Defendants further object under Rule 403 on the basis that the potentially probative value of this testimony is outweighed by the danger of unfair

14

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/ or needlessly presenting cumulative evidence. Any conversation this witness had with Plaintiff regarding his emotional condition before and after the incident constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence.

Plaintiff's Response:

Mr. Garcia is Plaintiff's father, and was referenced in Plaintiff's 50h pgs. 17, 37, 38, 46, 50, 62, 72, 73, and 78; referenced in Plaintiff's ebt pgs. 16, 32, 34, 36, 37, 66, 70, 82, 92, 100, 101. Mr. Garcia may be offered as a rebuttal witness regarding statements made bout Plaintiff when his automobile was stopped.

**11. Dr. Bhaskar Nayak**

Dr. Nayak will be called upon to testify in person at the trial of this matter. It is anticipated that Dr. Nayak will testify concerning Plaintiff's damages.

Defendants' Objections:

This witness was not disclosed as required pursuant to Rule 26(a) of the Federal Rules of Civil Procedure at any time during the pendency of this case and there is no justification for failure to do so. Any conversation this witness had with Plaintiff regarding his damages constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence.

Plaintiff's Response:

This witness was disclosed to Defendants, in accordance with Rule 26(a) of the Federal Rules of Civil Procedure. During Plaintiffs deposition, Dr. Nayak was discussed at pgs. 7, 8, 9, 11, 12, 15, 104 and 109. Dr. Nayak's testimony is not inadmissible hearsay. Plaintiff provided an authorization, dated 12/18/2019 by

15

letter, dated 12/30/2019 to Defendants to obtain Plaintiff's medical records that were in Dr. Nayk's possession.

*Plaintiff reserves the right to call witnesses on Defendants' witness list, to amend its list of witnesses, and to call rebuttal witnesses, if necessary. Defendants reserve the right to further object to Plaintiff's witnesses at trial, should it become necessary to do so.*

### ***Plaintiff's Expert Witnesses:***

Plaintiff does not designate anyone as an expert, pursuant to the Federal Rules of Civil Procedure 26. However, Plaintiff reserves the right to call and produce treating doctors, and/or health care providers.

Defendant's Objections:

Plaintiff did not disclose any treating doctors, and/or health care providers as witnesses as required pursuant to Rule 26(a) of the Federal Rules of Civil Procedure at any time during the pendency of this case and there is no justification for failure to do so.

Plaintiff's Response:

This witness was disclosed to Defendants, in accordance with Rule 26(a) of the Federal Rules of Civil Procedure. During Plaintiffs deposition, Dr. Nayak was discussed at pgs. 7, 8, 9, 11, 12, 15, 104 and 109. Dr. Nayak's testimony is not inadmissible hearsay. Plaintiff provided an authorization, dated 12/18/2019 by letter, dated 12/30/2019 to Defendants to obtain Plaintiff's medical records that were in Dr. Nayak's possession.

### ***Defendants' Witnesses:***

Defendants reserve their right to offer the relevant and admissible testimony of any and all witnesses identified by Plaintiff, whether or not Plaintiff actually calls such witnesses at the time

16

of trial. Such witnesses are incorporated herein by reference. In addition to the parties themselves and those persons listed in Plaintiff's list of witnesses, Defendants intend to call the following additional persons as witnesses:

1. **Suffolk County Police Detective Michael Turansky**

   30 Yaphank Avenue, Yaphank, NY 11980

   Detective Turansky will testify to information he acquired regarding Frank Rafanelli dealing drugs prior to the date of the incident.

2. **Suffolk County Police Detective Joseph Gonzales**

   30 Yaphank Avenue, Yaphank, NY 11980

   Detective Gonzales will testify to information he acquired regarding Frank Rafanelli dealing drugs prior to the date of the incident and close to the date of the incident in May of 2016. He will further testify to having relayed this information to Detective James Stapleton and the Fourth Precinct's Special Operations Team.

3. **Representative of the Northport Police Department**

   224 Main Street, Northport, New York 11768

   The individual who will be called will be the keeper of records at the time of trial to authenticate the Northport Police Department records of Plaintiff's arrest on April 30, 2016 for Criminal Possession of a Controlled Substance in the Seventh Degree and Loitering in the First Degree as business records. On said date which was just over two weeks before the incident giving rise to this case, Plaintiff was observed by a member/ member(s) of the Northport Police Department in a vehicle in a known drug

17

location engaging in a hand-to-hand drug transaction. Thereafter Plaintiff was found in possession of cocaine by the police. The evidence of this arrest and the facts of it go directly to Plaintiff's damages. Plaintiff has asserted, *inter alia*, that as a result of his car stop in the instant case where he was neither ticketed nor arrested, he has been unable to secure a job in law enforcement which was his lifelong dream.

Plaintiff's Objections:

Plaintiff objects to the calling of this witness; witness not disclosed pursuant to Fed. R. Civ. Pro. 26, and there is no justification for failing to identify this witness; further, Plaintiff raises objections pursuant to FRE 401, 402, and 403.

Defendants' Response:

Rule 26 automatic disclosures do not apply to individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses if the use would be solely for impeachment. *Fed. R. Civ. P.* 26(a)(1)(A)(i). As this evidence of Plaintiff's actual arrest a couple weeks before the date of the incident on drug-related charges is the more reasonable explanation of why Plaintiff cannot fulfill his lifelong dream of securing a job in law enforcement as opposed to the fact that he was stopped in the instant case and let go without a summons or an arrest and there is no public record of same, it refutes Plaintiff's claim that the car stop in the instant case is the reason and goes directly to his damages. The evidence from this witness is thus relevant and admissible to impeach his credibility.

Plaintiff's Response:

The information contained in this second amended proposed joint pretrial order is insufficient pursuant to the Court's Individual rules as there is no name and address for this witness, nor is there any information on the expected testimony of this witness. This case arises from an incident that occurred in May of 2016 – almost seven (7) years ago --  and the first proposed pretrial order in this case was filed on three (3) years ago on January 3, 2020 [DE 26] listing the same vague witness of "North Port Police Department". See DE pg. 7 of 14. There is no justification for the failure to identify, by name and address, this witness at this juncture, nor is there a justification for failure to delineate the subject matter of this witness's testimony. Further, this witness was not disclosed as required pursuant to Rule 26(a) of the Federal Rules of Civil Procedure at any time during the pendency of this case and there is no justification nor failure to do so. Without any specificity as to the subject matter of this individual's testimony, Plaintiff cannot make any further objections at this time, and reserve his right to do so in the future

These witnesses will testify in person. Defendants reserve the right to amend their list of witnesses, and to call surrebuttal witnesses, if necessary. Defendants reserve the right to further object to witnesses called by Plaintiff, if necessary.

### *Defendants' Expert Witnesses:*

Defendants do not designate anyone as an expert pursuant to Fed. R. Civ. P. Rule 26.

## X. DEPOSITION DESIGNATION:

### *Plaintiff's Designation:*

Plaintiff designates the deposition testimony of Det. James Stapleton, deceased, to be offered in the case. In response to this, Defendants reserve their right to object to the admissibility of portions of the deposition testimony of deceased Detective James Stapleton pursuant to Rule 32(b) of the Federal Rules of Civil Procedure.

### *Defendants' Designation:*

Defendants also designate the deposition testimony of Detective James Stapleton, in whole or in part, under Rule 32(a)(4)(A) of the Federal Rules of Civil Procedure as he is deceased. Defendants further reserve their right to designate the deposition testimony of any other parties or witnesses, in whole or in part, under Rule 32(a)(3) of the Federal Rules of Civil Procedure to contradict or impeach the testimony given by the deponent as a witness or for any other purpose allowed by the Federal Rules of Evidence or Rule 32(a) of the Federal Rules of Civil Procedure.

## XI. EXHIBITS AND OBJECTIONS:

### *Plaintiff's Exhibits:*

Plaintiff may offer the following exhibits in its case in chief (as well as exhibits identified by Defendants):

1.    Summons and Complaint, dated June 25, 2018, bates stamp # B.Garcia 001-020

      Defendants' Objections:

      Defendants object on the grounds that this document was generated and signed off on by Plaintiff's Counsel, it is not the operative pleading in this matter and it constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Defendants further contend that the summons and the complaint are irrelevant under

Rules 401 and 402 of the Federal Rules of Evidence. Even if the Court deems them relevant, Defendants further object under Rule 403 on the basis that the potentially probative value of this exhibit is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/ or needlessly presenting cumulative evidence.

Plaintiff's Response:

Plaintiff does not object to this Exhibit not being admitted into evidence, if Defendants will stipulate that the Complaint was appropriately filed, and received by all Defendants.

2.    Answer, dated August 1, 2018, bates stamp # B.Garcia 021-029

Defendants' Objections:

Defendants object on the grounds that this document was generated and signed off on by prior Defense Counsel, it is not the operative pleading in this case and it constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Defendants further contend that the Answer is irrelevant under Rules 401 and 402 of the Federal Rules of Evidence. Even if the Court deems it relevant, Defendants further object under Rule 403 on the basis that the potentially probative value of this exhibit is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/ or needlessly presenting cumulative evidence.

Plaintiff's Response:

Plaintiff intends to rely on the representations made in the Answer should same contradict and raise issues of credibility during the trial FRCP 11(b)

3.      Notice of Claim, dated August 18, 2016, bates stamp # B.Garcia 030-035*

Defendants' Objections:

Defendants object on the grounds that this document was generated and signed off on by Plaintiff's Counsel and it constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Defendants further contend that the document itself is irrelevant under Rules 401 and 402 of the Federal Rules of Evidence. Even if the Court deems it relevant, Defendants further object under Rule 403 on the basis that the potentially probative value of this exhibit is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/ or needlessly presenting cumulative evidence. As stated in Defendants' Answer to the Amended Complaint, Defendants admit receipt of a purported notice of claim. *See* DE 14, ¶ 3.

Plaintiff's Response:

In light of Defendants' admission of receipt of a "purported Notice of Claim", Plaintiff reserves the right for the Notice of Claim to be admitted, as Defendants do not agree that the Notice of Claim meets the requirements of General Municipal Law Section 50.

4.      Demand for Examination, dated November 2, 2016, bates stamp # B.Garcia 036-037*

5.      Transcript of 50h Hearing, dated January 5, 2017, bates stamp # B.Garcia 038-059*

Defendants' Objections:

Defendants object to the admission of the contents of Plaintiff's 50-h transcript under Rule 32 of the Federal Rules of Civil Procedure and on the grounds that it constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence.

Defendants further contend that the document itself is irrelevant under Rules 401 and 402 of the Federal Rules of Evidence. Even if the Court deems it relevant, Defendants further object under Rule 403 on the basis that the potentially probative value of this exhibit is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/ or needlessly presenting cumulative evidence. Defendants acknowledge that a hearing pursuant to the provisions of Section 50-H of the General Municipal Law took place on January 5, 2017.

Plaintiff's Response:

Plaintiff intends to have the 50-h transcript available for use consistent with the FRCP and FRE

6.    Internal Affairs Bureau Documents, Case No.: 16-358i, bates stamp # B.Garcia 060-075*

Defendants' Objections:

Defendants object to the admission of the Internal Affairs Bureau Documents as they constitute inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Defendants further contend that the documents are in whole or in part irrelevant under Rules 401 and 402 of the Federal Rules of Evidence. Even if the Court deems them relevant or where Defendants may concede relevancy, Defendants further object under Rule 403 on the basis that the potentially probative value of these documents is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/ or needlessly presenting cumulative evidence.

Plaintiff's Response:

These are non hearsay documents as they are produced in the regular course of business by SCPD.  FRE 803(6), 803(8)

7.      Citizen Complaint Report, dated May 23, 2016, bates stamp # B.Garcia 076-078*

Defendants' Objections:

Defendants object to the admission of the Citizen Complaint Report as it constitutes double hearsay and thus inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Defendants further contend that the document is in whole or in part irrelevant under Rules 401 and 402 of the Federal Rules of Evidence. Even if the Court deems part of the document relevant or where Defendants may concede relevancy, Defendants further object under Rule 403 on the basis that the potentially probative value of this document is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/ or needlessly presenting cumulative evidence.

Plaintiff's Response:

This document is not inadmissible hearsay, as it was provided as a notice document, and provided Defendants with information necessary to address those issues raised as part of Plaintiff's *Monell* claims in this matter.  The report will not mislead or confuse the jury, as its probative value as relevant issues out weight any danger of prejudice to the Defendants

8.     Letter from Litigation Bureau to Deputy Police Commissioner, dated September 22, 2016, bates stamp # B.Garcia 079-084*

Defendants' Objections:

This document is comprised of a privileged and confidential attorney/ client communication between the then-Bureau Chief of the County Attorney's Litigation Bureau and the then-1st Deputy Police Commissioner advising him of the impending lawsuit along with an attached copy of the Notice of Claim.

Defendants object to the admission of this document as it constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Defendants further contend that the document is irrelevant under Rules 401 and 402 of the Federal Rules of Evidence. Even if the Court deems part or all of the document relevant Defendants further object under Rule 403 on the basis that the potentially probative value of this document is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/ or needlessly presenting cumulative evidence.

Plaintiff's Response:

In light of Defendants' admission of receipt of a "purported Notice of Claim", Plaintiff reserves the right for the Notice of Claim to be admitted, as Defendants do not agree that the Notice of Claim meets the requirements of General Municipal Law Section 50. In addition, this is an admission of receipt of the Summons and Complaint, and outlines the fact that the Police department, who is investigating the Complaint, is assisting the County Attorney's office to disprove the Complaint.

25

9.    Narcotics Section, Case File Report, bates stamp # 085*

10.   Fax from Officer Ferrara to Sergeant Beran, dated July 23, 2016, bates stamp # B.Garcia 086-089*

11.   Letter from IAB to Brian Garcia, bates stamp # B.Garcia 090*

Defendants' Objections:

Defendants object to the admission of this document as it constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Defendants further contend that the document is irrelevant under Rules 401 and 402 of the Federal Rules of Evidence. Even if the Court deems part or all of the document relevant Defendants further object under Rule 403 on the basis that the potentially probative value of this document is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/ or needlessly presenting cumulative evidence.

Plaintiff's Response:

Not irrelevant, nor inadmissible hearsay.  It is a business record, and an admission of receipt of a Citizen Complaint, and other relevant information concerning the *Monell* claim.

12.   Case Law *People v. Chestnut,* bates stamp # B.Garcia 091

Defendants' Objections:

Defendants object to the admission of this document on the grounds that it is irrelevant under Rules 401 and 402 of the Federal Rules of Evidence. Further, it is not within the authority of Plaintiff's Counsel to instruct the jury on the law as that is solely within the purview of the Court and as such, introduction of this caselaw is inappropriate and it is thus inadmissible.

Plaintiff's Response:

Not inadmissible, because this deals with the scope of knowledge possessed by

Defendants prior to their mandatory statements made to Internal Affairs in

September and November of 2017, which supports the allegation of cover-up

asserted in the third case of action.

13.    Letter from David Young to IAB, dated September 26, 2017, bates stamp #
       B.Garcia 092*

Defendants' Objections:

Defendants object to the admission of this document as it constitutes inadmissible

hearsay under Rule 802 of the Federal Rules of Evidence. Defendants further

contend that even if the Court deems part or all of the document relevant or

Defendants concede relevancy, Defendants further object under Rule 403 on the

basis that the potentially probative value of this document is outweighed by the

danger of unfair prejudice, confusing the issues, misleading the jury, undue delay,

wasting time, and/ or needlessly presenting cumulative evidence.

Plaintiff's Response:

Admission against interest, prior inconsistent statement, relevant, and is appropriate

for cross examination and credibility.

14.    Letter from James Stapleton to Lieutenant Beran, dated September 26, 2017, bates
       stamp # B.Garcia 093*

Defendants' Objections:

Defendants object to the admission of this document as it constitutes inadmissible

hearsay under Rule 802 of the Federal Rules of Evidence. Defendants further

contend that even if the Court deems part or all of the document relevant or

Defendants concede relevancy, Defendants further object under Rule 403 on the basis that the potentially probative value of this document is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/ or needlessly presenting cumulative evidence.

Plaintiff's Response:

Admission against interest, prior inconsistent statement, relevant, and is appropriate for cross examination and credibility.

15.    Letter from Arthur Rall to Lieutenant Beran, dated September 26, 2017, bates stamp # B.Garcia 094*

Defendants' Objections:

Defendants object to the admission of this document as it constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Defendants further contend that even if the Court deems part or all of the document relevant or Defendants concede relevancy, Defendants further object under Rule 403 on the basis that the potentially probative value of this document is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/ or needlessly presenting cumulative evidence.

Plaintiff's Response:

Admission against interest, prior inconsistent statement, relevant, and is appropriate for cross examination and credibility.

16.    Letter from David Young to IAB, dated November 2, 2017, bates stamp # B.Garcia 095*

Defendants' Objections:

Defendants object to the admission of this document as it constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Defendants further contend that even if the Court deems part or all of the document relevant or Defendants concede relevancy, Defendants further object under Rule 403 on the basis that the potentially probative value of this document is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/ or needlessly presenting cumulative evidence.

Plaintiff's Response:

Admission against interest, prior inconsistent statement, relevant, and is appropriate for cross examination and credibility.

17.    Certificate of Disposition, Northport Village Justice Court Criminal Part, bates stamp #B. Garcia 096*

18.    Letter - undated from Sgt. Sean Beran to Brian Garcia, acknowledging complaint filed and being investigated.

Defendants' Objections:

Defendants object to the admission of this document as it constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Defendants further contend that the document is irrelevant under Rules 401 and 402 of the Federal Rules of Evidence. Even if the Court deems part or all of the document relevant Defendants further object under Rule 403 on the basis that the potentially probative value of this document is outweighed by the danger of unfair prejudice, confusing

the issues, misleading the jury, undue delay, wasting time, and/ or needlessly presenting cumulative evidence.

Plaintiff's Response:

Admission against interest, prior inconsistent statement, relevant, and is appropriate for cross examination and credibility.

19.    SCPD Radio Transmissions between cars and with Dispatcher-Recordings*

20.    Audio recordings 2 through 6 from SCPD Internal Affairs Bureau case #16358i–interviews of P.O. David Young, David Ferrara, Detectives James Stapleton, Arthur Rall and Timothy Zorn.*

Defendants' Objections:

Defendants object to the admission of these recordings as they constitute inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Defendants further contend that the even if the Court deems part or all of the recordings relevant or Defendants concede relevancy, Defendants object under Rule 403 on the basis that the potentially probative value of these recordings is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/ or needlessly presenting cumulative evidence.

Plaintiff's Response:

Not hearsay. They are admissions and statements made by Defendants, knowledge, motive and intent to violate Plaintiff's rights.  Clearly relevant and will in no way confuse or mislead the jury, and clearly probative without any prejudices.

21.     Color photos of P.O. David Young, David Ferrara, Detectives James Stapleton, Arthur Rall and Timothy Zorn.

Defendants' Objections:

Defendants object to the admission of these photographs on the grounds that they are irrelevant under Rules 401 and 402 of the Federal Rules of Evidence. Defendants further object on the grounds that the designation of these photographs is incredibly vague without any reference as to the date/ time/ place at which they were taken.

Plaintiff's Response:

Photographs serve as fair and accurate depictions of what the Defendants' appeared like on or about the date of the subject incident, on or about the date of the subject incident.

22.     Memorandum-two copies of "DISCOVERY -GARCIA v. COS" dated 5/6/19 from Capt. Michael T. Montovano to Sgt. Jeffrey A. Goldberg bates stamp # SC1 – 2*

Defendants' Objections:

Defendants object to the admission of this exhibit on the grounds that it is irrelevant under Rules 401 and 402 of the Federal Rules of Evidence and inadmissible hearsay under Rule 802.

Plaintiff's Response

Non hearsay documents as they are produced in the regular course of business by SCPD, FRE 803(6), 803(8)

31

23.     Patrol Division Memorandum 16-17, Traffic Stop Data Collection (T-Stop) Points
        to Remember bates stamp # SC3 – 4*

        Defendants' Objections:

        Defendants object to the admission of this exhibit on the grounds that it is irrelevant

        under Rules 401 and 402 of the Federal Rules of Evidence and inadmissible hearsay

        under Rule 802.

        Plaintiff's Response

        Non hearsay documents as they are produced in the regular course of business by

        SCPD, FRE 803(6), 803(8)


24.     Color copy of aerial map labeled as Attachment #4 in report generated from SCPD
        Internal Affairs Bureau case #16-3581*

25.     Department General Order 15-03, amending Chapter 2, Section 14 of the Rules and
        Procedures, Memorandum Books/Daily Record of Activity bates stamp # SC5- 12*

        Defendants' Objections:

        Defendants object to the admission of this exhibit on the grounds that it is irrelevant

        under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

        Plaintiff's Response:

        Non hearsay documents as they are produced in the regular course of business by

        SCPD, FRE 803(6), 803(8)


26.     Department General Order 15-47, amending Chapter 9, Section 23 of the Rules and
        Procedures, Vehicle Traffic Stops bates stamp # SC13-22*

        Defendants' Objections:

        Defendants object to the admission of this exhibit on the grounds that it is irrelevant

        under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

Plaintiff's Response:

Non hearsay documents as they are produced in the regular course of business by SCPD, FRE 803(6), 803(8)

27.  Department General Order 14-23, amending Chapter 10, Section 1, Police Officer Specific Duties bates stamp # SC23 – 32*

Defendants' Objections:

Defendants object to the admission of this exhibit on the grounds that it is irrelevant under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

Plaintiff's Response:

Non hearsay documents as they are produced in the regular course of business by SCPD, FRE 803(6), 803(8)

28.  Department General Order 16-36, amending Chapter 10, Secfion 3, Patrol Supervisor Duties and Responsibilities bates stamp # SC33 – 49*

Defendants' Objections:

Defendants object to the admission of this exhibit on the grounds that it is irrelevant under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

Plaintiff's Response:

Non hearsay documents as they are produced in the regular course of business by SCPD, FRE 803(6), 803(8)

29.   Department General Order 12-23, amending Chapter 10, Section 4 of the Rules and
      Procedures, Precinct Commander bates stamp # SC50 – 52*

      Defendants' Objections:

      Defendants object to the admission of this exhibit on the grounds that it is irrelevant

      under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

      Plaintiff's Response:

      Non hearsay documents as they are produced in the regular course of business by

      SCPD, FRE 803(6), 803(8)


30.   Department General Order 11-14, amending Chapter 10, Section 7 of the Rules and
      Procedures, Platoon Commander bates stamp # SC53 – 56*

      Defendants' Objections:

      Defendants object to the admission of this exhibit on the grounds that it is irrelevant

      under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

      Plaintiff's Response:

      Non hearsay documents as they are produced in the regular course of business by

      SCPD, FRE 803(6), 803(8)


31.   Department General Order 14-54, amending Chapter 13, Section 9' of the Rules and
      Procedures, Traffic Stop Data Collection bates stamp # SC57 – 63*

      Defendants' Objections:

      Defendants object to the admission of this exhibit on the grounds that it is irrelevant

      under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

      Plaintiff's Response:

Non hearsay documents as they are produced in the regular course of business by

SCPD, FRE 803(6), 803(8)

32.    Department General Order 16-60 (16-46), amending Chapter 16, Section 11 of the
Rules and Procedures, Holding Facility and Prisoner Safety bates stamp # SC64 –
95*

Defendants' Objections:

Defendants object to the admission of this exhibit on the grounds that it is irrelevant

under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

Plaintiff's Response:

Non hearsay documents as they are produced in the regular course of business by

SCPD, FRE 803(6), 803(8)

33.    Department Forms Order 06-17a, Traffic Stop Data Collection, discussing the use
of Form PDCS-3226, Traffic Stop Data Collection bates stamp # SC96*

Defendants' Objections:

Defendants object to the admission of this exhibit on the grounds that it is irrelevant

under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

Plaintiff's Response:

Non hearsay documents as they are produced in the regular course of business by

SCPD, FRE 803(6), 803(8)

34.    Department Form PDCS-3226, Traffic Stop Data Collection bates stamp # SC97*

Defendants' Objections:

Defendants object to the admission of this exhibit on the grounds that it is irrelevant

under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

Plaintiff's Response:

Non hearsay documents as they are produced in the regular course of business by SCPD, FRE 803(6), 803(8)

35.    Department Training Bulletin 10-02, Traffic Stops bates stamp # SC98*

Defendants' Objections:

Defendants object to the admission of this exhibit on the grounds that it is irrelevant under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

Plaintiff's Response:

Non hearsay documents as they are produced in the regular course of business by SCPD, FRE 803(6), 803(8)

36.    Department Directive date (Amended 3/18/16) Order Numbers 16-02, 16-05, 16-07, 16-10, 16-13, 16-19 & 16-22.  bates stamp #SC 99 – 140*

Defendants' Objections:

Defendants object to the admission of this exhibit on the grounds that it is irrelevant under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

Plaintiff's Response:

Non hearsay documents as they are produced in the regular course of business by SCPD, FRE 803(6), 803(8)

37.    Department Directive date (Amended 4/01/16) Order Number 16-30, bates stamp # SC 141 – 144*

Defendants' Objections:

Defendants object to the admission of this exhibit on the grounds that it is irrelevant

under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

Plaintiff's Response:

Non hearsay documents as they are produced in the regular course of business by

SCPD, FRE 803(6), 803(8)

38.    Department Directive date (Amended 4/01/16) Order Number 16-43 [Amended references resulting from issuance of department general order 16-04], bates stamp # SC145 -147*

Defendants' Objections:

Defendants object to the admission of this exhibit on the grounds that it is irrelevant

under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

Plaintiff's Response:

Non hearsay documents as they are produced in the regular course of business by

SCPD, FRE 803(6), 803(8)

39.    Department Directive date (Amended 4/22/16) Order Number 16-49, bates stamp # SC148 -151*

Defendants' Objections:

Defendants object to the admission of this exhibit on the grounds that it is irrelevant

under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

Plaintiff's Response:

Non hearsay documents as they are produced in the regular course of business by SCPD, FRE 803(6), 803(8)

40. Department Directive date (Amended 4/28/16) Order Number 16-50, bates stamp # SC152 -153*

Defendants' Objections:

Defendants object to the admission of this exhibit on the grounds that it is irrelevant under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

Plaintiff's Response:

Non hearsay documents as they are produced in the regular course of business by SCPD, FRE 803(6), 803(8)

41. Department Directive date (Amended 5/5/16) Order Number 16-52, bates stamp # SC154 -155*

Defendants' Objections:

Defendants object to the admission of this exhibit on the grounds that it is irrelevant under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

Plaintiff's Response:

Non hearsay documents as they are produced in the regular course of business by SCPD, FRE 803(6), 803(8)

42.   Department Directive date (Amended 5/5/16) Order Number 16-54, bates stamp #
      SC156 -157*

      Defendants' Objections:

      Defendants object to the admission of this exhibit on the grounds that it is irrelevant

      under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

      Plaintiff's Response:

      Non hearsay documents as they are produced in the regular course of business by

      SCPD, FRE 803(6), 803(8)

43.   Department Directive date (Amended 4/01/16) Order Number 16-66, bates stamp
      # SC158 -159*

      Defendants' Objections:

      Defendants object to the admission of this exhibit on the grounds that it is irrelevant

      under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

      Plaintiff's Response:

      Non hearsay documents as they are produced in the regular course of business by

      SCPD, FRE 803(6), 803(8)

44.   Department Directive date (Amended 4/01/16) Order Number 16-42, bates stamp
      # SC160 -163*

      Defendants' Objections:

      Defendants object to the admission of this exhibit on the grounds that it is irrelevant

      under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

Plaintiff's Response:

Non hearsay documents as they are produced in the regular course of business by SCPD, FRE 803(6), 803(8)

45.    Department Directive date (Amended 4/01/16) Order Number 16-43 [Field Intelligence Officer Program, bates stamp # SC164 -166*

Defendants' Objections:

Defendants object to the admission of this exhibit on the grounds that it is irrelevant under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

Plaintiff's Response:

Non hearsay documents as they are produced in the regular course of business by SCPD, FRE 803(6), 803(8)

46.    Department Directive date (Effective Date 3/15/16) Order Number 13-13, bates stamp # SC167*

Defendants' Objections:

Defendants object to the admission of this exhibit on the grounds that it is irrelevant under Rules 401, 402 and/ or 403 of the Federal Rules of Evidence.

Plaintiff's Response:

Non hearsay documents as they are produced in the regular course of business by SCPD, FRE 803(6), 803(8)

47.    Police application documents, bates stamp #B. Garcia 097-141

Defendants' Objections:

Much of the documents provided in this exhibit constitute inexplicable handwritten notes of an unknown origin, blank forms, instructions, e-mails, computer printouts and articles that constitute inadmissible hearsay under Rule 802 of the Federal Rules of Evidence and/ or are irrelevant under Rules 401 and/ or 402 and/ or improper under Rule 403. Defendants object to their introduction on these grounds as well as on grounds of authenticity.

Plaintiff's Response:

Non hearsay documents as they are produced in the regular course of business by SCPD, FRE 803(6), 803(8)

48.    Intelligence Debriefing Worksheet 2/5/16 on Frank J. Rafanelli by Michael Turansky*

49.    Case File Report IDS Case Number: 16-000349-Case Date 2/8/16 –Personnel Christopher Dunne.*

50.    Defendants' Response to Plaintiff's First Set of Interrogatories*

Defendants' Objections:

Defendants object on the grounds that these responses constitute inadmissible hearsay under Rule 802 of the Federal Rules of Evidence and/ or are irrelevant under Rules 401 and/ or 402 and/ or improper under Rule 403.

Plaintiff's Response:

Defendants' responses to Plaintiff's First Set of Interrogatories are admissible and relevant under FRCP33(c), FRE 401 and 402, is admissible under FRE

801(d)(1)(A)(B) and its probative value outweighs any claims of prejudice by

Defendants, FRE 403

51.    CJIS Log Information search by YOUNGDAV on Brian Garcia (portions redacted)*

***Defendant does not object to this exhibit on the grounds of authenticity provided that the records being introduced into evidence are exact copies of the originals that were previously provided or filed by Defendants or Plaintiffs.***

****Defendant does not object to this exhibit on any ground***.

### Defendants' Exhibits:

Defendants reserve their right to offer into evidence any and all relevant and admissible exhibits, and all portions thereof, previously identified by Plaintiff whether or not Plaintiff actually offers such exhibits. Said exhibits are hereby incorporated by reference. Additionally, Defendants may offer the following exhibits in evidence in their case-in-chief, for impeachment purposes (to the extent known at this time) or on rebuttal (also to the extent known at this time):

A.  Suffolk County Police Department Radio Transmissions *

B.  Overhead map of the area where the plaintiff's vehicle was stopped and the home of Frank Rafanelli located at 167 Daly Road, East Northport*

C.  AVL Map of Sunken Meadow Parkway, Commack*

D.  IRS check on 167 Daly Road, East Northport

Plaintiff's Objection:
Object pursuant to FRE 401, 402

Defendants' Response:

Prior police contact regarding narcotics at said known drug location which is

the home of Frank Rafanelli where Defendants initially observed Plaintiff

engaged in what appeared to be a hand-to-hand drug transaction with him

prior to Plaintiff's car stop on the night of the incident is highly relevant to the mindset of the police officers on said night. Pursuant to FRE Rule 401, this evidence is relevant as it has a tendency to make the fact that Plaintiff and Rafanelli were engaged in a hand-to-hand drug transaction as observed by the named defendants more probable than it would be without the evidence and the fact is of consequence in determining the action.

E.  IRS check on Frank Rafanelli

Plaintiff's Objection:

Object pursuant to FRE 401, 402, 403, 404(a)(1)

Defendants' Response:

Prior police contact regarding narcotics with Frank Rafanelli when Defendants initially observed Plaintiff engaged in what appeared to be a hand-to-hand drug transaction with him prior to Plaintiff's car stop on the night of the incident is highly relevant to the mindset of the police officers on said night. Pursuant to FRE Rule 401, this evidence is relevant as it has a tendency to make the fact that Plaintiff and Rafanelli were engaged in a hand-to-hand drug transaction as observed by the named defendants more probable than it would be without the evidence and the fact is of consequence in determining the action. This evidence is not being admitted as character evidence against any witness so FRE 404(a)(1) is inapplicable.

F.  License plate run of Plaintiff's vehicle on 5/20/16 **

G.  Intelligence Debriefing Worksheets dated 2/5/16 and 5/15/16

Plaintiff's Objections:

43

Object pursuant to FRE 401, 402

Defendants' Response:

As Plaintiff lists these documents on his own exhibit list, it is unclear how or why he wishes to make the argument that they are not relevant. However, given that these worksheets delineate the information known to the police of Frank Rafanelli's drug dealing, they are clearly relevant.

H. Narcotics Compartment Case File Reports generated from Intelligence Debriefing Worksheets dated 2/5/16 and 5/15/16

Plaintiff's Objections:

Object pursuant to FRE 401, 402 , 403 and 404(a)(1)

Defendants' Response:

As Plaintiff lists these documents on his own exhibit list, it is unclear how or why he wishes to make the argument that they are not relevant or they are impermissible character evidence. However, given that these case file reports delineate the information known to the police of Frank Rafanelli's drug dealing, they are clearly relevant. This evidence is not being admitted as character evidence against any witness so FRE 404(a)(1) is inapplicable.

I. Arrest records of Plaintiff from his April 2016 arrest by Northport Police Department

Plaintiff's Objections:

Object pursuant to FRE 401, 402, 403 and 404(a)(1)

Defendants Response:

As this evidence of Plaintiff's actual arrest a couple weeks before the date of the incident on drug-related charges is the more reasonable explanation of

why Plaintiff cannot fulfill his lifelong dream of securing a job in law enforcement as opposed to the fact that he was stopped in the instant case and let go without a summons or an arrest and there is no public record of same, it refutes Plaintiff's claim that the car stop in the instant case is the reason and goes directly to his damages. This evidence is not being admitted as character evidence against any witness so FRE 404(a)(1) is inapplicable.

J.  Medical records of Plaintiff from treatment by Bhaskar Nayak, M.D.**

K.  Transcript of Plaintiff's 50-h hearing on 1/5/17 *

Plaintiff's Objection:

The submission of the 50-h transcript is improper as offered by Defendants; Improper hearsay.

Defendant's Response:

Plaintiff's 50-h hearing qualifies as a deposition under the Federal Rules of Civil Procedure and the transcript is thus admissible under Rule 32(a)(1), (2) and (3).

L.  Transcript of Plaintiff's Examination Before Trial on 9/3/19*

Plaintiff's Objection:

The submission of the Examination Before Trial transcript is improper as offered by Defendants; Improper hearsay.

Defendant's Response:

Plaintiff's deposition transcript is admissible under Rule 32(a)(1), (2) and (3) of the Federal Rules of Civil Procedure.

M.  SCPD Internal Affairs file, including both documents and audio, in whole or in part, created as a result of the incident on May 20, 2016 giving rise to the Complaint in this case*

***Plaintiff does not object to this exhibit on the grounds of authenticity.**
****Plaintiff does not object to this exhibit on any ground**.

## XII.    FURTHER RESERVATION OF RIGHTS

Subject to the ruling of this Court, Plaintiff and Defendants, by and through counsel, reserve their respective rights to amend and to supplement this Pre-Trial Order.

Subject to the ruling of this Court, Plaintiff and Defendants reserve the right to use any relevant and admissible exhibit identified by Plaintiff's or Defendants' exhibit lists whether or not the Plaintiff or Defendants actually offer such exhibit at the time of trial.

Subject to the ruling of this Court, Plaintiff and Defendants reserve the right to object to any of Plaintiff's or Defendants' exhibits which have not been provided to either party.

Subject to the ruling of this Court, Plaintiff and Defendants respectfully reserve the right to offer for evidence any items, information, and documents obtained pursuant to subpoena.

Subject to the ruling of this Court, Plaintiff and Defendants additionally reserve the right to object to Plaintiff's or Defendants' exhibits based on relevancy or other evidentiary grounds.

The Parties respectfully reserve the right, subject to the ruling of this Court, to call upon any witnesses identified by each other's Joint Pre-Trial Order in this action.

Dated: February 17, 2023

LAW OFFICES OF
FREDERICK K. BREWINGTON
*Attorneys for Plaintiff*
556 Peninsula Boulevard
Hempstead, New York

*/s/ Frederick K. Brewington*
By: FREDERICK K. BREWINGTON

DENNIS M. COHEN
COUNTY ATTORNEY
*Attorneys for Defendants*
100 Veterans Memorial Highway
Hauppauge, New York 11788

*/s/ Stacy A. Skorupa*
By: STACY A. SKORUPA

46