UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JERRY QUINN MCKOY,

Plaintiff,

-against-

SUFFOLK COUNTY CORRECTIONAL FACILITY,
JENNIFER TAY, DEVIN CALANDRA, HELEN
BALCUK, VINCENT FUSCO and SERGEANT RUNG,

Defendants.

**PROPOSED JOINT PRETRIAL
ORDER**

14-cv-00249(LDH)(JMW)

The parties hereby submit this Proposed Joint Pretrial Order pursuant to Section

VI.B of the Court's Individual Rules and Practices.

1.  **The full caption of the action.**

    The full caption appears above.

2.  **The names, addresses (including firm names), telephone numbers, and email addresses of trial counsel.**

    For Plaintiff:

    Jerry Quinn McKoy, plaintiff pro se
    43 Harrison Drive
    Box 1245
    Shirley, New York 11967

    For Defendants:

    Assistant County Attorney S. Zwilling
    for Dennis M. Brown, Acting Suffolk County Attorney
    100 Veterans Memorial Highway
    Hauppauge, NY 11788
    (631) 853-4055
    arlene.zwilling@suffolkcountyny,gov

3.  **A brief statement by Plaintiff as to the basis of subject matter jurisdiction and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements shall include citations to statutes relied upon and relevant facts as to citizenship and jurisdictional amount.**

Subject matter jurisdiction is not disputed.

4.  **A brief summary by each party of the claims and defenses that the party has asserted which remains to be tried, without recital of evidentiary matter, but including citations to all statutes relied on.  Such summaries shall identify all claims and defenses previously asserted that are not to be tried.**

**Plaintiff's Claims:**

1)  Plaintiff states that he had no control over what _____ caused his injury.

**Defenses:**

a)    That the operative complaint fails to state a claim upon which relief can be granted.

b)    That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

c)    That the operative complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

d)    That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

e)    That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

f)    That the doctrines of respondent superior and vicarious liability do not apply to a civil rights claim.

g)    That this Court lacks personal jurisdiction over defendants.

h)    That defendants' actions, if any, were justified by the facts and circumstances presented.

i)    That the defendants at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

j)      That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

k)      That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

l)      That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

m)      This action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

n)      That this inmate claim is barred by the provisions of 42 U.S.C. §1997e.

o)      That defendants were not personally involved in the alleged derivation of plaintiff's constitutional rights.

5.      **Damages**

6.      **A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

Plaintiff's Statement:  The case is to be tried with a jury.  Plaintiff estimates needing 3-10 days for his case.

Defendants' Statement:  Defendants estimate needing 1 day for their case.

7.      **A statement as to whether or not all parties have consented to trial of the case by a Magistrate Judge (without identifying which parties have or have not so consented).**

All parties have not consented to trial of the case by a Magistrate Judge.

8.      **Any stipulation or agreed statements of fact or law which have been agreed to by all.**

None.

**A statement by each party as to the witnesses whose testimony is to be offered in its case in chief with a brief narrative statement of the expected testimony of each witness.**

**Plaintiff's Witnesses**

    Jennifer Tay

**Defendants' Witnesses**

    In addition to the parties and the persons named by plaintiff as witnesses, whom defendants reserve the right to call as witnesses regardless of whether or not called by plaintiff, defendants intend to call the following persons as witnesses:

    a)  Thomas Troiano, M.D.

    b)  Vincent Geraci, D.O.

    c)  Leon Hazarian, N.P.

    d)  Kim Scarpati, P.A.

    e)  Helen Balcuk, R.N.

    Witnesses are medical professionals who treated plaintiff at the Suffolk County Correctional Facility Jail Medical Unit. They will testify as to that treatment.

9.    **A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.**

**Plaintiff's Designations**

    None.

**Defendants' Designations**

    Defendants do not intend to offer any deposition testimony as part of their case in chief.  However, they reserve their rights to utilize all deposition testimony for impeachment and all other purposes permitted by the Federal Rules of Evidence and Federal Rules of Civil Procedure.

10.    **A list by each party of exhibits to be offered in its case in chief.  The opposing party must indicate what exhibits it objects to and the nature of the objection (e.g., "authenticity," "hearsay," "Rule 403").  Any objection not listed shall be deemed waived.  The schedule will also include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal.  Parties are expected to resolve all issues of authenticity, chain of custody, and related grounds before trial.  Meritless objections based on these grounds may result in the imposition of sanctions.  Only exhibits listed will be received in evidence, except for good cause shown.**

**Plaintiff's Exhibits**

    Unspecified medical records

**Defendants' Exhibits**

In addition to the items in plaintiff's list of exhibits, which defendants reserve the right to move into evidence if not offered or not received when offered by plaintiff, defendants intend to offer the following items into evidence

1) Incident Report dated October 19, 2013.
2) Plaintiff's medical records from the Suffolk County Correctional Facility.
3) Plaintiff's mental health records from the Suffolk County Correctional Facility.
4) Plaintiff's medical records from the New York State Department of Corrections.

**IT IS ORDERED** that the Pretrial Order may be modified at the time of trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court.

_____
Jerry Quinn McKoy, Plaintiff *Pro Se*

*/s/ Arlene S. Zwilling*
Arlene S. Zwilling
Assistant County Attorney
ATTORNEY FOR  COUNTY DEFENDANTS

APPROVED AS TO FORM AND SUBSTANCE:

DATED: _____

_____
LaShann DeArcy Hall, U.S.D.J.