FILED
CLERK

January 19, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JERRY QUINN MCKOY,

                Plaintiff,

                                               **ORDER**
    -against-                                14-CV-00249(JMW)

JENNIFER TAY, *et al.*,

                Defendants.
-------------------------------------------------------------X

**WICKS**, Magistrate Judge:

Before the Court is the application of *pro se* plaintiff Jerry Quinn McKoy ("plaintiff") for the appointment of *pro bono* counsel to represent him at the trial in this case and to which the defendants have filed no objection. (*See* ECF No 178.) Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting *Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." *Id.* at 61.

The Court has reviewed plaintiff's application and the record in this case and finds that the appointment of *pro bono* counsel is warranted at this time. Accordingly, plaintiff's application for appointment of counsel is granted and the Court appoints Louis Frank Chisari, Esq. from the Court's *pro bono* panel to represent plaintiff for the purpose of the trial in this case. Mr. Chisari shall file a notice of appearance and contact the plaintiff forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:   January 18, 2024
         Central Islip, New York

                                                        SO ORDERED:

                                                        /S/ *James M. Wicks*
                                                        JAMES M. WICKS
                                                        United States Magistrate Judge

2