UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X
JERRY QUINN McKOY,                                        Case No.: 14-CV-0249-JMW

                                Plaintiff,

   -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
CORRECTIONAL FACILITY, JENNIFER TAY,
DEVIN CALANDRA, HELEN BALCUK, VINCENT
FUSCO and SERGEANT RUNG,

                              Defendant(s),
-----------------------------------------------------------------------------X


## PLAINTIFF JERRY QUINN McKOY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE §15

 

Respectfully submitted,
Marcote & Associates, P.C.
By: Louis F. Chisari, Esq.
3960 Merrick Road, 2nd Floor
Seaford, New York 11783
File No.: MA24-0160
Tel: (516) 280-2281
Fax: (516) 280-2283
E-Mail Address: lchisari@marcotelaw.com

## TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| STANDARD OF REVIEW | 1 |
| STATEMENT OF FACTS | 3 |
| ARGUMENT | 5 |
|     Plaintiff McKoy Is Entitled to Leave to Amend Plaintiff McKoy's Complaint | 5 |
| CONCLUSION | 8 |

# TABLE OF AUTHORITIES

**CASE LAW**

Deluca v. Atlantic Refining Co., 176 F.2d 421 (2d Cir.1949), cert. denied, 338 U.S. 943, 70 S. Ct. 423, 94 L. Ed. 581 (1950) ............................................. 5

Foman v. Davis, 371 U.S. 178, 182 (1962) ............................................. 5

Gleason v. McBride, 869 F.2d 688, 693 (2d Cir.1989) ............................................. 6

Golden Trade, S.r.L v. Jordache, 143 F.R.D 504, 506 (S.D.N.Y 1992) ............................................. 2

Joinnides v. Floral Park-Bellerose Union Sch. Dist., No. 12-cv-5682 (JS) (AKT) (E.D.N.Y. Mar. 31, 2015) ............................................. 2

Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007) ............................................. 1

Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 553 (2010) ............................................. 1

Long v. United States, 616 F. Supp. 1280 (E.D.N.Y.1985) ............................................. 5

Myers v. Moore, 326 F.R.D. 50, 64 (S.D.N.Y. 2018) ............................................. 1

Pangburn v. Culbertson, 200 F.3d 65 (2d Cir. 1999) ............................................. 5

Otegbade v. New York City Admin. For Children Servs., No. 12-CV-6298(KPF)(S.D.N.Y. Feb. 27, 2015) ............................................. 1

re American Express Anti-Steering Rules Antitrust Litig., No. 11-MD-2221(NGG)(RER)(E.D.N.Y. Jan. 7, 2016) ............................................. 2

Sanzone v. Donovan, 2010 U.S. Dist. Lexis 11883 at *7 (E.D.N.Y. Nov. 9, 2010) ............................................. 5

Schoolcraft v. City of New York, 10 Civ. 6005 (RWS)(S.D.N.Y. Jul. 20, 2012) ............................................. 1

Scott v. Coughlin, 944 F. Supp. 266, 270 (S.D.N.Y.1996) ............................................. 6

S.S. Silberblatt v. East Harlem Pilot Block Building 1 Hous. Dev. Fund Co., Inc., 608 F.2d 28, 42 (2d Cir. 1979) ............................................. 2

Velez v. Koehler, 87 Civ. 2019 (KMW) (S.D.N.Y. July 18, 1991) ............................................. 6

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 15(a)(2) ............................................. 6

Fed. R. Civ. P. 15( c) ............................................. 6

Fed. R. Civ. P. 15(c)(1)(C(I) ............................................. 6

Fed. R. Civ. P. 15(c)(1)(C)(ii) ............................................. 6

**STATUTES/CODES**

42 USC §1983 ............................................. 6

## PRELIMINARY STATEMENT

Plaintiff, JERRY QUINN McKOY (hereinafter "McKoy"), submits this memorandum of law in support of Plaintiff McKoy's motion to amend his First Amended Complaint. The proposed Second Amended Complaint, which is attached as Exhibit 1, seeks to add the County of Suffolk as a named defendant and to further clarify Plaintiff McKoy's claims from his *Pro Se* First Amended Complaint.

## STANDARD OF REVIEW

Motions to amend a complaint are governed by Federal Rule of Civil Procedure ("Rule") 15. Rule 15(a) provides where, as here, a party cannot amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is within the court's discretion, Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 553 (2010), and the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). *See also*, Schoolcraft v. City of New York, 10 Civ. 6005 (RWS), 2012 U.S. Dist. Lexis 82888 at *2 ,(S.D.N.Y. Jul. 20, 2012).

In determining whether to grant leave to amend, a district court may consider "whether allowing the amendment of the pleading at this stage of the litigation will prejudice" the opposing party. Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007). However, "[t]he court is not required to reach the issue of prejudice." Myers v. Moore, 326 F.R.D. 50, 64 (S.D.N.Y. 2018) (*citing* Otegbade v. New York City Admin. For Children Servs., No. 12-CV-6298(KPF), 2015 WL 851631, at *4 (S.D.N.Y. Feb. 27, 2015)).

A party seeking leave to amend under Rule 15 must establish "that amendment is not futile, is not the product of undue delay or bad faith, and would not overly prejudice the non-movant." In

re American Express Anti-Steering Rules Antitrust Litig., No. 11-MD-2221(NGG)(RER), 2016 WL 748089, at *4 (E.D.N.Y. Jan. 7, 2016) (*citing* Joinnides v. Floral Park-Bellerose Union Sch. Dist., No. 12-cv-5682 (JS) (AKT), 2015 WL 1476422, at *15 (E.D.N.Y. Mar. 31, 2015).

"If the [movant] has at least colorable grounds for relief, justice ... require[s]" that the Court grant leave to amend a complaint. Golden Trade, S.r.L v. Jordache, 143 F.R.D 504, 506 (S.D.N.Y 1992)(*quoting*, S.S. Silberblatt v. East Harlem Pilot Block Building 1 Hous. Dev, Fund Co., Inc., 608 F.2d 28, 42 (2d Cir. 1979).

## STATEMENT OF FACTS

Plaintiff McKoy commenced the within action by filing a Complaint with the Court on or about January 2, 2014, (D.E. #1, *see also,* Exhibit 2 to Declaration of Louis F. Chisari, Esq.) against Defendants Suffolk County Corrections, Suffolk County Sheriff Vincent F. DeMarco; Suffolk County Corrections Nurse Administrator; Suffolk County Nurse (Jane Does #1 and #2) alleging that on October 19 [2013], Plaintiff McKoy had a seizure as a result of not receiving his medications and that during said seizure, Plaintiff McKoy fell over a box and reinjured Plaintiff McKoy's back. On or about April 10, 2014, Defendant Vincent Geraci filed an "Answer" to Plaintiff McKoy's Complaint. (D.E. #12, *see also,* Exhibit 3 to Declaration of Louis F. Chisari, Esq.).

On or about June 13, 2018, United State Magistrate Judge A. Kathleen Tomlinson granted Plaintiff McKoy leave to file an Amended Complaint (D.E. #67, *see also,* Exhibit 4 to Declaration of Louis F. Chisari, Esq.). Plaintiff McKoy's First Amended Complaint dated April 24, 2018 became the operative complaint (D.E. #152, *see also,* Exhibit 5 to Declaration of Louis F. Chisari, Esq.). Plaintiff's First Amended Complaint named as individually named Defendants, Jennifer Tay, Nurse Administrator; Delvin Calandra, Nurse; Helen Balcuk, Nurse; Vincent Fusco, Correctional Officer and Sergeant Rung. Plaintiff McKoy again alleged that he sustained injuries while an inmate at the Suffolk County Correctional Center on October 19, 2013, resulting from Defendants failure to provide medication. Defendant Suffolk County Correctional Facility, through Defendant's attorney, Suffolk County Attorney's Office, filed an Answer to the First Amended Complaint on February 25, 2019. (D.E. #75, *see also,* Exhibit 6 to Declaration of Louis F. Chisari, Esq.). Defendants Devin Calandra, Vincent Fusco and Sgt. Rung, through Defendant's attorney, Suffolk County Attorney's Office, filed an Answer to the First Amended Complaint on December 16, 2021

(D.E. #140, *see also,* Exhibit 7 to Declaration of Louis F. Chisari, Esq.).

Plaintiff's Motion to Appoint Counsel was granted on January 19, 2024. (D.E. #184, *see also,* Exhibit 8 to Declaration of Louis F. Chisari, Esq.). By Notice of Appearance dated January 25, 2024, Louis F. Chisari, Esq. appeared for Plaintiff McKoy. (D.E. #185, *see also,* Exhibit 9 to Declaration of Louis F. Chisari, Esq.).

Pursuant to the Court's direction following the parties conference on March 4, 2024, Plaintiff McKoy filed a notice of intent to file a Second Amended Complaint on March 22, 2024. (D.E. #188, *see also,* Exhibit 10 to Declaration of Louis F. Chisari, Esq.), along with a copy of the proposed Second Amended Complaint, which sought to clarify Plaintiff McKoy's claims, which were previously filed *pro se.* (See D.E. #188, Att. #1, *see also,* Exhibit 1 to Declaration of Louis F. Chisari, Esq.). Defendants objected to the filing of the Second Amended Complaint, contending that the amended complaint contained pendent claims made for the first time 7 years after the lapse of the statute of limitations. (See D.E. 189, *see also,* Exhibit 11 to Declaration of Louis F. Chisari, Esq.).

## ARGUMENT

### Plaintiff McKoy Is Entitled to Leave to Amend Plaintiff McKoy's Complaint

As noted above, leave to amend is freely granted when justice requires, and the Court has substantial discretion in rendering a decision on a motion to amend. *See*, e.g., Pangburn v. Culbertson, 200 F.3d 65 (2d Cir. 1999); *see also*, Sanzone v. Donovan, 2010 U.S. Dist. Lexis 11883 at *7 (E.D.N.Y. Nov. 9, 2010)(granting motion to amend answer to assert defense and noting "[o]nly where the amendment would be futile, there has been undue delay, bad faith, a dilatory motive on the part of the movant, a repeated failure to cure deficiencies by amendments previously allowed, or where undue prejudice to the opposing party by virtue of allowance of the amendment would occur should leave be denied.") (*citing*, Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, the proposed amendments in the Second Amended Complaint seek to provide more detailed and specific causes of actions based on the original claims made by Plaintiff in his original Complaint and Amended Complaint filed while Plaintiff McKoy was prosecuting the within action *pro se*. Additionally, the proposed amended Second Amended Complaint seeks to add the County of Suffolk as a named defendant.

A motion to amend the complaint may be considered futile if the claims or parties sought to be added are barred by the relevant statute of limitations. Northbrook, 167 F.R.D. at 647-48 (citing Deluca v. Atlantic Refining Co., 176 F.2d 421 (2d Cir.1949), cert. denied, 338 U.S. 943, 70 S. Ct. 423, 94 L. Ed. 581 (1950); Long v. United States, 616 F. Supp. 1280 (E.D.N.Y.1985)). However, under Rule 15(c) of the Federal Rules of Civil Procedure, an otherwise time-barred amendment may be deemed timely based on the "relation back" doctrine. Fed.R.Civ.P. 15(c) (1). Rule 15(c) (1) provides, in pertinent part, that "[a]n amendment of a pleading relates back to the date of the original

pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c) (1)(A).

Here, no new facts are alleged in the proposed amendment. Plaintiff seeks to name the County of Suffolk as a defendant in the complaint. There is no dispute that the County of Suffolk is part of the same conduct, transaction and occurrence set forth in the original complaint. Accordingly, plaintiff has satisfied this prerequisite for application of the relation-back theory. Fed.R.Civ.P. 15(c) (1)(A).

Under the doctrine of constructive notice "the court can impute knowledge of a lawsuit to a new defendant government official through his attorney, when the attorney also represented the officials originally sued, so long as there is some showing that the attorney knew that the additional defendants would be added to the existing suit." Scott v. Coughlin, 944 F. Supp. 266, 270 (S.D.N.Y.1996) (*quoting* Velez v. Koehler, 87 Civ. 2019 (KMW), 1991 WL 130918, at *2 (S.D.N.Y. July 18, 1991)), vacated on other grounds, 138 F.3d 474 (2d Cir. 1998). In deciding whether the government attorney possessed the requisite knowledge, the question is whether the attorney "knew or should have known that the defendants ... would be named." Gleason v. McBride, 869 F.2d 688, 693 (2d Cir.1989), thereby satisfying the requirements of Fed. R. Civ. P. 15(c)(1)(C(i).

The final condition for relation back requires that the party to be brought in knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party (Fed. R. Civ. P. 15(c)(1)(C)(ii). Here, Plaintiff McKoy's initial complaint and first amended complaint alleged Plaintiff's causes of action under 42 USC §1983 for denial of Plaintiff's right to proper medical treatment and contained allegations of failure's of the

-6-

individually named Nurses and Corrections Officers to have proper training and supervision. Further, Plaintiff McKoy named Suffolk County Correctional Facility as a named Defendant. As such, proposed Defendant County of Suffolk knew, or should have known, that but for a mistake in identifying the County of Suffolk as a named Defendant by Plaintiff McKoy while acting *pro se*, the County of Suffolk is a proper Defendant.

## CONCLUSION

For the reasons set forth above, the motion by Plaintiff McKoy to amend Plaintiff McKoy's Complaint should be granted, together with such other and further relief as the Court may deem just and proper.

Dated: April 11, 2024
      Seafod, New York

                                  MARCOTE & ASSOCIATES, P.C.

                                  *Louis F. Chisari*

                                  By: Louis F. Chisari
                                  Marcote & Associates, P.C.
                                  3960 Merrick Road, 2nd Floor
                                  Seaford, New York 11783
                                  File No.: MA24-0160
                                  Tel: (516) 280-2281
                                  Fax: (516) 280-2283
                                  E-Mail Address: lchisari@marcotelaw.com

## CERTIFICATE OF SERVICE

I, LOUIS F. CHISARI, do hereby certify under the penalties of perjury as follows:

I am an partner of the law firm of MARCOTE & ASSOCIATES, P.C., attorney(s) for the within named Plaintiff, JERRY QUINN McKOY that on the 12th day of April, 2024, I served the within **'NOTICE OF MOTION'; 'DECLARATION OF LOUIS F. CHISARI, ESQ.' AND 'DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND PLEADINGS'** upon the attorney(s) record for the Defendants, by depositing a true copy of the same securely enclosed in a post-paid wrapper in a Post Office Box regularly maintained by the United States Government in said County of Nassau directed to said attorney(s) at:

> Suffolk County Attorney's Office
> Attn: Arlene S. Zwilling, Assistant County Attorney
> Attorneys for Defendants
> P.O. Box 6100
> Hauppauge New York 11788-0099

being the address within the State designated by them for that purpose upon the proceeding papers in this action, or the place where they then kept an office, between which places there then was and now is a regular communication by mail. Furthermore, as stated above I personally delivered a copy of this motion and all supporting papers to the office listed above.

And via e-mail to the following:

Arlene S. Zwilling    arlene.zwilling@suffolkcountyny.gov

*Louis F. Chisari*
Louis F. Chisari, Esq.

# UNITED STATES DISTRICT COURT
## for the
# EASTERN DISTRICT OF NEW YORK

### INDEX NUMBER: 19-cv-03104

JERRY QUINN McKOY

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY CORRECTIONAL FACILITY, JENNIFER TAY, DEVIN CALANDRA, HELEN BALCUK, VINCENT FUSCO and SERGEANT RUNG,

# 'MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT'

**MARCOTE ASSOCIATES, P.C.**
*Attorney and Counselors at Law*
Attorneys for Plaintiff
JERRY QUINN McKOY
3960 Merrick Road, 2nd Floor
Seaford, New York 11783
PHONE:(516) 280-2281
FAX:   (516) 280-2283

8