UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JERRY QUINN MCKOY,

                  Plaintiff,

-against-

SUFFOLK COUNTY CORRECTIONAL FACILITY,
JENNIFER TAY, DEVIN CALANDRA, HELEN
BALCUK, VINCENT FUSCO and SERGEANT RUNG,

                  Defendants.

**ANSWER TO AMENDED COMPLAINT**

14-cv-00249(LDH)(AKT)

**JURY TRIAL DEMANDED**

Defendant, Suffolk County Correctional Facility, by its attorney, Dennis M. Brown, Suffolk County Attorney, by Arlene S. Zwilling, Assistant County Attorney, answering plaintiff's amended complaint ("the complaint") respectfully:

1. Denies each and every factual allegation contained under the sections of the complaint captioned "II. Basis for Jurisdiction, III. Statement of Claim and IV. Injuries" and refers all questions of law to the Court.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

2. That the complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

3. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

4. That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

5. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendant or otherwise ratified by defendant authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

6. That no custom or usage adopted, followed, endorsed or ratified by defendant authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

7. That the doctrines of respondent superior and vicarious liability do not apply to a civil rights claim.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

8. That this Court lacks personal jurisdiction over defendant.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

9. That this Court lacks subject matter jurisdiction.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

10. That plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

11. That plaintiff's claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and/or res judicata.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

12. That defendant's actions, if any, were justified by the facts and circumstances presented.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

13. That the defendant, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

14. That defendant acted in what he did solely pursuant to his duties and responsibilities as law enforcement and/or prosecuting officials.

15. That defendant at all times acted in good faith in that he reasonably believed that he was exercising and acting within his statutory and constitutional powers.

16. That in performing such duties and responsibilities, defendant is and was protected by absolute and/or qualified Federal and/or State immunity.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

17. This action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

18. That this inmate claim is barred by the provisions of 42 U.S.C. §1997e.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

19. That its claims are barred by the applicable statutes of limitations.

Wherefore, defendant demands judgment against the plaintiff dismissing the Amended Complaint, together with the costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
      February 25, 2019

                                  Dennis M. Brown
                                  Suffolk County Attorney
                                  Attorney for Defendant
                                  Suffolk County Correctional Facility
                                  P.O. Box 6100
                                  100 Veterans Memorial Highway
                                  Hauppauge, New York 11788-0099

                          By: _____
                                Arlene S. Zwilling
                                Assistant County Attorney

To:
Jerry Quinn McKoy
Plaintiff *Pro Se*
2727 Kendall Drive
Charlotte, NC 28216

4