UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JERRY QUINN MCKOY,

                                        Plaintiff,

-against-

                                        14-cv-00249 (JMW)

JENNIFER TAY, DEVIN CALANDRA, HELEN
BALCUK, VINCENT FUSCO and SGT. RUNG,

                                        Defendants.

## DEFENDANTS' MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION TO AMEND

Dated: Hauppauge, New York
        April 26, 2024

                                        Respectfully submitted,

                                        Christopher J. Clayton
                                        Suffolk County Attorney
                                        Attorney for Defendants
                                        Calandra, Fusco and Rung
                                        Suffolk County Correctional Facility
                                        P.O. Box 6100
                                        100 Veterans Memorial Highway
                                        Hauppauge, New York 11788-0099

                                 By: Arlene S. Zwilling
                                    Assistant County Attorney

**PRELIMINARY STATEMENT**

Devin Calandra, Sgt. Rung and Vincent Fusco, defendants in this action pursuant to 42 U.S.C. § 1983, submit this memorandum of law in opposition to the motion of plaintiff Jerry McKoy for leave to amend the Second Amended Complaint.

In addition to the § 1983 claim set forth in the operative complaint, plaintiff now seeks to add two pendent claims against the County: a proposed fifth claim, expressly pled as one for *respondeat superior* liability, and a proposed sixth claim for the intentional infliction of emotional distress.

However, as demonstrated by the attached Declaration of Roseann Gargiulo (Exhibit A), plaintiff never filed a Notice of Claim with the County of Suffolk. As moving defendants now explain, his failure to do so precludes him from bringing the proposed state law tort claims. Accordingly, it would be futile to allow the proposed amendment.

**ARGUMENT**

**IT WOULD BE FUTILE
TO GRANT LEAVE TO AMEND**

After twice amending his complaint, plaintiff now seeks leave to amend it a third time. The proposed amendment seeks to add pendent claims against the County of Suffolk.

Fed. R. Civ. P. 15, the rule that governs amendment of a pleading, provides that leave to amend "shall be freely given where justice so requires." *Fed. R. Civ. P. 15(a).* It is "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 201 (2d Cir. 2007*)* quoting *Zahra v. Town of Southold,* 48 F.3d 674, 686 (2d Cir. 1995)*.* A district court has discretion to deny leave for good reason,

including futility, bad faith, undue delay, or undue prejudice to the opposing party. *McCarthy,* at 201-202 citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

New York General Municipal law § 50-i establishes the prerequisites that must be satisfied before a plaintiff can bring tort claims against a municipality such as the County of Suffolk. The statute reads in relevant part:

> No action or special proceeding shall be prosecuted or maintained against a …county….for personal injury…or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such …county…or of any officer, agent or employee thereof…unless…a notice of claim shall have been made and served upon the…county…

The prerequisites of N.Y. Gen. Mun. Law § 50-i are applicable to all state law tort claims, even those brought in the federal court. See *Rodriguez v. Nassau Cnty.*, 2019 WL 4674766, at *16 (E.D.N.Y. Sept. 25, 2019), *aff'd sub nom. Rodriguez v. Cnty. of Nassau*, 830 F. App'x 335 (2d Cir. 2020) quoting *Henneberger v. Cnty. of Nassau*, 465 F. Supp. 2d 176, 199 (E.D.N.Y. 2006) (finding that "because plaintiffs failed to serve a timely notice of claim on the County, all of their state law claims against the individual defendants and the County are dismissed without prejudice").

As stated in the accompanying Declaration of Roseann Gargiulo, plaintiff has never filed a Notice of Claim with the County of Suffolk. His failure to do so precludes him from bringing state law tort claims against the County. It would therefore be futile to grant the motion to amend.[i]

**CONCLUSION**

Plaintiff's motion for leave to amend the complaint pursuant to Rule 15(a)(2) should be denied.

Dated: Hauppauge, New York
April 26, 2024

CHRISTOPHER J. CLAYTON
Suffolk County Attorney
Attorney for Defendants Calandra,
Rung and Fusco
Office and P.O. Address
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788

By: /s/ Arlene S. Zwilling
Arlene S. Zwilling
Assistant County Attorney

---

i   Additionally, claims may not be made against municipalities in the State of New York for intentional infliction of emotional distress. See e.g., *J.H. v. Bratton*, 248 F.Supp. 401, 416 n.10 (E.D.N.Y. 2017). Plaintiff's proposed *respondeat superior* claim is clearly a pendent claim as § 1983 claims cannot be premised upon *respondeat superior*. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S,Ct. 2018, 56 L.Ed.2d 611 (1978). _"