UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JERRY QUINN MCKOY,

                                                                                **MEMORANDUM**
                                                                                **AND ORDER**
                               *Plaintiff,*                                          14-cv-00249 (JMW)

     -against-


JENNIFER TAY, DEVIN CALANDRA, HELEN
BALCUK, VINCENT FUSCO, and SGT. RUNG,

                               *Defendants.*
-------------------------------------------------------------------X

**A P P E A R A N C E S:**

  **Louis Frank Chisari**
  Marcote & Associates, P.C.
  108 New South Road
  Hicksville, NY 11801
  *Attorney for Plaintiff*

  **Arlene S. Zwilling**
  Suffolk County Attorney
  P.O. Box 6100
  H. Lee Dennison Building-Fifth Floor
  100 Veterans Memorial Highway
  Hauppauge, NY 11788-0099
  *Attorney for Defendant*

**WICKS**, Magistrate Judge:

      On January 2, 2014, incarcerated plaintiff[1] Jerry Quinn McKoy ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Suffolk County

---

[1] The case was reassigned to the undersigned for all purposes on January 16, 2024, and the undersigned appointed *pro se* Plaintiff *pro bono* counsel, Louis Frank Chisari, Esq., to represent Plaintiff for the purpose of the trial in this case. (*See* Electronic Order dated January 16, 2024; ECF No. 184.) Plaintiff appeared *pro se* throughout the case until Mr. Chisari appeared this year.

Correction (the "Jail"), Suffolk County Sheriff Vincent F. DeMarco, and thirteen unidentified individuals all of whom are alleged to be medical professionals or corrections officers working at the Jail, alleging that Plaintiff had a seizure on October 19, 2013 as a result of not receiving his medications while at the Jail, and, during said seizure, Plaintiff fell over a box and reinjured his back. *See generally*, ECF No. 1.[2] On June 8, 2018, Magistrate Judge A. Kathleen Tomlinson granted Plaintiff leave to file an Amended Complaint, which became the operative pleading in this matter (hereafter, the "First Amended Complaint"). (ECF Nos. 67, 152). Plaintiff's First Amended Complaint names as individually named Defendants: Jennifer Tay, Nurse Administrator, Delvin Calandra, Nurse, Helen Balcuk, Nurse, Vincent Fusco, Correctional Officer, and Sergeant Rung (collectively, "Defendants"). (*Id.*) The First Amended Complaint additionally alleges that Plaintiff sustained injuries while an inmate at the Jail on October 19, 2013, resulting from Defendants' failure to provide medication. (*Id.*)

Pursuant to this Court's direction following the parties' conference before the undersigned on March 4, 2024, Plaintiff filed a notice of intent to file a Second Amended Complaint ("SAC") on March 22, 2024, along with a copy of the proposed SAC. (ECF No. 188.) Defendants objected to the filing of the SAC, contending that it contains pendent claims made for the first time seven years after the lapse of the statute of limitations. (ECF No. 189.) In

---

[2] Suffolk County Correction and Sheriff Vincent F. DeMarco were terminated as Defendants in this action pursuant to District Judge Joanna Seybert's March 3, 2014 Memorandum & Order. (ECF No. 7.) Judge Seybert noted that "[i]t is well-established that 'under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.'" (*Id.* at 5.) (quoting *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002)). She held that Plaintiff's claim against the Jail was "not plausible because the Jail has no legal identity separate and apart from Suffolk County." (*Id*); *See Trahan v. Suffolk Cnty. Corr. Fac.*, 12–CV–4353, 2012 WL 5904730, *3 (E.D.N.Y. Nov. 26, 2012) (dismissing claims against the Suffolk County Jail because it "is an administrative arm of Suffolk County, without an independent legal identity.").

light of Defendants' representation that they would not be consenting to the filing of the SAC, the undersigned set a briefing schedule for Plaintiff's anticipated Motion to Amend. (*See* Electronic Order dated March 29, 2024.) Plaintiff filed his Second Motion to Amend the Complaint on May 8, 2024, along with Defendants' Opposition. (*See* ECF Nos. 192, 192-14.)

The SAC seeks to add the County of Suffolk (the "County") as a named defendant in this action, and, in addition to the §1983 claim set forth in the operative complaint, to add two pendent claims against the County: a proposed fifth claim, expressly pled as one for *respondeat superior* liability, and a proposed sixth claim for the intentional infliction of emotional distress. *See generally*, ECF No. 192-3. Plaintiff claims the proposed amendments "seek to provide more detailed and specific causes of actions based on the original claims made by Plaintiff in his original Complaint and [First] Amended Complaint filed while Plaintiff was *pro se*" (ECF No. 192-1 at 9), and that the County "knew or should have known, that but for a mistake in identifying the County as a named defendant by Plaintiff while acting *pro se*, the County is a proper defendant" in this action. (*Id*. at 11.) Defendants solely object to the proposed amendments on futility grounds. *See generally*, ECF No. 192-14. Specifically, Defendants contend that Plaintiff's failure to file a Notice of Claim with the County precludes him from now asserting the proposed state law tort claims against the County. (*Id*. at 2.) For the foregoing reasons, Plaintiff's Second Motion to Amend the Complaint (ECF No. 192) is **GRANTED** *in part* and **DENIED** in part.

## DISCUSSION

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a). Pursuant to Fed. R. Civ. P. 15(a)(2), which provides that "[t]he court shall freely give leave when justice so requires." Generally, "[u]nless there is a showing of bad faith, undue delay,

futility or undue prejudice to the non-moving parties, the district court should grant leave to amend." *Adlife Mktg. & Communs Co. v. Best Yet Mkt., Inc.*, No. 17-CV-02987 (ADS) (ARL), 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). The party opposing the proposed amended pleading has the burden of establishing that amendment would be prejudicial or futile. *Jipeng Du v. Wan Sang Chow*, No. 18-CV-01692 (ADS) (AKT), 2019 WL 3767536, at *4 (E.D.N.Y. Aug. 9, 2019) (internal quotations and citations omitted). The moving party must attach the proposed amended complaint to the motion, as was done here, specifying the new claims and/or parties intended to be added. *See Nabatkhorian v. County of Nassau*, No. 12-CV-1118 (JS) (GRB), 2012 WL 13113646, at *1 (E.D.N.Y. Aug. 9, 2012).

"Although not raised by the parties, Rule 21 is implicated along with Rule 15 because Plaintiff seek[s] to add [an] additional defendant" – the County. *Zucker v. Porteck Glob. Servs., Inc.*, No. 13-CV-2674 JS AKT, 2015 WL 6442414, at *5 (E.D.N.Y. Oct. 23, 2015). Rule 21 of the Federal Rules of Civil Procedure provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see id*. ("The same liberal standard afforded to motions to amend pursuant to Rule 15 is applicable to motions to add a new party pursuant to Rule 21."); *Jipeng Du*, No. 18CV1692ADSAKT, 2019 WL 3767536, at *5 (internal citations omitted) ("[L]eave to amend a complaint to assert claims against additional defendants should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court.").

As previously mentioned, Plaintiff's SAC seeks to add the County of Suffolk as a named defendant, as well as two state law tort claims as against the County. For the reasons stated

4

further below, the Court finds Plaintiff is entitled to add the County as a named defendant pursuant to Fed. R. Civ. P. 15(c)(3), however, his proposed amendment to add the two state law tort claims would be futile, as Plaintiff failed to comply with the procedural requirements of New York General Municipal Law § 50-i ("NYGML § 50-i").

I. **Addition of the County as a Named Defendant**

To maintain a section 1983 action arising from conduct that was alleged to have been part of an institutional custom or policy, Plaintiff should have named the County of Suffolk as a defendant in his original Complaint. *See Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 35 (2d Cir. 1996). "Because New York's three-year limitations period, applicable to section 1983 claims[,]" expired in October 2016, Plaintiff may now amend his Complaint to add the County of Suffolk as a defendant only if the amendment "would 'relate back" to the date he filed his original complaint." *Id*. (citing Fed. R. Civ. P. 15(c)(3)) ("Thus the issue posed by this appeal is whether such an amendment would relate back."); *Howard v. City of New York*, No. 02-CV-1731 (KMK), 2006 WL 2597857, at *4 (S.D.N.Y. Sept. 6, 2006) ("When a plaintiff seeks to amend the complaint after the statute of limitations on his claims has run, Fed. R. Civ. P. 15(c) governs."). Rule 15(c) provides, in relevant part:

> An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15 (c)(1)(A)-(C)(i)-(ii) (emphasis added). Accordingly, Plaintiff must show that it was a mistake for him not to have named the County of Suffolk in the caption of his original

5

Complaint in order to satisfy federal relation back rules. *See Howard*, No. 02-CV-1731 (KMK), 2006 WL 2597857, at *4; *Soto*, 80 F.3d at 35 (quoting Fed. R. Civ. P. 15(c)(3)(B)) ("For [plaintiff's] amended complaint to relate back to the date of his original complaint he must show that he failed to name the individual officers due to a 'mistake concerning the identity of the proper party.'").

Here, the parties do not dispute that the County is part of the same conduct, transaction and occurrence set forth in the original Complaint, as Plaintiff's initial Complaint and First Amended Complaint alleged Plaintiff's causes of action for Section 1983 for denial of Plaintiff's right to proper medical treatment, and contained allegations of failures of the individually named nurses and corrections officer to have proper training and supervision. Additionally, Plaintiff named the Jail as a Defendant. To this end, the County "knew or should have known, that but for a mistake in identifying the County[] as a named Defendant by Plaintiff while acting *pro se*, the County[] is a proper [d]efendant." ECF No. 192-1 at 11; *Howard*, No. 02-CV-1731 (KMK), 2006 WL 2597857, at *4 ("Given that Plaintiff asserts allegations against Captain Thompson in paragraph eleven of his Complaint, it clearly was a mistake that he did not name him in the caption. Captain Thompson will not suffer any prejudice if the caption is amended as he is represented by Corporation Counsel who represents the other named Defendants and because the allegations in the body of the Complaint put him on notice of the action."); *Soto*, 80 F.3d at 37 ("[U]nder section 1983, Soto was required to sue the individual defendants to maintain an action arising out of the January 1991 attack. His failure to do so cannot be considered a matter of choice; but for his mistake as to the technicalities of constitutional tort law, he would have named the officers in the original complaint, within the three-year limitations period."); *Mosley v. Jablonsky*, 209 F.R.D. 48, 52 (E.D.N.Y. 2002) (holding amendment related back because the

6

plaintiff "was not aware that he needed to list individuals in the caption of his complaint, nor that he needed to make certain allegations about municipal defendants").[3] As such, Plaintiff's request to add the County of Suffolk as a named defendant in this case is granted.

## II.     Plaintiff's Proposed Supplemental State Law Claims

"One appropriate basis for denying leave to amend is that the proposed amendment is futile." *Lucente v. IBM,* 310 F.3d 243, 258 (2d Cir. 2002); *see also In re Curaleaf Holdings, Inc. Sec. Litig.,* 519 F. Supp. 3d 99, 111 (E.D.N.Y. Feb. 15, 2021) ("[A] court need not grant leave to amend if amendment would be futile."). An amendment is futile if the proposed claim could not withstand a motion to dismiss under Rule 12(b)(6). *IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund v. Royal Bank of Scotland PLC*, 783 F.3d 383, 389 (2d Cir. 2015). The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss.

District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. Though "legal conclusions

---

[3] As Plaintiff identifies, "courts in this circuit have held that constructive notice may be imputed to a new defendant state entity through its attorney when the attorney also represented the officials originally sued, so long as there is some showing that the attorneys knew that the additional defendants would be added to the existing suit. However, this doctrine applies where a plaintiff is legally mistaken regarding the need to sue a particular defendant to recover, or to sue individual defendants rather than a municipality, rather than where a plaintiff is ignorant of the identity of the party he wishes to sue." *Vasquez v. Lazar*, No. 15-CV-8845 (KMK), 2019 WL 1988576, at *7 (S.D.N.Y. May 6, 2019) (internal citations omitted) (collecting cases). Where, as here, a plaintiff was not specifically instructed by the court to file an amended complaint naming the municipality as a defendant, and defendants were otherwise on notice of the potential suit, courts have allowed for the addition of the municipal defendant after the statue of limitations period has expired. *See e.g.*, *Maccharulo v. Gould*, 643 F. Supp. 2d 587, 595 (S.D.N.Y. 2009) ("[T]he Original Complaint's references to the inadequacy of the mental health program for inmates [as against the individual defendants] was sufficient to put the Attorney General on notice to prepare a defense for the [proposed] [e]ntity [d]efendants. Constructive notice, therefore, may be imputed to the State of New York and its agencies, DOCS, OMH, and CNYPC.")

can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

The Court finds Plaintiff's proposed state law claims for *respondeat superior* liability and intentional infliction of emotional distress against the County could not withstand a motion to dismiss, as Plaintiff failed to comply with the Notice of Claim requirement under NYGML § 50-i. Pursuant to NYGML § 50-i, "a plaintiff pursuing litigation against a state county must (1) file a notice of intent to file a claim with the respective county and (2) commence the action within the statute of limitations of 'one year and ninety days after the happening of the event upon which the claim is based.'" *Horton v. Schenectady Cnty.*, No. 821CV983LEKCFH, 2024 WL 1655385, at *2 (N.D.N.Y. Apr. 17, 2024) (quoting N.Y. Gen. Mun. L. § 50-i). It is well established in this Circuit that New York's notice of claim requirements "apply to state law personal injury claims that are brought in federal court as related to Section 1983 cases[:]"

> Federal courts do not have jurisdiction to hear complaints from plaintiffs who have failed to comply with the notice of claim requirement, or to grant permission to file a late notice. To survive a motion to dismiss, a plaintiff must affirmatively plead that a notice of claim was filed.

*Id.* (cleaned up) (collecting cases); *see also Warner v. Vill. of Goshen Police Dep't*, 256 F. Supp. 2d 171, 175 (S.D.N.Y. 2003) ("The notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action."). While Section 50-e "enables

8

a plaintiff to apply to a court for leave to serve a late notice of claim," the application "must be made within the statute of limitations of one year and ninety days." *Id*. at *3 (citing N.Y. Gen. Mun. L. § 50-e(5)); *Delaney v. City of Albany*, No. 12-CV-1575, 2014 WL 701637, at *5 (N.D.N.Y. Feb. 24, 2014) ("Courts have discretion to grant requests to file late notices of claim only up to the statute of limitations period-one year and ninety days from the accrual of the claim.").

This procedural requirement is applied equally and with full force to *pro se* plaintiffs. *See e.g.*, *Troy-McKoy v. City of New York Parks & Recreation Dep't*, 94 N.Y.S.3d 440, 440 (N.Y. App. Div. 1st Dep't 2019) (holding *pro se* plaintiff's claims are barred for failure to file timely notice of claim when he sought leave to file a late notice after statute of limitations expired); *Garcia v. Westchester Cnty.*, No. 19-CV-2167 (CS), 2021 WL 706413, at *5 (S.D.N.Y. Feb. 22, 2021) (dismissing *pro se* plaintiff's state law tort claims under NYGML § 50-i, where defendant represented that *pro se* Plaintiff had not filed a Notice of Claim, and *pro se* plaintiff presented no evidence to the contrary); *Prince v. Suffolk Cnty. Dep't of Health Servs.*, No. 89 CIV. 7243 (LAP), 1996 WL 393528, at *4 (S.D.N.Y. July 12, 1996) (dismissing former *pro se* plaintiff's SAC where the amended complaint failed to include any allegation about a notice of claim); *Tanzi v. Town of Marlborough*, No. 1:13-CV-1113 GTS/RFT, 2014 WL 2815777, at *10 (N.D.N.Y. June 23, 2014) ("[U]nder New York General Municipal Law § 50–i, a plaintiff may assert negligence and malfeasance claims against public officers. However, [*pro se*] [p]laintiff has alleged that, rather than pursue this remedy, he filed a 90–day notice of intent to sue. As a result, his procedural due process claim is dismissed on this alternative ground."); *Liverpool v. City of New York*, No. 20 CIV. 4664 (ER), 2022 WL 4569594, at *6 (S.D.N.Y. Sept. 28, 2022) (dismissing *pro se* plaintiff's state law tort claims where he did not dispute he

failed to file a timely notice of claim); *Garcia v. City of New York*, No. 15 CIV. 7470 (ER), 2017 WL 1169640, at *11–12 (S.D.N.Y. Mar. 28, 2017) (same).

Here, nothing in the SAC indicates that Plaintiff filed the requisite Notice of Claim, and, in fact, Defendants have presented evidence to the contrary. *See generally*, ECF No. 192; *see also* ECF No. 192-14 at 3 ("As stated in the accompanying Declaration of Roseann Gargiulo, plaintiff has never filed a Notice of Claim with the County of Suffolk"); ECF No. 192-15 (Roseann Gargiulo is employed by the Suffolk County Attorney's Office has a Principal Office Assistant. As part of her job responsibilities, she maintains the files of all Notices of Claim filed against the County. She testified that she reviewed said filed and ascertained that plaintiff never filed a Notice of Claim with the County.) "Even assuming that the Court could grant Plaintiff[] leave to make an application to the proper state court, the notice would be filed after the expiration of the statute of limitations and would thus be improper." *Garcia*, No. 15 CIV. 7470 (ER), 2017 WL 1169640, at *11–12. Therefore, because "federal courts must construe New York State notice of claim requirements strictly," and Plaintiff's proposed SAC fails to allege compliance, the Court finds Plaintiff's proposed pendent claims would be futile. *Id*.; *see also Horton*, No. 821CV983LEKCFH, 2024 WL 1655385, at *3 (noting *pro se* plaintiff could not apply for an extension to serve notice, since any application also must be filed no more than a year and ninety days after the cause of action accrued, and dismissing plaintiff's claims against Schenectady County for failure to timely serve the notice of claim under Section 50-i); *Henneberger v. County of Nassau*, 465 F. Supp.2d 176, 199 (E.D.N.Y. 2006) ("[B]ecause plaintiffs failed to serve a timely notice of claim on the County, all of their state law claims against the individual defendants and the County are dismissed without prejudice"); *Rodriguez v. Nassau Cnty.*, No. 16CV2648 (SJF) (ARL), 2019 WL 4674766, at *16 (E.D.N.Y. Sept. 25,

2019), *aff'd sub nom. Rodriguez v. Cnty. of Nassau*, 830 F. App'x 335 (2d Cir. 2020).[4]

Accordingly, Plaintiff's request to amend the First Amended Complaint to add the state law tort claims as against the County is denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's Second Motion to Amend the Complaint (ECF No. 192) is **GRANTED** *in part* and **DENIED** *in part*. Plaintiff is directed to file the SAC on the docket in accordance with this Order on or before May 17, 2024, which pleading shall serve as the operative pleading in this matter. Defendants time to answer or otherwise respond to the SAC shall be on or before June 7, 2024.

Dated: Central Islip, New York
　　　　May 14, 2024

　　　　　　　　　　　　　　　　　　　　　　S O　O R D E R E D:
　　　　　　　　　　　　　　　　　　　　　　/S/ *James M. Wicks*
　　　　　　　　　　　　　　　　　　　　　　　JAMES M. WICKS
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[4] The Court additionally notes that Plaintiff's proposed state law claims for *respondeat superior* liability and intentional infliction of emotional distress against the County would otherwise fail on the merits. *See Garcia*, No. 15 CIV. 7470 (ER), 2017 WL 1169640, at *11 (citing *Monell v. New York City Department of Social Services,* 436 U.S. 658, 691 (1978)) ("[I]t is well settled that a municipality cannot be held liable pursuant to § 1983 on a theory of *respondeat superior*"); *J.H. v. Bratton*, 248 F. Supp. 3d 401, 416 (E.D.N.Y. 2017) (quoting *Noonan v. City of N.Y.*, 14 Civ. 4084, 2015 WL 3948836, at *7 (S.D.N.Y. June 26, 2015)) ("The Court notes, however, that '[i]t is well settled that public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity.' Accordingly, Plaintiff's IIED claim may proceed only against the individual officers who were involved in the misconduct alleged.").