UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JERRY QUINN McKOY,                                    Case No.: 14-CV-0249 -JMW

                              Plaintiff,

        -against-                                     **SECOND AMENDED COMPLAINT**

COUNTY OF SUFFOLK, SUFFOLK COUNTY
CORRECTIONAL FACILITY, JENNIFER TAY,                  **JURY TRIAL DEMANDED**
DEVIN CALANDRA, HELEN BALCUK, VINCENT
FUSCO and SERGEANT RUNG,

                              Defendants.
------------------------------------------------------------------x

        Plaintiff, JERRY QUINN McKOY, by his attorneys, MARCOTE & ASSOCIATES, PC.,

complaining of the defendants herein, allege as follows:

## PRELIMINARY STATEMENT

        1.      This is an action that arises out of the neglect, mistreatment and preventable injuries

to Jerry Quinn McKoy, (hereinafter, "Plaintiff" or "McKoy"), a 58 year old man while he was an

inmate in the care and custody of Suffolk County (the "County"), the Suffolk County Sheriff's

Department ("Sheriff's Department") and the staff of the Suffolk County Correctional Center

("Correctional Center") and in the health and medical care of the staff of the County defendants

throughout McKoy's detention at the Correctional Center.

        2.      At all relevant times herein, it was the duty and obligation of the defendants to care

for, protect, and ensure the welfare of inmates of the Correctional Center, to administer and tend to

the health care needs of inmates, and to provide necessary medical care to those inmates throughout

their incarceration at the Correctional Center.

1

3.      Throughout his incarceration, plaintiff McKoy was denied competent, necessary, medically obvious and timely care and treatment by the defendants or by adequately trained personnel acting on their behalf.

4.      Despite being aware of McKoy's medical, prescription medicine, and nutritional needs, the defendants and their employees refused to meet even the basic levels of those needs and refused to provide McKoy with any level of appropriate care throughout his incarceration from on or about September 30, 2013 through October 19, 2013.

5.      Plaintiff seeks redress against the defendants for their intentional, unconstitutional, reckless and otherwise tortious conduct and for the deliberate indifference exhibited by these defendants, including, without limitation, with regard to policies, customs, practices, protocols, training of personnel, supervision of personnel, due process and the inhumane treatment and his Constitutional entitlements of adequate healthcare and treatment that was not cruel or unusual or considered unacceptable due to the suffering, pain and humiliation inflicted upon McKoy by the defendants.

6.      The defendants had and have known about the deficient, incompetent, unprofessional and negligent health care and medical treatment of inmates at the Correctional Center for years and have failed to make reasonable or effective efforts to remedy this situation.

7.      There has been a long and pervasive history of deficient health and medical care at the Correctional Center so as to establish a pattern of deficient health and medical care and official policies and procedures in effect to deprive inmates of necessary care.

8.      The said long standing pattern of deficient health and medical care demonstrates actual knowledge of the County and all other defendants.

2

9.    The said pattern of deficient health and medical care established, constituted and became policies, practices and customs of the defendants.

10.    Allowing such policies, practices and customs to come into existence, to continue and to persevere constituted deliberate indifference on the part of the defendants.

11.    Each and every action taken, or intentionally not taken, was in adherence and pursuant to the policies, practices and customs of the defendants in providing the absolute minimum level of care that they could provide with the only goal being cost savings to the County and profit for Armor.

12.    The significant pattern of similar violations of inmates' rights to health and medical care at the Correctional Center signified a lack of proper training and supervision.

13.    The County and Sheriff failed and refused to properly train or adequately supervise Correctional Center staff, including Corrections Officers and medical staff, amounting to deliberate indifference to the Constitutional rights of Correctional Center inmates, including McKoy.

14.    There was an obvious need for such training to avoid the violation of the Constitutional rights of McKoy (and other inmates) and the defendants failed and refused to address this situation.

15.    There was a pattern of similar Constitutional violations by untrained or improperly trained employees and agents of the Municipal Defendants.

16.    There was a direct casual link between the aforesaid training and the deprivation of McKoy's Constitutional rights, resulting in his neglect, maltreatment and injuries.

17.    The Municipal Defendants failed to establish a policy or practice that would protect McKoy's (and other Correctional Center inmates) against deficient health and medical care.

18.    The Municipal Defendants failed and refused to properly train or adequately supervise Correctional Center medical staff and corrections officers, focusing only on financial profitability, amounting to deliberate indifference to the Constitutional rights of Correctional Center inmates, including McKoy.

19.    There was an obvious need for such training to avoid the violation of the Constitutional rights of McKoy (and other inmates') and Armor failed to correct the situation regarding this need for training.

20.    The County established policies, customs and practices designed to deprive and delay the rendering of necessary and appropriate medical treatment and care in an effort to minimize the cost of providing medical treatment to inmates, including McKoy, at the correctional Center.

21.    There was a direct casual link between the aforesaid acts and omissions and the deprivation of McKoy's Constitutional rights.

22.    There was an obvious need for supervision of Correctional Center staff, including corrections officers and medical staff, to avoid violations of the Constitutional rights of McKoy and other inmates, yet the Municipal Defendants failed and refused to adequately supervise the aforesaid staff.

23.    Various supervisors employed by the County, including Sergeant Rung and Correction Officer Vincent Fusco, directly participated in the Constitutional violations alleged herein, and implemented, approved, ratified and facilitated said violations through their personal conduct and involvement in the acts complained of herein.

24.    The policies, customs and/or practices of the defendants were the moving force behind, or cause of, the violations of McKoy's Constitutional rights.

4

25.    Defendants' deficiencies, incompetence, inadequate medical care, negligence, and failures to act or to appropriately act violated McKoy's' Constitutional rights and caused McKoy's injuries.

26.    This action is brought seeking monetary relief, including compensatory, punitive and pecuniary damages, costs, including legal fees, and declaratory and injunctive relief.

## JURISDICTION AND VENUE

27.    The within action is authorized by and brought pursuant to the laws of the United States, including 42 U.S.C. §§1983 and 1988, the United States Constitution, including the Fourteenth Amendment of the said Constitution, and the laws and Constitution of the State of New York.

28.    The Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1343(a)(3) and has jurisdiction to issue declaratory relief as authorized by 28 U.S.C. §§2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

29.    Plaintiffs further invoke the supplemental jurisdiction of this Court to adjudicate pendant state law claims pursuant to 28 U.S.C. §1367.

30.    Venue is proper in the Eastern District of New York under 28 U.S.C. §1397(b)(2) because it is where the events giving rise to this action occurred.

## PARTIES

31.    Plaintiff, Jerry Quinn McKoy, lives in Suffolk County, New York, in the jurisdiction area of the Eastern District of New York.

32.    Defendant, Suffolk County, a municipal corporation, is a political subdivision of the State of New York. The County has ultimate responsibility for the Correctional Center, which is

5

operated by the Sheriff's Department.

33.    The Correctional Center is located in Riverhead, New York, in the jurisdictional area of the Eastern District of New York, The Correctional Center is operated by the Sheriff's Department.

34.    The Sheriff's Department is a department of the Defendant County. At all relevant times herein, it was headed by Sheriff Vincent DeMarco, who was its chief supervisor and administrator. The Sheriff, among other duties, oversees the operations of the Sheriff's Department, which includes the daily operation of the Correctional Center including but not limited to the approval, oversight and enforcement of the contract with Armor and the medical care at the Correctional Center. The Sheriff is responsible for supervising deputy sheriffs, corrections officers and other staff, and he participates in formulating and establishing the practices, customs, procedures and policies of his department and the Correctional Center, as well as overseeing those practices, customs and policies.

35.    Defendants Vincent Fusco and Sergeant Rung are Corrections Officers, who were or still are employees, servants and agents of the County, performing duties and services, including as supervisors, at the Correctional Center at all times relevant hereto and referred to in the within action. Their names are unknown or not positively known by the plaintiffs but are known to the defendants. With respect to the acts and omissions set forth in this Complaint, the Correction Officer defendants, including supervisory defendants, each acted under color of state law in the course of his duties and functions as an employee, servant, and/or agent of the County. To the extent it is determined that any Corrections Officer acted for his own best interests, then those acts or omissions will be deemed to have taken place in that person's individual capacity.

6

36.     Defendants, Jennifer Tay, Devin Calandra and Helen Balcuk ("Nurse Defendants") are or were employees, servants, agents or independent contract workers of defendant County and/or Correctional Center, who were or still are employees, servants, agents or independent contractors of the aforesaid corporate entities, performing duties and services, including as supervisors, at the Correctional Center at the relevant times referred to in the within action.. With respect to the acts and omissions set forth in this Complaint, the aforesaid defendants, including supervisory defendants, each acted under color of state law in the course of his or her duties and functions as an employee, servant, independent contractor and/or agent for the County.

37.     The said nurses perform a governmental function and carry out the Municipal Defendants' Constitutional obligation of providing health and medical care to the said inmates.

## FACTS

38.     The County, the Sheriff's Department and the Correctional Center share a long and disturbing history of neglect of their duties, obligations and responsibilities vis-a-vis the health and medical needs and the general well-being of those who become inmates of the Correctional Center.

39.     The County, the Sheriff's Department and the Correctional Center knew of, but purposely ignored, the pattern of deficient, unprofessional, incompetent, reckless, negligent, callous and inhumane treatment of Correctional Center inmates with regard to heath and medical services.

40.     Defendants intentionally and negligently created an environment of neglect and callous indifference.

41.     Defendants encouraged cost reduction to the level of depriving inmates of adequate and medically necessary medical care and treatment.

42.    The conditions leading to the injuries of McKoy are the culmination of a long history of the County, the Sheriff's Department and the Correctional Center failing to protect human rights, human dignity and human life.

43.    Beginning on or about May 29, 2013, McKoy was evaluated by medical staff at the Correctional Center and prescribed certain medications, including Neurontin, an anti-seizure medication, due to underlying medical conditions.

44.    Correctional Center medical staff consistently renewed McKoy's prescriptions, including that for Neurontin on or about June 25, 2013; July 19, 2013; August 13, 2013; September 3, 2013 and October 19, 2013.

45.    Beginning on or about September 30, 2013, Correctional Center Officers and/or medical staff did not properly provide McKoy with necessary prescribed medications, including Neurontin.

46.    As a result, Plaintiff McKoy suffered a seizure, falling to the floor in his jail cell in 1- South West of Correctional Center.

47.    As a result of the failure to provide proper medications and subsequent delay in treatment, Plaintiff McKoy suffered suffering severe and permanent injury, including aggravation and exacerbation of his pre-existing injuries to his back and shoulder.

48.    Acting pursuant to the custom, policy and practice of the County, Correctional Center medical staff members either failed to property diagnose plaintiff McKoy's medical condition and failed to provide McKoy with his necessary medications, or ignored McKoy's medical conditions and refused to provide McKoy with necessary medications.

49.    Instead, the Correctional Center staff members ignored McKoy's medical history and

complaints, missed plaintiff McKoy's signs of his conditions, and ignored those signs despite being apparent to a properly and adequately trained medical professional.

50.    Following his release from the Suffolk County Correction Center, the Plaintiff was admitted for several weeks in various hospitals for conditions related to the injuries and ailments described above.

51.    Plaintiff McKoy sustained significant and permanent injuries while in the custody of the Correctional Center and Sheriff's Department, including the exacerbation of his pre-existing injuries,  may have been prevented had he received appropriate adequate and necessary care while at the Correctional Center.

52.    By failing to provide appropriate and necessary medical treatment to McKoy, including but not limited to not administering the necessary and prescribed medications, the Defendants abandoned McKoy's. Additionally, McKoy should have been transferred immediately to a hospital and evaluated and/or  treated by a physician.   Failure to do so constituted grossly inadequate and negligent medical care and a deprivation of McKoy's Constitutional rights.

53.    The medical care provided by Defendants to Plaintiff was grossly negligent and grossly incompetent for failing to recognize that McKoy was seriously ill, displaying obvious signs of an acute condition yet keeping him in the Suffolk County Correctional Center and in his cell without notifying a physician or arranging transfer for emergency hospital level care.

54.    By denying McKoy his prescribed medications and supplements and failing to provide McKoy's with appropriate medical care, Correctional Center staff abandoned plaintiff McKoy, who should have been receiving said prescribed medications in order to adequately treat his various medical conditions. Failure to do so constituted grossly inadequate and negligent medical

9

care and belief, neither the Sheriff's Department nor Armor ever conducted any such review.

55 .    Correctional Center defendants, including Nurse defendants Tay, Calandra and Balcuk, failed to render proper and adequate medical care by, among other things, not providing McKoy with this prescribed medications and supplements despite knowing of McKoy's need for the same and McKoy's communicating his need for said medications and supplements and otherwise being put on notice of the medical necessity of the prescribed medications and supplements and of his chronic and acute medical condition.

56.    Had McKoy received proper medical care and supervision, his Constitutional rights would not have been violated and his injuries may have been prevented.

57.    Suffolk County Sheriff's Department has a pattern of failing to provide hospitalization for inmates who needed it, failing to property manage patient's chronic medical needs and failing to keep proper and organized patient records.

58.    Suffolk County had the Constitutional duty to provide adequate medical care to inmates and to address the inmates' complaints of serious medical conditions towards which the defendants showed deliberate indifference.

59.    The long history of the Defendants' misfeasance, malfeasance and nonfeasance with regard to health and medical services at the Correctional Center established that such has become and is the policy, practice and/or custom of the municipal Defendants and that such policy, practice and/or custom violated McKoy's Constitutional rights.

60.    The United States Constitution requires governmental agencies and prison officials ro provide all prisoners with adequate medical care. These individuals, by virtue of their deprivation of liberty, cannot provide such care for themselves.

61.     McKoy had certain chronic medical conditions. When McKoy's was remanded, the medical staff was fully informed of McKoy's medical conditions and need for specific medications. These conditions were made known to officials at the Correctional Center at the outset of McKoy's incarceration.

62.     Throughout the remainder of McKoy's incarceration, the defendants continued to deprive McKoy of his prescription medications and nutritional supplements.

63.     McKoy had a history of health issues and conditions that were ignored, went unrecognized, and were improperly treated by defendant medical providers.

64.     Defendants' delivery of healthcare to Plaintiff McKoy was incompetent and deficient due to a lack of adequate protocol, lack of coordination, lack of effective communication and deficient medical knowledge by physicians and midlevel clinicians.

65.     Had Plaintiff McKoy been provided with competent medical care by Armor in a timely manner, with the medication and vitamin supplements that had been prescribed for him, his maltreatment and injuries may have been prevented.

66.     Medical providers, including Nurse defendants Tay, Calandra and Balcuk, lacked the clinical knowledge to recognize that McKoy was symptomatic of a serious health and medical condition and continued him on an ineffective course of treatment.

67.     Medical providers, including Nurse defendants Tay, Calandra and Balcuk, and Correctional Center Officers Fusco and Rung, failed to recognize multiple warning signs and symptoms of Plaintiff McKoy's condition.

68.     Medical providers, including Nurse defendants Tay, Calandra and Balcuk, and Correctional Center Officers Fusco and Rung failed to even consider an immediate transfer to a

11

hospital even after McKoy suffered a medical emergency.

69.    Plaintiff McKoy suffered from numerous serious medical conditions that required medication and treatment.

70.    Defendants' failure to provide McKoy with necessary medications was so egregious as to rise to a violation of his Constitutional rights and resulted in his injuries.

71.    The refusal to provide McKoy with necessary medication and treatment was done with deliberate indifference of the defendants as to the health and well-being of McKoy.

72.    By ignoring McKoy's medical needs, each of the defendants herein acted with deliberate indifference with regard to McKoy and with regard to his serious medical needs and condition.

73.    Based on the well-known long and repetitious history of systematic medical and health care deficiencies and failures at the Correctional Center, the successful lawsuits brought against the Municipal Defendants and Armor and the many hundreds of prisoner complaints, the Municipal Defendants had actual knowledge of the deficiencies in health and medical care at the Correctional Center.

74.    The Municipal Defendants, the Correction Officer Defendants, knew of the deficiencies in the medical treatment of McKoy and that the state of medical and health services at the Correctional Center could and would lead to the serious consequences suffered by McKoy, including the exacerbation of pre-existing injuries and resulting in subsequent hospitalizations.

75.    The defendants further exhibited deliberate indifference by allowing the systematic deficiencies of health and medical care at the Correctional Center to exist and remain for decades, by ignoring McKoy's obvious health conditions, by failing to provide prescribed medications and

nutritional supplements for diagnosed or known conditions, by delaying treatment of McKoy, by delaying hospitalization of McKoy, by making medical decisions based on non-medical factors such as financial considerations, expediency, lack of staff, etc., in interfering with access to medical treatment by giving priority to financial considerations rather than the welfare of an inmate, by denying McKoy access to a medical specialist, by making deficient and incompetent medical judgments as to McKoy.

76.    The acts and omissions of the Municipal Defendants and their repeated conduct, was so persistent and widespread as to constitute policies, customs and practices that proximately violated McKoy's Constitutional rights and caused Constitutional injury to McKoy.

77.    The United States Constitution and the Constitution of the State of New York provide protections for detainees, such as McKoy, not to be subjected to cruel or unusual punishment.

78.    The various Correction Officer and Nurse Defendants, through their own individual actions, violated McKoy' constitutional rights.

79.    Each and every action taken and not taken relating to McKoy's care and treatment were at the direction and under the supervision of the Suffolk County Sheriff, pursuant to policy, practice and procedure of the County, as established and ratified by the County, and with the full knowledge of all Defendants.

80.    Upon information and belief, the acts directed at Joseph McKoy by the subject Corrections Officers were consistent with the course of conduct exhibited by Corrections Officers at the Correctional Center on multiple occasions prior to the incidents involving Joseph McKoy.

81.    Due to the history and frequency of the acts of Corrections Officers, such as those

directed at and inflicted to McKoy, the County was aware or should have been aware of the conduct of the Corrections Officers.

82.    The policies, practices and customs of the Correctional Center, as directed towards McKoy constituted a violation of McKoy' Constitutional rights.

83.    The Municipal Defendants, including Sergeant Rung, failed and refused to adequately train and supervise the staff of the Correctional Center, constituting a deliberate indifference to the rights of those who would come into contact with said staff, including McKoy.

84.    The Municipal Defendants created the risk of violating McKoy's Constitutional rights by creating conditions, policies, customs and practices as those set out herein-above.

85.    Armor created the risk of violating McKoy's Constitutional rights by creating conditions, policies, customs and practices as those set forth herein above.

## LEGAL CLAIMS FOR RELIEF

## FIRST CLAIM

86.    Plaintiff repeats, realleges and incorporates by reference paragraphs "1" through "85" above, as if more fully set forth herein.

87.    The Defendant County, acting on its own by and through the Sheriff's Department, the Correctional Center, directly caused the Constitutional violations suffered by McKoy as a result of the pattern of conduct alleged herein of, Corrections Officers Fusco and Rung, and Nurse Defendants Tay, Calandra and Balcuk, and is liable for damages suffered by the plaintiff herein.

88.    At all times relevant herein, Defendant County, by and through the Sheriff's Department, Correctional Center, Sheriff and Defendants has in effect certain policies, practices and customs that created, condoned, contributed to, allowed and fostered the unconstitutional conduct

14

of the other municipal Defendants, the individual Correction Officers and Nurse Defendants, and the employees and agents of the Defendants.

89.    At all times relevant herein, Defendant County, by and through the Sheriff's Department, Correctional Center, and the aforesaid individual Defendants, had in effect certain policies, practices and customs which overlooked and ignored, encouraged and explicitly and/or tacitly sanctioned, through the conduct alleged herein, the violation of the Constitutional rights of McKoy and other inmates to adequate health and medical care at the Correctional Center.

90.    The aforesaid policies, practices and customs were the direct and proximate cause of the unconstitutional conduct alleged herein as to McKoy.

91.    The Defendant County knew of the deficiencies of health and medical services of the Sheriff's Department, the Correctional Center, and the aforesaid individual defendants prior to the date of the mistreatment and neglect of McKoy.

92.    Despite its knowledge and awareness, Defendant County allowed this wrongful and unconstitutional conduct and failed to take appropriate remedial action.

93.    The Defendant County's conduct demonstrated reckless and/or callous indifference to the federally protected right of McKoy.

94.    All of the foregoing led to the violation of the Constitutional rights of McKoy and his preventable injuries.

## SECOND CLAIM

95.    Plaintiff repeats, realleges and incorporates by referenced paragraphs "1" through "94" above, as if more fully set forth herein.

96.    The Defendant County, acting on its own by and through its Supervisor and other

County decision makers, and through the other defendants, failed and refused to train or to adequately train the Defendant Corrections Officers Fusco and Rung, other Sheriff's Department staff and medical staff at the Correctional Center.

97.     The Defendant County, acting on its own and through the other Defendants failed to train, to adequately train, or to ensure or require the proper and adequate training of the Nurse Defendants Tay, Calandra and Balcuk.

98.     The need for training, additional training or different training to avoid violation of Constitutional rights was such as to be obvious that the inadequacy of training would result in a violation of the Constitutional rights of McKoy and other inmates relating to their serious medical need and other aspects of health and medical care.

99.     The inadequacy of training as aforesaid at the Correctional Center was so pervasive and long standing as to form a pattern constituting deliberate indifference to the serious medical needs of McKoy and other inmates and established the deficient and inappropriate training as policy, practice and/or custom.

100.     The pattern of similar Constitutional violations by untrained or inadequately trained Correctional staff (including medical staff of Armor) demonstrates the deliberate indifference of the County toward its failure to adequately train Correctional Center staff and to oversee the providing of medical services to inmates by Nurse Defendants..

101.     As a result of all that is set out above, the County had sufficient notice of the failure to adequately train medical staff.

102.     It is and was reasonable for plaintiff, McKoy, and other Correctional Center inmates to expect adequate training to have occurred.

103.    The Defendant County's conduct demonstrated reckless and/or callous indifference to the federally protected rights of McKoy.

104.    All of the foregoing led to the violation of the Constitutional rights of McKoy and his permanent injuries.

## **THIRD CLAIM**

105.    Plaintiff repeat, realleges and incorporate by reference paragraphs "1" through "104", above, as if more fully set forth herein.

106.    The Defendant County and Sheriff's Department, acting on its own through, Sheriff DeMarco and others, and through the other Municipal Defendants failed to supervise or to adequately supervise the Defendant Corrections Officers Fusco and Rung, other Sheriff's Department staff and medical staff at the Correctional Center, including Nurse Defendants Tay, Calandra and Balcuk.

107.    Defendant County employee supervisors, in the County government's execute branch, including but not limited to Sheriff DeMarco participated directly in the unconstitutional actions of the defendants by promulgating, creating, condoning, implementing, directing, adopting as their own and carrying out or continuing certain policies, practices and customs that violated the Constitutional rights of McKoy and other inmates, as alleged herein above.

108.    The aforesaid supervisors had knowledge of the inadequacies of their supervision and failed to do anything to remedy the situation that existed.

109.    The aforesaid supervisors caused McKoy to be subjected to the deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States.

110.    The conduct of the County and the aforesaid supervisors demonstrated reckless

17

and/or callous indifference to the federally protected rights of McKoy.

111.    The failures of Defendant County and the aforesaid supervisors' to adequately supervise, as set forth, led to the violation of the Constitutional rights of McKoy and his permanent injuries.

## FOURTH CLAIM

112.    Plaintiff repeats, realleges and incorporates by reference paragraphs "1" through "111" above, as if more fully set forth herein.

113.    The defendants had an affirmative duty to provide and administer health and medial services to McKoy and other Correctional Center inmates.

114.    The defendants, as previously alleged, had a duty and obligation to McKoy and other inmates of the Correctional Center to provide reasonable and adequate health and medical services. Said duty as to the Municipal Defendants was a non-delegable duty.

115.    The defendants had knowledge that the health care they provided and/or were responsible for providing to McKoy and other inmates of the Correctional Center was deficient, inadequate and incompetent.

116.    The health and medical care provided by the defendants, or which they were responsible for providing, to McKoy failed to meet an acceptable standard of medical treatment and care.

117.    The health and medical care provided by the defendants, of which they were responsible for providing, created an excessive risk to McKoy, and the harm to which McKoy was exposed was sufficiently serious as to implicate his Constitutional rights.

118.    The defendants knew or should have known that McKoy' medical condition

constituted a serious need for competent and adequate medical care and treatment.

119.    The defendants knew, or should have known, but ignored the aforesaid excessive risk to McKoy' health.

120.    The denial of adequate medical care as aforesaid created a condition of urgency, where pain, emotional distress, disability, permanent injury was likely.

121.    The defendants' policies, practices, customs, actions, and failures to act constituted deliberate indifference to the serious medical needs of McKoy.

122.    As a direct and proximate result of the foregoing, McKoy was subjected to great physical and emotional pain and suffering.

123.    The defendants' conduct demonstrated reckless and/or callous indifference to the Constitutionally protected rights of McKoy.

124.    As a direct and proximate result of the foregoing, McKoy was subjected to cruel and unusual punishment.

125.    As a direct and proximate result of all of the foregoing, as alleged herein above, McKoy' rights under the United States Constitution were violated, which violations resulted in his permanent injuries.

## JURY TRIAL DEMANDED

126.    Plaintiff demand a trial by jury on each and every claim for relief set forth herein.

**WHEREFORE,** Plaintiff demand the following relief against all of the Defendants, as follows:

a.    Awarding compensatory damages as to all claims for relief, including but not limited to pain and suffering and permanent injuries sustained by plaintiff, in an amount to

19

be determined at a jury trial of this matter;

b.      Awarding punitive and/or exemplary damage for the wanton, willful, careless and

reckless acts and omissions of Defendants as to all claims for relief in an amount to

be determined at a jury trial of this matter;

c.      Awarding pecuniary damage in an amount to be determined at a jury trial of this

matter;

d.      Awarding costs, including reasonable attorney's fees;

e.      Awarding such other and further relief as this Court may deem just and proper.

Dated: Seaford, New York
      May 15, 2024

MARCOTE & ASSOCIATES, PC

*Louis F. Chisari*
_____
BY: LOUIS F. CHISARI, ESQ.
Attorney for Plaintiff,
JERRY QUINN McKOY
3960 Merrick Road, 2nd Floor
Seaford, New York 11783
Phone : 516-280-2281
Fax     : 516-280-2283
Our File No: MA24-0160

TO:
Suffolk County Attorney's Office
Attn: Arlene S. Zwilling, Assistant County Attorney
*VIA ECF*