**COUNTY OF SUFFOLK**



**EDWARD P. ROMAINE**
**SUFFOLK COUNTY EXECUTIVE**

**CHRISTOPHER J. CLAYTON**　　　　　　　　　　　　　　　　　　　　　　**DEPARTMENT OF LAW**
**COUNTY ATTORNEY**

November 1, 2024

Hon. James M. Wicks, U.S.M.J.
United States District Court, Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722-4451

　　　　　　　　　Re:　*McKoy v. Suffolk County Correctional Facility*
　　　　　　　　　　　CV14-0249 (JS) (JMW)

Dear Judge Wicks:

　　　　By this correspondence, Defendants County of Suffolk ("County"), Calandra, Fusco, and Tay, sued in this action brought pursuant to 42 USC 1983, submit their pre-motion letter motion in anticipation of moving for summary judgment. This letter complies with this Court's practice rules which provide that, in cases where the parties have consented to Magistrate Wicks for all purposes, "service of the premotion letter motion within the time requirements of Fed. R. Civ. P. Rules 12 or 56 shall constitute timely service of a motion made pursuant to those provisions." *Individual Practice Rule of Magistrate Judge Jame M. Wicks*, Rule 3(B). The federal rule provides that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Rule 56(b).

　　　　In this case, Plaintiff filed a Second Amended Complaint (the "SAC") on May 15, 2024. DE 195. On August 18, 2024, this Court issued an order directing Defendants to produce additional records within thirty days. DE 203. The Court has not yet ordered the close of discovery with respect to the SAC or set a time for filing dispositive motions regarding the SAC.[1] Accordingly, Defendants' pre-motion letter is timely.

　　　　The SAC alleges that "[b]eginning on or about September 30, 2013, Correctional Center Officers and/or medical staff did not properly provide McKoy with necessary prescribed medications, including Neurontin," with the result that "McKoy suffered a seizure, falling to the floor in his jail cell." DE 195, ¶¶ 45 - 46. The SAC further alleges that the failure "to provide

---

[1] On 12/6/22, Judge DeArcy Hall denied Defendants' request (DE 196) for additional time to submit a pre-motion letter regarding a 56.1 motion. At that time, Defendants had failed to comply with Judge Wicks's extension of the time for filing a pre-motion letter with respect to an earlier complaint.

proper medications and the subsequent delay in treatment" caused McKoy to suffer severe and permanent injury. DE 195, ¶ 47. In addition to naming the County, the SAC names two Corrections Officer and two Nurse Defendants, all four of whom allegedly acted as agents of the County. DE 195, ¶¶ 35 -37; however, the SAC does not allege constitutional violations on the part of any of the four named defendants. Rather, the four counts of the SAC allege that the County is liable under *Monell* for policies and practice that showed deliberate indifference to Plaintiff's constitutional rights as follows: (1) a policy of "reckless indifference to McKoy's constitutional rights, " DE 195, ¶¶86 – 94; (2) failure to train the Defendant Corrections Officer and the Defendant Nurses as a demonstration of "deliberate indifference," DE 195, ¶¶ 96 – 104; (3) failure to supervise employees of the Suffolk County Sheriff's Office as a demonstration of "reckless and callous indifference," DE 195, ¶¶ 105 – 111; and (4) policies that "constituted deliberate indifference" and subjected Plaintiff to cruel and unusual punishment, DE 195, ¶¶ 112 – 125.

Defendants possess meritorious factual and legal grounds for summary dismissal of the SAC. The evidence refutes the SAC's core factual clam that Plaintiff was not given prescribed medication, inasmuch as medical records maintained by the jail for October 19, 2013, the day of the subject incident, state that Plaintiff informed his medical provider that he "'hasn't had neurotin since 10/1/13" because he "advised Dr Troiano that he did not want to take it anymore so it was discontinued.'" Bates Stamp Number COS 033. Even if a question of fact exists regarding whether Plaintiffs requested that his Neurotin be discontinued, his legal claims still fail.

Given that the four counts in the complaint are premised solely on *Monell*, Plaintiff must prove the three elements of a *Monell* claim: "1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." *Agosto v. New York City Dep't of Educ.*, 982 F.3d 86, 97–98 (2d Cir. 2020). With respect to the third *Monell* requirement, "municipalities may not be held liable 'unless action pursuant to *official municipal policy* of some nature caused a constitutional tort.'" *Friend v. Gasparino*, 61 F.4th 77, 93 (2d Cir. 2023) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 [1978]) (emphasis added by *Gasparino*). The alleged constitutional deprivation alleged by each of the four counts is "deliberate indifference." As an initial matter, the SAC's 4th Count for deliberate indifference in violation of the Eight Amendment must be dismissed since the record reveals that Plaintiff was a pre-trial detainee and was therefore "protected under the Due Process Clause of the Fourteenth Amendment whereas a convicted inmate is protected from cruel and unusual punishment under the Eighth Amendment." *Crenshaw v. Toulon*, 2024 WL 640041, at *3 (E.D.N.Y. 2024).

To prove deliberate indifference in violation of the Fourteenth Amendment, "a pretrial detainee must satisfy two prongs to prove a claim, an 'objective prong' showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process, and a 'subjective prong'—perhaps better classified as a '*mens rea* prong' or 'mental element prong'—showing that the officer acted with at least deliberate indifference to the challenged conditions." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). A "§ 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence." *Id*. at 36. "[T]he pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id*. at 35. In this case, the SAC does not allege, and

LOCATION  
H. LEE DENNISON BLDG.  
100 VETERANS MEMORIAL HIGHWAY    ♦

MAILING ADDRESS  
P.O. BOX 6100  
HAUPPAUGE, NY  11788-0099    ♦

(631) 853-4049  
TELECOPIER (631) 853-5169

the record does not support, that any defendant-official acted intentionally or recklessly with respect to the alleged discontinuance of Plaintiff's prescribed medications.

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (internal citations and quotations omitted). The SAC does not plead, and the record does not establish, the "direct or personal involvement of each of the named defendants in the alleged constitutional deprivation." *Gutierrez v. New York*, 2021 WL 681238, at *5 (E.D.N.Y. Feb. 22, 2021). Plaintiff cannot prove an independent constitutional tort since there is no evidence that any named defendant acted directly or personally with respect to the alleged discontinuance of Plaintiff's medication. Indeed, the allegations against the named corrections officers and nurses cannot satisfy the *mens rea* prong of a deliberate indifference claim since the corrections officers and nurses were not authorized to prescribe, continue, or discontinue medications and therefore lacked the requisite professional knowledge and expertise to be consciously aware that the discontinuance of a medication posed an excessive risk to Plaintiff's health.

Plaintiff's inability to prove the independent constitutional violation of deliberate indifference requires the dismissal of the *Monell* claims for failure-to-train set forth in Count 2 of the SAC since "*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). Similarly, Plaintiff's inability to prove the independent constitutional violation of deliberate indifference requires the dismissal of the *Monell* claims for failure-to-supervise set forth in Count 3 of the SAC because "a plaintiff may not rely on a special test for supervisory liability," but rather "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020)

For the reasons set forth above, Defendants possess meritorious grounds for moving for summary judgment. They therefor respectfully request that thew Court direct the parties to set their own briefing schedule which is then to be submitted to the Court for approval.

Defendants thank the Court for its time and attention to this matter.

Respectfully submitted,

Christopher J. Clayton
Suffolk County Attorney

*/s/ Anne C. Leahey*
By:  Anne C. Leahey
Assistant County Attorney