UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
JERRY QUINN MCKOY                                    Index No.:14-cv-00249
                                                                    (LDH)(JMW)

                         Plaintiff,

    -against-

SUFFOLK COUNTY CORRECTIONAL FACILITY,
JENNIFER TAY, DEVIN CALANDRA, HELEN
BALCUK, VINCENT FUSCO and SERGEANT RUNG,

                         Defendant(s)
---------------------------------------------------------------------------X

## PROPOSED JOINT PRE-TRIAL ORDER

The parties hereby submit this Proposed Joint Pretrial Order pursuant to the Electronic Order of this Court dated November 21, 2024 and Section Rule 6 of the Individual Practice Rules of the Magistrate Judge James M. Wicks:

1. **The full caption of the action:**

   The full caption correctly appears above.

2. **The names, addresses (including firm names), telephone numbers, and email addresses of trial counsel.**

   | Plaintiff's Counsel: | Defendant(s) Counsel: |
   |---|---|
   | Louis F. Chisari, Esq. | Assistant County Anne C. Leahey |
   | Marcote & Associates, P.C. | for Christopher J. Clayton, Suffolk County Attorney |
   | 3960 Merrick Road, 2nd Floor | 100 Veterans Memorial Highway |
   | Seaford, New York 11783 | Hauppauge, NY 11788 |
   | Telephone: (516) 280-2281 | (631) 853-4055 |
   | Facsimile: (516) 280-2283 | Anne.leahey@suffolkcountyny,gov |
   | LCHISARI@marcotelaw.com | |

3. **A brief statement by Plaintiff as to the basis of subject matter jurisdiction and**

**a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to statutes relied upon and relevant facts as to citizenship and jurisdictional amount.**

Subject matter jurisdiction is not disputed.

4. **A brief summary by each party of the claims and defenses that the party has asserted which remains to be tried, without recital of evidentiary matter, but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted that are not to be tried.**

    Plaintiff's Claims:

    a.  Plaintiff claims that the defendants; Suffolk County, the Suffolk County Sheriff's Department and the Suffolk County Correctional Center share a long and disturbing history of neglect of their duties, obligations and responsibilities vis-a-vis the health and medical needs and the general well-being of those who become inmates of the Correctional Center and encouraged cost reduction to the level of depriving inmates of adequate and medically necessary medical care and treatment.
    b.  Acting pursuant to the custom, policy and practice of the County, Correctional Center medical staff members, including Jennifer Tay; Devin Calandra and Helen Balcuk, either failed to property diagnose plaintiff McKoy's medical condition and failed to provide McKoy with his necessary medications, or ignored McKoy's medical conditions and refused to provide McKoy with necessary medications.
    c.  As a result of the failure to provide proper medications and subsequent delay in treatment, Plaintiff McKoy suffered suffering severe and permanent injury, including aggravation and exacerbation of his pre-existing injuries to his back and shoulder.
    d.  Instead, the Correctional Center staff members, including Tay; Calandra; Balcuk; Vincent Fusco and Segeant Rung, ignored McKoy's medical history and complaints, missed plaintiff McKoy's signs of his conditions, and ignored those signs despite being apparent to a properly and adequately trained medical professional.
    e.  Suffolk County Sheriff's Department has a pattern of failing to provide hospitalization for inmates who needed it, failing to property manage patient's chronic medical needs and failing to keep proper and organized patient records.
    f.  Suffolk County had the Constitutional duty to provide adequate medical care

|   |   |
|---|---|
|   | to inmates and to address the inmates' complaints of serious medical conditions towards which the defendants showed deliberate indifference. |
| g. | The long history of the Defendants' misfeasance, malfeasance and nonfeasance with regard to health and medical services at the Correctional Center established that such has become and is the policy, practice and/or custom of the municipal Defendants and that such policy, practice and/or custom violated McKoy's Constitutional rights. |
| h. | Based on the well-known long and repetitious history of systematic medical and health care deficiencies and failures at the Correctional Center, the successful lawsuits brought against the Municipal Defendants and the many hundreds of prisoner complaints, the Municipal Defendants had actual knowledge of the deficiencies in health and medical care at the Correctional Center. |
| i. | The Municipal Defendants, the Correction Officer Defendants and Medical Defendants, knew of the deficiencies in the medical treatment of McKoy and that the state of medical and health services at the Correctional Center could and would lead to the serious consequences suffered by McKoy, including the exacerbation of pre-existing injuries and resulting in subsequent hospitalizations. |
| j. | The defendants further exhibited deliberate indifference by allowing the systematic deficiencies of health and medical care at the Correctional Center to exist and remain for decades, by ignoring McKoy's obvious health conditions, by failing to provide prescribed medications and nutritional supplements for diagnosed or known conditions, by delaying treatment of McKoy, by delaying hospitalization of McKoy, by making medical decisions based on non-medical factors such as financial considerations, expediency, lack of staff, etc., in interfering with access to medical treatment by giving priority to financial considerations rather than the welfare of an inmate, by denying McKoy access to a medical specialist, by making deficient and incompetent medical judgments as to McKoy. |
| k. | The acts and omissions of the Municipal Defendants and their repeated conduct, was so persistent and widespread as to constitute policies, customs and practices that proximately violated McKoy's Constitutional rights and caused Constitutional injury to McKoy. |
| l. | The United States Constitution and the Constitution of the State of New York provide protections for detainees, such as McKoy, not to be subjected to cruel or unusual punishment. |
| m. | Each and every action taken and not taken relating to McKoy's care and treatment were at the direction and under the supervision of the Suffolk County Sheriff, pursuant to policy, practice and procedure of the County, as established and ratified by the County, and with the full knowledge of all Defendants. |
| n. | The policies, practices and customs of the Correctional Center, as directed towards McKoy constituted a violation of McKoy' Constitutional rights. |

Defenses:

    a.    That the operative complaint fails to state a claim upon which relief can be granted.

    b.    That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

    c.    That the operative complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

    d.    That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

    e.    That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

    f.    That the doctrines of respondent superior and vicarious liability do not apply to a civil rights claim.

    g.    That this Court lacks personal jurisdiction over defendants Helen Balcuk, R.N., and Jennifer Tay, n/k/a Jennifer Abrams for whom summonses were returned unexecuted. Se DE Nos. 163 and 164.

    h.    That defendants' actions, if any, were justified by the facts and circumstances presented.

    i.    That the defendants at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

    j.    That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

    k.    That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

    l.    That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

    m.    This action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

    n.    That this inmate claim is barred by the provisions of 42 U.S.C. §1997e.

    o.    That defendants were not personally involved in the alleged derivation of plaintiff's constitutional rights.

5. **Damages:**

Plaintiff alleges perminent injury to his back (thoracic and lumbar spine) causing live long pain and suffering and an amount of monetary damages to be determined by a jury.

6. **A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

       Plaintiff's Statement: The case is to be tired with a jury and Plaintiff estimates needing three (3) days for presentation of his case.
       Defendants' Statement: Defendants estimate needing 2-3 days for their case.

7. **A statement as to whether or not all parties have consented to trial of the case by a Magistrate Judge (without identifying which parties have or have not so consented). All parties have consented to trial of the case by a Magistrate Judge James M. Wicks.**

8. **Any stipulation or agreed statements of fact or law which have been agreed to by all.**

    None

9. **A statement by each party as to the witnesses whose testimony is to be offered in its case in chief with a brief narrative statement of the expected testimony of each witness:**

    Plaintiff's Witnesses:
    1)     Plaintiff, Jerry McKoy
    2)     All named Defendant(s)
           Witnesses will testify as the events which gave rise to the alleged injuries of the Plaintiff and the policy and procedures of the defendant, Suffolk County Correctional Facility

    Defendant(s)' Witnesses:

    In addition to the parties and the persons named by plaintiff as witnesses, whom defendants reserve the right to call as witnesses regardless of whether or not called by plaintiff, defendants intend to call the following persons as witnesses:

    a)     Thomas Troiano, M.D.
    b)     Vincent Geraci, D.O.
    c)     Leon Hazarian, N.P.
    d)     Kim Scarpati, P.A.
    e)     Melissa Berlin
    f)     Marian Webster, N.P.

      g)      Helen Balcuk, R.N.
      h)      Devin Calandra, RN
      i)      Rena Walker, N.P.
      j)      Patricia Burke, N.P.
      k)      Jessica Penberg.
      l)      Corrections Officer Vincent Fusco
      m)     Sergeant Daniel Fung.

      Witnesses Nos. (a) through (k) are medical professionals who treated plaintiff at the Suffolk County Correctional Facility Jail Medical Unit. They will testify as to that treatment.

      Witnesses Nos (l) and (m) are employees of the Suffolk County Sheriff's Office who are named as defendants in the complaint. They will testify regarding the allegations against them.

10. **A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.**

     Plaintiff's Designations:
      Plaintiff does not intend to offer any deposition testimony as part of their case in chief. However, he reserve their rights to utilize all deposition testimony for impeachment and all other purposes permitted by the Federal Rules of Evidence and Federal Rules of Civil Procedure
     Defendant(s)' Designations:
      Defendants do not intend to offer any deposition testimony as part of their case in chief. However, they reserve their rights to utilize all deposition testimony for impeachment and all other purposes permitted by the Federal Rules of Evidence and Federal Rules of Civil Procedure.

11. **A list by each party of exhibits to be offered in its case in chief. The opposing party must indicate what exhibits it objects to and the nature of the objection (e.g., "authenticity," "hearsay," "Rule 403"). Any objection not listed shall be deemed waived. The schedule will also include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal. Parties are expected to resolve all issues of authenticity, chain of custody, and related grounds before trial. Meritless objections based on these grounds may result in the imposition of sanctions. Only exhibits listed will be received in evidence,**

**except for good cause shown.**

Plaintiff's Exhibits:
1) Incident Report dated October 19, 2013.
2) Plaintiff's medical records from the Suffolk County Correctional Facility.
3) Plaintiff's mental health records from the Suffolk County Correctional Facility.
4) Plaintiff's medical records from the New York State Department of Corrections.
5) Records maintained by the Suffolk County Sheriff's Office regarding Plaintiff's incarceration at the Suffolk County Correctional Facility during the period of September 30, 2013 through October 19, 2013.
6) Log Book pages for October 19, 2013 for Suffolk County Correctional Facility, Location 1 South West.
9) Various medical records from Stony Brook University Hospital regarding Plaintiff's injuries for his back and treatment.

Defendant(s)' Exhibits:
1) Incident Report dated October 19, 2013.
2) Plaintiff's medical records from the Suffolk County Correctional Facility.
3) Plaintiff's mental health records from the Suffolk County Correctional Facility.
4) Plaintiff's medical records from the New York State Department of Corrections.
5) Records maintained by the Suffolk County Sheriff's Office regarding Plaintiff's incarceration at the Suffolk County Correctional Facility during the period of September 30, 2013 through October 19, 2013.
6) Log Book pages for October 19, 2013 for Suffolk County Correctional Facility, Location 1 South West.

**IT IS ORDERED** that the Pretrial Order may be modified at the time of trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court.

_Louis F. Chisari_
By: Louis F. Chisari, Esq. (LC0383)
Marcote & Associates, P.C.
Attorney(s) for Plaintiff:
JERRY QUINN McKOY

_Anne C. Leahey_
Anne C. Leahey, Assistant County Attorney
Office of the County Attorney, Suffolk County
Attorney for the Defendant(s):

APPROVED AS TO FORM AND SUBSTANCE

_____
Magistrate Judge James M. Wicks
Dated:

# UNITED STATES DISTRICT COURT
## for the
# EASTERN DISTRICT OF NEW YORK

### INDEX NUMBER: 14-CV-00249

---

JERRY QUINN MCKOY

-against-

SUFFOLK COUNTY CORRECTIONAL FACILITY,
JENNIFER TAY, DEVIN CALANDRA, HELEN
BALCUK, VINCENT FUSCO and SERGEANT RUNG

---

# 'PROPOSED JOINT PRE-TRIAL ORDER'

---

## MARCOTE ASSOCIATES, P.C.
*Attorney and Counselors at Law*
Attorneys for Plaintiff:
JERRY QUINN MCKOY
3960 MERRICK ROAD, 2nd FLOOR
SEAFORD, NEW YORK 11783
PHONE:(516) 280-2281
FAX:   (516) 280-2283

---