UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JERRY QUINN MCKOY                                    Index No.:14-cv-00249 (LDH)(JMW)

                                        Plaintiff,

      -against-

SUFFOLK COUNTY CORRECTIONAL FACILITY,
JENNIFER TAY, DEVIN CALANDRA, HELEN
BALCUK, VINCENT FUSCO and SERGEANT RUNG,

                                        Defendant(s)
-------------------------------------------------------------------------X

## PROPOSED JURY INSTRUCTIONS PLAINTIFF

### I. INTRODUCTION

Now that you have heard all the evidence and the arguments of counsel, it is my duty to instruct you on the law applicable to this case.

Your duty as jurors is to determine the facts of this case on the basis of the admitted evidence. Once you have determined the facts, you must follow the law as I am now instructing you and apply that law to the facts as you find them. In doing so, you are not allowed to select some instructions and reject others, rather you are required to consider all the instructions together as stating the law. In that regard, you should not concern yourself with the wisdom of any rule of law. You are bound to accept and apply the law as I give it to you, whether or not you agree with it. In deciding the facts of this case, you must not be swayed by feelings of bias, prejudice or sympathy towards either party. The plaintiff and the defendant, as well as the general public, expect you carefully and impartially to consider all the evidence in this case, follow the law as the Court states it, and reach a decision regardless of the consequences.

Nothing I say in these instructions is to be taken as an indication that I have any opinion

about the facts of the case or what that opinion may be.  It is not my function to determine the facts,

that is your function.

## II. ROLE OF ATTORNEYS

Our courts operate under an adversary system in which we hope that the truth will emerge through the competing presentations of adverse parties. The function of the attorneys is to call your attention to those facts that are most helpful to their side of the case. It is their role to press as hard as they can for their respective positions.

In that regard, one can easily become involved with the personalities and styles of the attorneys, but it is important for you as jurors to recognize that this is not a contest between attorneys. You are to decide this case solely on the basis of the evidence. Remember, the attorneys' statements and characterizations of the evidence are not evidence. Insofar as you find their opening and/or closing arguments helpful, take advantage of them; but it is your memory and your evaluation of the evidence in the case that count.

## III. OBJECTIONS

In fulfilling their role, attorneys have the obligation to make objections to the introduction of evidence they feel is improper. The application of the rules of evidence is not always clear, and attorneys often disagree. It has been my job as the judge to resolve these disputes. It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case and are not to be considered as points scored for one side or the other. In addition, you must not infer from anything I have said during this trial that I hold any views for or against either the plaintiff or the defendant. In any event, any opinion I might have is irrelevant. You are the judges of the facts.

## IV. EVIDENCE

As I stated earlier, your duty is to determine the facts based on the evidence I have admitted. The term "evidence" includes the sworn testimony of witnesses and exhibits that I have received during trial. In addition, on occasion, I sustained objections to questions and either prevented a witness from answering or ordered an answer stricken from the record. You may not draw inferences from unanswered questions, and you may not consider any responses which I ordered stricken from the record.

### A. Direct and Circumstantial Evidence

Although you should consider only the admitted evidence, you may draw inferences from the testimony and exhibits which are justified in light of common sense and experience. The law recognizes two types of evidence – direct and circumstantial. Direct evidence is the testimony of one who asserts personal knowledge, such as an eyewitness. Circumstantial or indirect evidence is proof of a chain of events which points to the existence or nonexistence of certain facts.

The law does not distinguish between the weight to be given to direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You may rely on either type of evidence in reaching your decision.

### B. All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

## V. EVALUATION OF THE EVIDENCE

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his testimony.  You are the sole judges of the credibility of each witness and of the importance of his testimony.

In evaluating a witness' testimony, you should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party, as well as the interest the witness may have in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of the witness' memory, his candor or lack of candor, the reasonableness and probability of the witness' testimony, the testimony's consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

You have heard the testimony of Corrections Officers.  The fact that a witness is employed as a Corrections Officer does not mean that his testimony is deserving of any more or less consideration, or should be given any greater or lesser weight, than that of any other witness from whom you heard testimony.

You may consider the testimony of a Corrections Officer just as you would the testimony of any other witness.

## VI. BURDEN OF PROOF

When a party has the burden of proof on a particular issue that means that, considering all the evidence in the case, that party's contention on that issue must be established by a fair preponderance of the credible evidence.  The credible evidence means the testimony or exhibits that you find worthy to be believed.  A preponderance means the greater part of it.  It does not mean the greater number of witnesses or the greater length of time taken by either side.  The phrase refers to the quality of the evidence, its weight, and the effect that it has on your minds.  The law requires that, in order for a party to prevail on an issue on which he has the burden of proof, the evidence that supports his claim on that issue must appeal to you as more nearly representing what took place than the evidence opposed to his claim.  If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, you must resolve the question against the party who has the burden of proof and in favor of the opposing party.

## CONSIDERATION OF THE EVIDENCE COUNTY OF SUFFOLK'S AGENTS AND EMPLOYEES

When the County of Suffolk is involved, of course, it may act only through natural persons as it agents or employees; and, in general, any agent or employee of the County of Suffolk  may bind the County by his/her acts and declarations made while acting within the scope of his/her authority delegated to him/her by the County of Suffolk, or within the scope of his/her duties as an employee of the County of Suffolk .  This instruction does not necessarily apply, however, in deciding whether to hold the County of Suffolk  liable for the Constitutional violations allegedly committed by its employees.  I will instruction you in a moment concerning the circumstances under which you should find the acts committed by its employees.

**CIVIL ACTIONS UNDER 42 U.S.C. § 1983**

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

> "Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes.

Before section 1983 was enacted in 1971, people so injured were not able to sue state officials or persons acting under color or state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws. Section 1983 was enacted to provide a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts

**ELEMENTS OF SECTION 1983 CLAIM**

To establish a claim under Section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

1.   that the conduct complained of was committed by a person acting under color of state law;

2.   that this conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws or the United States; and

3.   that defendants actions and/or omissions were the proximate cause of the injuries and consequent damages sustained by plaintiff.

I shall now examine each of the three elements in greater detail.

## FIRST ELEMENT – ACTION UNDER COLOR OF STATE LAW

The first element of plaintiff's claim is that defendants acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of Section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia). The term "state" encompasses any political subdivision of state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. It is not presently in dispute that defendants' actions were taken in their capacity as state officials. Therefore, I instruct you that, since defendants were officials of the State of New York at the time of the acts in question, they were acting under color of state law. In other words, the first statutory requirement is satisfied.

## SECOND ELEMENT – DEPRIVATION OF RIGHT

The second element of plaintiff's claim is that he was deprived of a federal right by defendants. In order for plaintiff to establish the second element, he must show these things by a preponderance of the evidence:

1.    That defendants committed the acts alleged by plaintiff;

2.    That those acts caused plaintiff to suffer the loss of a federal right; and

3.    That in performing the acts alleged defendants acted intentionally and/or recklessly.

Plaintiff claims that defendant correctional officers intentionally and recklessly assaulted him causing both physical and mental injuries and that the remaining defendants deliberately disregarded his complaints regarding inadequate medical care, thereby depriving him of his Federal Rights under

the Eighth and Fourteenth Amendments.

If you find that defendants committed the acts alleged by plaintiff, the next step is to determine whether those acts caused plaintiff to suffer the loss of federal rights under the First, Eighth and Fourteenth Amendments.

Eighth Amendment

The Eighth Amendment to the Constitution provides that no cruel and unusual punishment may be inflicted.

Plaintiff alleges that defendants were deliberately indifferent to serious medical needs. When prison officials are so deliberately indifferent to serious needs as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Plaintiff must demonstrate by a preponderance of the evidence that defendants knew of and disregarded an excessive risk to plaintiff's health and safety. In other words, defendants must have both been aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and they must have drawn an inference. Mere negligence is not enough, nor is it enough that a reasonable person would have known, or that defendants should have known, of plaintiff's serious medical needs.

Plaintiff has the burden of establishing by a preponderance of the evidence that:

1.    Defendant prison officials knew or should have known that plaintiff was not receiving adequate medical attention for serious medical condition and that same would cause his medical condition to grow progressively worse;

2.    Defendant prison officials were deliberately indifferent to plaintiff's constitutional right to be free of cruel and unusual punishment, either because defendant prison officials intended to deprive plaintiff of some right, or because they acted with

reckless disregard of plaintiff's right to adequate medical attention;

3.     Such acts violated plaintiff's constitutional right to be free from cruel and unusual punishment; and

4.     Defendant prison officials' conduct was the proximate cause of injury and consequent damage to plaintiff.

5.     A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

6.     Therefore, if you find that defendant prison officials were deliberately indifferent to plaintiff's medical condition, in light of the multiple letters to same defendants and grievances and complaints, you must find that plaintiff has established the second element.  The government has the obligation to provide medical care for the persons it incarcerates.

7.     Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors in response to prison needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed.

8.     If you find that defendants' actions caused plaintiff to suffer the loss of his rights under the Eighth Amendment, you must then determine the state of mind of defendants.  I instruct you that to establish a claim under section 1983, plaintiff must show that defendants acted recklessly, wantonly or with deliberate indifference .

9.     An act is reckless if done in conscious disregard of its known probable

consequences.6   In determining whether defendants acted with the requisite knowledge or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or rails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

If you find by a preponderance of the evidence that defendants, whether recklessly or wantonly, inflicted serious physical injury upon Plaintiff, or with deliberate indifference, refused to medically treat those serious physical injuries, then you may find that Plaintiff's constitutional rights were violated.

## THIRD ELEMENT – PROXIMATE CAUSE

The third element that plaintiff must prove is that defendants' acts were a proximate cause of the injuries sustained by plaintiff.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of defendants' act or omission.  If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of defendants.  If you find that defendants have proved, by a preponderance of the evidence, that plaintiff complains about an

injury that would have occurred even in the absence of defendants' conduct, you must find that defendants did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury that intervenes between defendants' act or omission and plaintiff's injury and which produces a result that was not reasonably foreseeable by defendants.

## QUALIFIED IMMUNITY

At the time of the incidents giving rise to the lawsuit, it was clearly established law that correctional officers were prohibited from using force against an inmate without just or probable cause and that prison officials could not ignore the medical needs of an inmate with a serious injury. (the law).

Even if you find that defendants did violate plaintiff's due process rights, however, defendants still may not be liable to plaintiff. This is so because defendants may be entitled to what is called a qualified immunity. If you find that he is entitled to such immunity, you may not find him liable.

Defendants will be entitled to qualify immunity if, at the time of the hearing, they neither knew nor should have known that their actions were contrary to federal law. The simple fact that Defendants acted in good faith is not enough to bring them within the protection of this qualified immunity. Nor is the fact that Defendants may have been unaware of the federal law. Defendants are entitled to a qualified immunity only if they did not know what they did was in violation of federal law and if a competent public officer could not have been expected at the time to know that the conduct was in violation of federal law.

In deciding what a competent official would have know about the legality of defendants' conduct, you may consider the nature of defendants' official duties, the charter of his official position, the information which was known to defendants or not known to him, and the events which confronted him. You must ask yourself what a reasonable official in defendants' situation would have believed about the legality of defendants' conduct. You should not, however, consider what defendants' subjective intent was, even if you believe it was to harm plaintiff. You may also use your common sense. If you find that a reasonable official in defendants' situation would believe his

conduct to be lawful, then this element will be satisfied.  Defendants has the burden of proving that

he neither knew nor should have known that his actions violated federal law.  If defendants

convinces you by a preponderance of the evidence the he neither knew nor should have known that

his actions violated federal law, then you must return a verdict for defendants, even though you may

have previously found that defendants in fact violated plaintiff's rights under color of state law.

## COMPENSATORY DAMAGES

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not defendants should be held liable.  If you return a verdict for plaintiff, then you must consider the issue of actual damages.

If you return a verdict for plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of defendants.

You shall award actual damages only for those injuries which you find that plaintiff has proven by a preponderance of the evidence.  Moreover, you shall award actual damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by defendants in violation of Section 1983.  That is you may not simply award actual damages for any injury suffered by plaintiff – you must award actual damages only for those injuries that are a direct result of actions by this defendants and that are a result of conduct by defendants which violated plaintiff's federal rights under color of law.

Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.

**NOMINAL DAMAGES**

If you return a verdict for plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

Nominal damages must be awarded when plaintiff has been deprived by defendants of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred in an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of defendants' conduct other than the fact of a constitution deprivation, you must award nominal damages not to exceed one dollar.

**CONCLUSION**

I have now outlined the rules of law applicable to this case and the processes by which you should weigh the evidence and determine the facts. In a few minutes, you will retire to the jury room for your deliberations.

You first order of business in the jury room will be to elect a foreperson. The foreperson's responsibility is to ensure that deliberations proceed in an orderly manner.

This DOES NOT mean that the foreperson's vote is entitled to any greater weight than the vote of any other juror. Your job as jurors is to reach a fair conclusion from the law and evidence. When you are in the jury room, listen to each other, and discuss the evidence and issues. It is the duty of each of you, as jurors, to consult with each other.

You must deliberate with a view to reaching an agreement, but only if you can do so without violating your individual judgment and conscience. Remember in your deliberations that the dispute between the parties is for them no passing matter. The parties and the court are relying on you to give full and conscientious consideration to the issues and the evidence before you.

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or if you find yourself in doubt concerning my instructions, it is your privilege to return to the courtroom to have the testimony or instructions read to you.

Should you desire to communicate with the court during your deliberation, please put your message or question in writing. The foreperson should sign the note and pass it to the Marshall who will bring it to my attention. I will then respond, either in writing or orally, by having you returned to the courtroom. I caution you, however, that in your communications with the court, you should never state your numerical division.

Once you have reached a unanimous verdict and the verdict form has been completed, please

inform the Marshall that a verdict has been reached.  Your verdict on each claim for relief must be

unanimous, and it must also represent the considered judgment of each juror.

During your deliberations, do not hesitate to re-examine your views and change your mind.

Do not however, surrender your honest convictions because of the opinion of a fellow juror or for

the purpose of returning a verdict.  Remember you are not partisans.  Your duty is to seek the truth

from the evidence presented to you.

Once you have reached a unanimous verdict, your foreperson should fill in the verdict form,

date and sign it, and inform the Marshall that a verdict has been reached.

Verdict forms have been prepared for you.  You should review them after retiring to the jury

room.

Dated: Seaford, New York
       January 27, 2025

Respectfully submitted,
MARCOTE & ASSOCIATES, PC

*Louis F. Chisari*
_____
BY: LOUIS F. CHISARI, ESQ.
Attorney for Plaintiff,
JERRY QUINN McKOY
3960 Merrick Road, 2nd Floor
Seaford, New York 11783
Phone : 516-280-2281
Fax    : 516-280-2283
MA File No: MA24-0160

TO:
Anne C.  Leahey, Assistant County Attorney
Office of the County Attorney, Suffolk County
Attorney for the Defendant(s):
(*VIA ECF)*

# UNITED STATES DISTRICT COURT
## for the
# EASTERN DISTRICT OF NEW YORK

### INDEX NUMBER: 14-CV-00249

---

JERRY QUINN MCKOY

-against-

SUFFOLK COUNTY CORRECTIONAL FACILITY,
JENNIFER TAY, DEVIN CALANDRA, HELEN
BALCUK, VINCENT FUSCO and SERGEANT RUNG

---
---

# PROPOSED JURY INSTRUCTIONS PLAINTIFF
---
---

## MARCOTE ASSOCIATES, P.C.
*Attorney and Counselors at Law*
Attorneys for Plaintiff:
JERRY QUINN MCKOY
3960 MERRICK ROAD, 2nd FLOOR
SEAFORD, NEW YORK 11783
PHONE:(516) 280-2281
FAX:   (516) 280-2283

---