UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JERRY QUINN MCKOY,

**DEFENDANTS' REQUEST TO CHARGE JURY**

Plaintiff,

14-cv-00249(JMW)

-against-

JENIFER TAY, DEVIN CALANDRA, HELEN
BALCUK, VINCENT FUSCO and SGT. RUNG,

Defendants.

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, Defendants Devin Calandra, Vincent Fusco,  Sgt. Rung, and County of Suffolk, by their attorney, Christopher J. Clayton, Suffolk County Attorney, by Anne C. Leahey, Assistant County Attorney, respectfully submit the within proposed instructions for presentation to the jury at the close of this case. Defendants respectfully request that they be permitted to supplement or modify these proposed instructions as may be necessary or appropriate after submission of all evidence or during conference with this Court. Defendants further respectfully request the permission of the Court to amend or supplement these instructions to conform to the proof presented at trial.

### DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence (and the arguments of the lawyers), it is my duty to instruct you on the law which applies to this case. These instructions will be in three parts: first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, i.e., what the plaintiff must prove to make his case; and third, some rules for your deliberations.

1

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything I may have said or done any suggestions as to what verdict you should return--that is a matter entirely for you to decide.

### Separate Consideration of Each Defendant

Although there are three individual defendants in this case, it does not necessarily follow that if one defendant is liable, the other defendants are also liable. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants. Unless I instruct you otherwise, all instructions given to you govern as to each defendant.

### <ins>CONSIDERATION OF THE EVIDENCE –<br>CONSIDER ONLY COMPETENT EVIDENCE</ins>

As stated earlier, it is your duty to determine the facts, and in doing so you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to either side of the case, and in so doing, to call your attention to certain facts or inferences that

might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding on you.

At times during the trial, I have sustained objections to questions asked without permitting the witness to answer, or where an answer was made, instructed that it be stricken from the record and that you disregard it and dismiss it from your minds. You may not draw any inference from an unanswered question or a stricken answer in reaching your decision. The law requires that your decision be made solely upon the evidence. Evidence which has been excluded from your consideration was excluded because it was not legally admissible.

While you should consider only the evidence in the case, you are permitted, however, to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

## **WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4. Anything you may have seen or heard while the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## CREDIBILITY OF WITNESSES - DISCREPANCIES IN TESTIMONY

In deciding what the facts are, you must consider all the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. In making that decision, you may take into account a number of factors, including the following:

1. Was the witness able to see, or hear, or know the things about which that witness testified?

2. How well was the witness able to recall and describe those things?

3. What was the witness's manner and demeanor while testifying?

4. Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

5. How reasonable was the witness's testimony considered in light of all the evidence in the case?

4

6.    Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

These are some of the factors you may consider in deciding whether to believe testimony.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a small number of witnesses on one side has greater weight than that of a larger number on the other.

All of these are matters for you to consider in finding the facts.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure to recollect, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE[1]

---

[1] Section 1983 Litigation: Jury Instructions, 2005 Supplement, Schwartz & Pratt, Instruction 2.03.1.

I told you that evidence comes in various forms such as the sworn testimony of witnesses, exhibits, and stipulations. In addition, there are two different kinds of evidence – direct evidence and circumstantial evidence.

Direct evidence can prove a material fact by itself. It doesn't require any other evidence. It doesn't require you to draw any inferences. A witness's testimony is direct evidence when the witness testifies to what he saw, heard, or felt. In other words, when a witness testifies about what is known from his own personal knowledge by virtue of his own senses, what he sees, touches, or hears – that is direct evidence. The only question is whether you believe the witness's testimony. A document or physical object may also be direct evidence when it can prove a material fact by itself, without any other evidence or inference. You may, of course, have to determine the genuineness of the document or object.

Circumstantial evidence is the opposite of direct evidence. It cannot prove a material fact by itself. Rather, it is evidence that tends to prove a material fact when considered together with other evidence and by drawing inferences. There is a simple example of circumstantial evidence which is often used in the federal courts.

Assume that when you got up this morning it was a nice, sunny day. But when you looked around you noticed that the streets and sidewalks were very wet. You had no direct evidence that it rained during the night. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to infer that it had rained during the night.

Not all circumstantial evidence presents such a clear compelling inference; the strength of the inferences arising from circumstantial evidence is for you to determine. It is for you to decide how much weight to give to any evidence.

6

Inference from circumstantial evidence may be drawn based on reason, experience, and common sense. Inferences may not, however, be drawn by guesswork, speculation, or conjecture.

The law does not require a party to introduce direct evidence. A party may prove a fact based entirely on circumstantial evidence or upon a combination of direct and circumstantial evidence. Circumstantial evidence is not less valuable than direct evidence. The law makes no distinction between direct and circumstantial evidence. You are to consider all the evidence in the case, both direct and circumstantial, in determining what the facts are, and in arriving at your verdict.

## CORRECTION OFFICER AND CIVILIAN WITNESSES[2]

You have heard the testimony of witnesses who are civilians and the testimony of witnesses who are corrections officers.

In evaluating this testimony, you are to apply the same standards of evaluation to each witness. You shall not give any greater or lesser weight to the testimony of a witness solely because of his or her occupation as a correction officer.

## NOTE TAKING BY JURORS[3]

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

---

[2] Section 1983 Litigation: Jury Instructions, 2005 Supplement, Schwartz & Pratt, Instruction 2.03.7.
[3] Section 1983 Litigation: Jury Instructions, 2005 Supplement, Schwartz & Pratt, Instruction 2.03.15.

## PLAINTIFF'S SECTION 1983 CLAIMS

Before discussing the legal principles with you, I will set forth in very broad outline the facts that are not in dispute and the issues in this case, in the belief that the legal principles will be more meaningful in that context.

The plaintiff claims that the defendants were deliberately indifferent to his serious medical needs between September 30, 2013 and October 19, 2013.

The defendants deny his allegations and assert that the plaintiff's constitutional rights were not violated in any fashion.

Additionally, the defendants dispute the nature and extent of the damages allegedly sustained by plaintiff.

The plaintiff claims that he sustained injuries and damages as a result of the deprivation, under color of state law, of rights secured to him by the Constitution of the United States and by a federal statute, 42 U.S.C. Section 1983, which protects the civil rights of all persons within the United States. I will explain the elements of this §1983 claim to you later on in these instructions.

Specifically, the plaintiff claims that while the defendants were acting under color of the authority given to them as Suffolk County employees, the defendants deprived him of certain rights secured and protected by the Constitution and laws of the United States, namely, that he was subjected to deliberate indifference to his serious medical needs.

8

## SECTION 1983
## THE STATUTE, ITS FUNCTION, AND ELEMENTS OF CLAIM FOR RELIEF

### The Statute and Its Function

Plaintiff asserts a claim under a federal civil rights law, 42 U.S.C. § 1983. The statute

provides a remedy for individuals who have been deprived of their federal constitutional rights

under color of state law. Section 1983 states in part that:

> Every person who, under color of [state law], subjects or causes to be subjected
> any citizen of the United States or other person within the jurisdiction thereof to
> the deprivation of any rights, privileges, or immunities secured by the [United
> States] Constitution and [federal] laws, shall be liable to the party injured [for
> damages].

Section 1983 creates a form of liability in favor of individuals who have been deprived of

rights secured to them by the United States Constitution. It was passed by Congress to enforce the

Fourteenth Amendment of the Constitution. The Fourteenth Amendment provides in relevant part

that:

> no state shall…deprive any person of life, liberty, or property, without due process
> of law nor deny to any person within its jurisdiction the equal protection of the laws.

Section 1983 itself does not establish or create any federally protected right. Rather, it is

the statute that allows the plaintiff in this case to enforce rights guaranteed to him by the federal

Constitution. Later in these instructions, I will explain to you what these federal constitutional

rights are, and what the plaintiff must demonstrate to prove a violation of these rights.

To establish his claim under section 1983, the plaintiff must demonstrate, by a

preponderance of the evidence, the following three elements:

first, that the defendant's conduct was under color of state law;

9

second, that this conduct deprived the plaintiff of a right protected by the Constitution of the United States; and

third, that the defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain each of these elements to you.

### First Element: Color of Law

As to the first element—whether the defendants were acting under color of state law—there is no dispute in this case that during the events in issue here the defendants were county employees who were acting under color of law. Therefore, you need not concern yourself with that element of the plaintiff's case.

### Second Element: Deprivation of a Federal Right

The second element of the plaintiff's claim is that the defendants' conduct deprived the plaintiff of a federal right. In order for the plaintiff to establish the second element, he must establish three things by a preponderance of the evidence:  first, that the defendants committed the acts alleged by the plaintiff; second, that that acts caused the plaintiff to suffer the loss of a federal right[4]; and third, that in performing the acts alleged, the defendants acted intentionally or recklessly.[5]

---

[4] Maine v. Thiboutot, 448 U.S. 1,100 S.Ct.2505, 65 L.Ed.2d 555 (1980); Martinez v. California, 444 U.S. 277, 100 S. Ct. 553, 62 L.Ed.2d 481 (1980), Baker v.McCollan, 443 U.S. 137, 99 S. Ct. 2689, 61 L.Ed.2d 433 (1979); Monell v.Department of Social Services of the City of New York, 436 U.S. 436 U.S. 658,98 S. Ct. 2018, 56 L.Ed.2d 611 (1978).

[5] Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677, (1986).

I will explain the elements of the plaintiff's specific individual federal claim later in these instructions.

### *Third Element: Proximate Cause*

The third element the plaintiff must prove is that the defendants' conduct was a proximate cause of the plaintiff's injury and damage. Under Section 1983, the defendants are responsible for the natural consequences of their actions. An act is a proximate cause if it was a substantial factor in bringing about a plaintiff's injury. You must determine whether injury or damage suffered by the plaintiff was a reasonably foreseeable consequence of the defendants' conduct. An injury that is a direct result, or a reasonable probable consequence of a defendant's conduct, was proximately caused by that conduct. The question is whether a reasonable person would regard the defendant's conduct as being a cause of the injury. If so, the conduct is a proximate cause.

A proximate cause need not always be the nearest cause either in time or in location. In addition, the law recognizes that there may be more than one proximate cause of an injury. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.

### <u>DEFENDANT'S STATE OF MIND UNDER SECTION 1983</u>

I instruct you that, to establish a claim under Section 1983, the plaintiff must show that the defendants acted intentionally or recklessly. If you find that the act(s) of the defendants were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendants on the Section 1983 claim.[6]

---

[6] <u>Id.</u>

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason.

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the defendants acted intentionally, recklessly or negligently, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**SECTION 1983 DELIBERATE INDIFFERENCE CLAIM**

Plaintiff brings a deliberate indifference claim against Corrections Officer Vincent Fusco and Sergeant Daniel Rung, employees of the Suffolk County Sheriff's Office, and against Devin Calandra, R.N., a nurse employed by the Suffolk County Department of Health Services. He claims that he received inadequate medical care while he was incarcerated in the Suffolk County Correctional Facility during the period between September 30, 2013 and October 19, 2013, resulting in a seizure that caused him injury. The plaintiff claims that the failure of defendants Fusco, Rung, and Calandra to provide him with adequate medical care violated his rights under the Eighth Amendment to the United States Constitution. The plaintiff must prove by a preponderance of the evidence that the defendants inflicted cruel and unusual punishment on him in violation of his rights under the Eighth Amendment to the United States Constitution. Under the Eighth Amendment, the plaintiff had the right to be free from the unnecessary, unjustifiable, unprovoked, or malicious infliction of pain and suffering. In considering this claim, it is important to recognize that the Eighth Amendment prohibits only the unnecessary and wanton infliction of

pain. In consequence, mere negligence or malpractice in providing medical care, although it is no cause for commendation, does not itself amount to cruel and unusual punishment. Rather, in order to prevail, the plaintiff must establish that the defendants acted with deliberate indifference to his serious medical needs. I now will instruct you as to each of the elements that must be proven to establish this claim.

### Serious Medical Needs

In considering whether the defendants failed to attend to the plaintiff's serious medical needs in a particular instance, you first must consider whether the particular instance at issue involved a serious medical need or something less. A serious medical need is one which, if unattended to, would pose an excessive or substantial risk to the health of the inmate. You have heard the evidence, including the testimony of doctors. It is for you to determine in each instance on which plaintiff claims the defendants failed to provide for his medical need, whether in fact the plaintiff had a serious medical need, that is, whether the medical need was one which, if unattended to, posed an excessive or substantial risk to the plaintiff's health.

### Deliberate Indifference

If the plaintiff had serious medical needs that were not attended to in a reasonable manner, the plaintiff must next establish that one or more of these defendants was responsible for the failure, and that the failure to attend to his medical needs was the result of deliberate indifference by the responsible defendants. A prison official, who is not a trained and licensed medical practitioner, cannot be found liable under the Eighth Amendment for failing to provide medical care and attention which the prison official is not trained and licensed to provide.

13

A prison official cannot be found liable under the Eighth Amendment for failing to provide an inmate with medical care unless the official knew of and disregarded an excessive or substantial risk to the inmate's health. This means that a prison official may be liable under Section 1983 for depriving an inmate of his Eighth Amendment rights only if the official was aware that a serious risk of substantial harm to the inmate existed yet failed to act reasonably to alleviate that risk. Evidence that a prison official was aware of long standing, pervasive, or well documented circumstances that suggested the existence of an excessive or substantial risk to the plaintiff's health may be considered by you in determining whether the official knew that such a risk existed. But failure to alleviate an excessive or substantial risk of which the official should have been aware, but was not aware, does not constitute the infliction of punishment, and cannot give rise to liability in this case. Likewise, a prison official's reasonable response to an excessive or substantial risk to an inmate's health or safety does not give rise to liability in this case; even if the harm to the inmate was not ultimately averted.

How do you decide whether the defendants were aware of an excessive or substantial risk of harm to the plaintiff? You approach that question in the same way you approach any other issue concerning what was in someone's mind. You must consider all of the evidence before you, both direct and circumstantial, as to what the defendants knew or probably knew. It is important to emphasize that plaintiff cannot prevail merely because a reasonable person in the defendants' position should or would have known of an excessive or substantial risk of harm to the plaintiff. The plaintiff must prove that the defendants in fact were aware of an excessive or substantial risk to the plaintiff, yet failed to take reasonable action to avert that risk.

**Deliberate Indifference—Effect of Prison Rules (only if prison rules are presented)**

14

There has been evidence during the trial concerning certain of the rules of the Suffolk County Correctional Facility pertaining to the provision of medical care to inmates. The plaintiff argues that the defendants failed to comply with those rules in dealing with him. Therefore, I want to explain to you how those matters may affect your decision.

I instruct you that a failure by a defendant to comply with a prison rule, either in a given instance or on repeated occasions, does not necessarily mean that the defendant was deliberately indifferent to the plaintiff's serious medical needs. However, repeated failures to comply with the prison's own rules, particularly rules directly relating to the standard of health care to be provided to inmates, may be considered by you as some evidence of an official's indifference to the plaintiff's medical needs. I stress that you may take such failures into account, but that you are not obliged to regard any such failures as establishing any element of plaintiff's claim. You still must determine in each instance, first, whether there was a risk of substantial or excessive risk of harm to the plaintiff, and second, whether the defendant knew that there was such a risk, yet failed to act reasonably to alleviate it.

## Special Verdict Sheet

If you find that any defendant was deliberately indifferent, as I have defined that term, to the plaintiff's serious medical needs, you will answer question 1 "Yes" with regard to that defendant or defendants, and proceed to the remaining questions of the Special Verdict form with respect to that defendant or defendants. However, if you find that one or more than one defendant was not deliberately indifferent to the plaintiff's serious medical needs, you will answer question 1 "No" and proceed no further with regard to that defendant or defendants.

**Need for constitutional violation to consider Section 1983 claim for municipal liability**

In order to sustain his claim for municipal liability under Section 1983, the plaintiff must first establish that he suffered a constitutional injury.[7] If you have found that Plaintiff did not suffer the constitutional injury of deliberate indifference to his medical needs, proceed no further with respect to the claim against the County of Suffolk for municipal liability.

**Municipal Liability—Custom or Practice**

In order to establish his §1983 claim against the County of Suffolk, the plaintiff is required to establish an additional element that he need not prove against the individual defendants. To hold the County liable under §1983, the plaintiff must prove by a preponderance of the evidence that the County had a custom or practice of inflicting cruel and unusual punishment on inmates in violation of their rights under the Eighth Amendment to the United States Constitution by being deliberately indifferent to their serious medical needs. In other words, the plaintiff must prove that the violation of his federally protected rights was not an isolated incident but was part of a persistent, widespread practice of the County.

If you have found that any of the individual defendants violated the plaintiff's federally protected rights, then you must also consider the plaintiff's claim against the County.

The fact that an employee or employees of the County deprived the plaintiff of his federally protected rights is not itself a sufficient basis for imposing §1983 liability against the County.

The plaintiff does not contend that the County of Suffolk has a formal written policy of being deliberately indifferent to the serious medical needs of inmates in the Suffolk County Correctional Facility. Plaintiff alleges instead that the County has had a long-standing custom or

---

[7] *See* City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (underlying constitutional injury required for municipal liability under §1983.

practice of being deliberately indifferent to the serious medical needs of inmates in the Suffolk County Correctional Facility.

A custom or practice is a well settled, persistent, widespread course of conduct by municipal officials having the force of law. Whether there was such a practice or custom is a question of fact for you, the jury, to determine. In making this determination you may consider how long the alleged practice existed, the number and percentage of County officials engaged in the practice, and the similarity of the conduct engaged in by its employees.

A municipal practice or custom has the force of law when it has been approved, either expressly or implicitly, by the municipal entity's policymakers, or when the policymakers, after being placed on notice of a practice or custom of unlawful conduct, are deliberately indifferent to it.

To find in favor of the plaintiff and against the County of Suffolk, you must find: (1) that the individual defendant(s) violated the plaintiff's federally protected rights; (2) the violation of the plaintiff's rights was pursuant to a long-standing custom or practice of the County; and (3) the policymakers of the municipal entity either approved, or were deliberately indifferent to, the custom or practice. In considering whether a policymaker approved or was deliberately indifferent to the custom or practice, you must find that the policymaker, through his own individual actions, violated the Constitution or that his conduct or inaction was intentional or reckless.[8] If you find that the plaintiff has failed to establish any of these elements, your verdict must be for the County of Suffolk.

---

[8] *Crenshaw v. Toulon*, 2024 WL 640041, at *3 (E.D.N.Y. 2024).

## BURDEN OF PROOF ON §1983 ELEMENTS

The plaintiff has the burden of proving each element of his § 1983 claims by a preponderance of the evidence. Preponderance of the evidence means that it is more likely than not that the fact occurred.

Thus, in order to prevail on his claims, the plaintiff must persuade you that it is more likely than not: first, that the defendants engaged in the alleged conduct under color of state law; second, that the conduct deprived the plaintiff of a right protected by the federal Constitution; and third, that the defendants' conduct was the proximate cause of the injuries and damages sustained by the plaintiff.

## MULTIPLE DEFENDANTS

If you find that plaintiff has proven all three elements of his deliberate indifference claim by a preponderance of the evidence with respect to a particular defendant whom you are considering separately, you should find that defendant liable. If you find that plaintiff has not proven any one of these elements with respect to the particular defendant you are considering, then you must find that defendant not liable and return a verdict for her or him. Remember that the case as to each of these individual defendants must be considered separately by you. The fact that you find that one of the defendants is or is not liable does not determine your verdict as to any other one of these defendants.

## DAMAGES

If you find that the plaintiff has proven by a preponderance of the evidence all of the elements of his claim for relief for the alleged violation of his federal rights, you must then decide if he suffered damages as a result of the violation.

The fact that I will instruct you as to the proper measure of damages should not be considered as suggesting any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

If you find in favor of the plaintiff, you may award him such damages as will compensate him for his injuries which you have found that he has received. In compensating a plaintiff for his injuries, you should consider the extent and permanency of the injuries and what would adequately compensate him for those injuries.

If you find that a defendant is liable for the injuries suffered by the plaintiff, then you must determine the amount of damages that the plaintiff is entitled to recover. However, my charge to you on the issue of damages must not be taken as an indication that you should find in favor of the plaintiff. Again, instructions as to the measure of damages are given for your guidance in the event you should find for the plaintiff.

If you decide that the plaintiff is entitled to a verdict, an award of damages must be reasonable. You may award the plaintiff only such damages as will reasonably compensate him for such injuries. You are not permitted to award speculative damages. You are not to include in any verdict compensation for prospective loss which, although possible, is not reasonably certain to occur in the future.

## NOMINAL DAMAGES

If you return a verdict for the plaintiff, but find that he has failed to prove by a preponderance of the evidence that he has suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

Nominal damages must be awarded when the plaintiff has been deprived by a defendant of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that the plaintiff suffered no injury as a result of a defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

## BURDEN OF PROOF

The burden of proof rests on the party whose claim it is. Here, it is the plaintiff that is pursuing a claim. That means that the plaintiff, as the party raising the claim, must establish by a fair preponderance of the credible evidence that the claim made is true. The credible evidence means the testimony or exhibits that you find to be worthy to be believed. A preponderance does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and the effect that it has on your minds. The law requires that, in order for a party to prevail, the evidence that supports their claim must appeal to you as more nearly representing what took place than that opposed to their claim. If it does not, or if it weighs so evenly that you are unable to say that there is preponderance on either side, then you must resolve the question in favor of the other party.

20

It is only if the evidence favoring the plaintiff's claim outweighs the evidence opposed to it that you can find in favor of the plaintiff. If the evidence on both sides is balanced, meaning that the evidence supporting the plaintiff's claim is essentially equal to the evidence supporting the defendants' version, then you must return a verdict in favor of the defendants because the plaintiff has not satisfied his burden of proof.

## INTERESTED WITNESSES

The plaintiff has testified before you. As a party to this action, he is an interested witness, that is, he has an interest in the outcome of the case.

An interested witness is not necessarily less believable than a disinterested witness. The fact that he is interested in the outcome of the case does not mean that he has not told the truth. It is for you to determine from his demeanor on the stand and from such other method as your experience dictates whether or not his testimony has been slanted intentionally or unintentionally, by his interest. If you deem it proper under all of the circumstances to do so, you are free to disbelieve such witness, even though his testimony is not otherwise impeached or contradicted. However, you are not required to disbelieve such a witness. You may accept all or such part of his testimony as you deem reliable, and you may reject such part, if any you deem unreliable.

## *FALSUS IN UNO*

If you find that any witness has willfully testified falsely as to any material fact, the law permits you to disregard completely the entire testimony of that witness under the principle that one who testified falsely about one material fact is quite likely to testify falsely about everything. However, you are not required to consider such a witness as totally unworthy of belief. You may also accept so much of his testimony as you deem true, and disregard what you feel is false.

By the process that I have just described, you as the sole judges of the facts, must determine

which of the witnesses you believe, what portion of their testimony you accept and what weight

you will give to their testimony.

DATED:  Hauppauge, New York
January 31, 2025

Respectfully submitted,
Christopher J. Clayton
Suffolk County Attorney
Attorney for Defendants
P.O. Box 6100
100 Veterans Memorial Highway
Hauppauge, New York
11788-0099
(631) 853-5717

By:   /s/ Anne C. Leahey
ANNE C. LEAHEY
Assistant County Attorney

22