UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JERRY QUINN MCKOY,

                                                    Plaintiff,        **DEFENDANTS' PROPOSED**
                                                                      ***VOIR DIRE* QUESTIONS**

                        -against-
                                                                      **14-cv-00249(JMW)**

COUNTY OF SUFFOLK, SUFFOLK COUNTY
CORRECTIONAL FACILITY, JENNIFER TAY, DEVIN
CALANDRA, HELEN BALCUK, VINCENT FUSCO and
SERGEANT RUNG,

                                                    Defendants.

Defendants Devin Calandra, Vincent Fusco,  Sgt. Rung, and County of Suffolk, by their

attorney, Christopher J. Clayton, Suffolk County Attorney, by Anne C. Leahey, Assistant County

Attorney, respectfully submit the following proposed *voir dire* questions:

1.      Have you or any members of your family or close friends ever been involved in an

interaction with a member of law enforcement where you or they felt mistreated in any fashion?

2.      Have you or any members of your family or close friends ever sued for personal injuries

or for a violation of civil rights?

3.      Have you or any members of your family or close friends ever been involved in an

interaction with a health practitioner where you or they felt mistreated in any fashion?

4.      Have you or any members of your family or close friends ever sued a health practitioner

for the health care provided?

5.      Regardless of your personal feeling regarding medical negligence or malpractice claims,

can you put aside those feelings and listen to the judge's instruction on the standard of care for a

sentenced prisoner under the United States Constitution?

6.      Have you or any member of your family or close friends ever sued or been sued by a municipality?

7.      Does the fact that the plaintiff in this case alleges that he was mistreated incline you to believe that the defendants acted inappropriately?

8.      Does the fact that the plaintiff in this case alleges that he was mistreated incline you to feel that he should receive damages from defendants?

9.      This case involves the alleged violation of civil rights by members of the Suffolk County Sheriff's Office. Do you think that recent events involving law enforcement could affect your ability to be fair and impartial in this case?

10.     The Judge in this case will be providing you with the law that you must apply to the facts to reach a verdict in this case. Can you agree to apply the law as the Judge instructs you on it, even if you don't agree with it or it differs from your personal beliefs?

11.     Some of the witnesses in this case are law enforcement officers. Their testimony may differ substantially from some of the testimony given by the plaintiff or his witnesses. If such differences were apparent to you, would you give greater credibility, less credibility or the same credibility to the version of the facts as gleaned from the testimony of the officers because of their status as law enforcement officers? Do you feel that the fact that the plaintiff hired a lawyer and brought a lawsuit entitles him to recover some money damages?

12.     Would you be inclined to think that there must be some merit to the plaintiff's claims simply because the Court is conducting this trial?

13.     Would you be comfortable not awarding the plaintiff any damages at all if he doesn't prove his case?

14.     Since some of the defendants in this case are employees of a law enforcement agency,

would you feel that they should be able to present some evidence disproving the plaintiff's claim?

15.     Will you listen to the evidence in the trial and apply the law as the Court instructs you,

even if you do not agree with the law, and render a decision solely on the facts as developed at trial

in accordance with the law the Court instructs you?

16.     If the facts as elicited at the trial do not warrant a finding for the plaintiff, would you have

any difficulty in rendering a verdict in favor of the defendants and not awarding the plaintiff any

money at all?

17.     If you were selected as a juror in this case, do you know of any reason why you could not

be fair and impartial?


Dated: Hauppauge, New York
      January 31, 2025

                           Christopher J. Clayton
                           Suffolk County Attorney
                           Attorney for Defendants County of Suffolk,
                           Calandra, Fusco and Rung
                           Suffolk County Correctional Facility
                           P.O. Box 6100
                           100 Veterans Memorial Highway
                           Hauppauge, New York 11788-0099

                     By:  */s/ Anne C. Leahey*
                           Anne C. Leahey
                           Assistant County Attorney


To:

Louis F. Chisari, Esq.
Marcote and Associates, PC
3960 Merrick Road, 2nd Floor
Seaford, New York 11783