## COUNTY OF SUFFOLK



**EDWARD P. ROMAINE**
SUFFOLK COUNTY EXECUTIVE

**CHRISTOPHER J. CLAYTON**                                                                                          **DEPARTMENT OF LAW**
**COUNTY ATTORNEY**

February 6, 2024

Hon. James M. Wicks, U.S.M.J.
United States District Court, Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722-4451

        Re:   *McKoy v. Suffolk County, et al.,*
                 CV14-0249 (JMW)

Dear Judge Wicks:

      This office represents Defendants County of Suffolk ("County"), Nurse Devin Calandra, Corrections Officer Vincent Fusco, and Sgt. Daniel Rung, sued in this action brought pursuant to 42 USC § 1983. As the Court is aware, this case is scheduled to proceed to trial on February 24, 2025. In the Amended Complaint (DE 195), filed on May 15, 2024, Plaintiff brought a claim for municipal liability pursuant to *Monell v. N.Y. City of Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2010 (1978), against the County of Suffolk in the First, Second, and Third Claims; in the Fourth Claim, Plaintiff brought claims against the individual defendants. Defendants hereby respectfully move for an Order pursuant to Federal Rule of Civil Procedure 42(b) bifurcating the matter so that the claim against the individual defendants is tried first, with the trial of Plaintiff's *Monell* claims to follow, if necessary. The parties have conferred about bifurcating the *Monell* claims with Plaintiff ultimately declining to join in the motion.

      Rule 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." In this case, bifurcation of the *Monell* claim is warranted to expedite the trial and to avoid prejudice. The case against the individual officials involves relatively straightforward federal claims of deliberate indifference to Plaintiff's medical needs which arise from Plaintiff's seizure in his cell at the Suffolk County Correctional Facility on October 19, 2013. In contrast, the *Monell* case against the County involves claims that the County had in effect "certain policies, practices and customs that created, condoned, contributed to, allowed and fostered the unconstitutional conduct of the other municipal Defendants, the individual Correction Officers and Nurse Defendants, and the employees and agents of the Defendants." DE 195, par. 88.

Bifurcation will likely shorten the trial of the case as a verdict in favor of the individual defendants would obviate the need for trial of the *Monell* claim against the County. It is well-settled that a municipality cannot be held liable for damages in an action brought pursuant to 42 U.S.C. § 1983 when there is no underlying violation of the plaintiff's constitutional rights. *City of Los Angeles v. Heller*, 475 U.S. 796 (1986). Thus, bifurcation would further the goal under Rule 42(b) of expedition and economy for the Court and the parties. *See Amato v. City of Saratoga Springs*, 170 F.3d 311, 321 (2d Cir. 1999) ("Section 1983 actions are particularly well suited for bifurcation because the evidence needed to show a 'policy or custom' on behalf of the municipal entity is often unnecessary in the suit against the individual officer.").

In addition, if a jury were to hear evidence of the past acts of other employees in support of Plaintiff's *Monell* claims, such evidence could confuse and bias the jury's understanding of the claims against the individual defendants. Bifurcation would avoid prejudice to the individual defendants. *Daniels v. Loizzo*, 178 F.R.D. 46, 47-49 (S.D.N.Y. 1998) (bifurcating trial where Plaintiff sought to introduce "similar but unrelated misconduct" evidence).

Finally, since it is likely that the County will indemnify the individual defendants, Plaintiff cannot recover greater damages by prevailing upon his *Monell* claim. Thus, trial of the *Monell* claim would not be strictly necessary if Plaintiff were to prevail upon his claim against the individual defendants. *See, generally, Amato, supra.*

Based on the foregoing, the parties respectfully request that the trial of the above matter be bifurcated as to the claims against the individual officials, with the *Monell* claim against the County to follow *seriatim*, if necessary.
.

      Respectfully submitted,

      Christopher J. Clayton
      Suffolk County Attorney

      */s/ Anne C. Leahey*
      By:  Anne C. Leahey
      Assistant County Attorney

LOCATION  
H. LEE DENNISON BLDG.  
100 VETERANS MEMORIAL HIGHWAY  ♦  

MAILING ADDRESS  
P.O. BOX 6100  
HAUPPAUGE, NY  11788-0099  ♦  

(631) 853-4049  
TELECOPIER (631) 853-5169