# MARCOTE & ASSOCIATES, P.C.

*Attorney and Counselor at Law*
3960 MERRICK ROAD, 2ⁿᵈ FLOOR
SEAFORD, NEW YORK 11783
TELEPHONE: (516) 280-2281
FACSIMILE: (516) 280-2283

___

February 12, 2025

Magistrate Judge James M. Wicks
United States District Court (EDNY)
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

    Re:        Jerry Quinn McKoy v. Suffolk County Correctional Facility, et al.
    Docket No.:    14-cv-00249 (LDH)(JMW)
    MA File No.:    MA24-0160
    Subject:       'Opposition to Defendant(s)' motion to Bifurcate'

Dear Judge Wicks:

    As the Court is aware this firm and more specifically the undersigned represents the plaintiff, Jerry Quinn McKoy, in this matter, which is currently scheduled for 'Jury Selection' on February 24, 2025. Plaintiff opposes the Defendant(s)' motion to bifurcate the trial.

    "[T]he presumption is that al! claims in a case will be resolved in a single trial, and it is only in exceptional circumstances where there are special and persuasive reasons for departing from this practice that distinct causes of action asserted in the same case may be made the subject of separate trials." *Jeanty v. County of Orange* 379 F. Supp. 2d 533. 549 (S.D.N.Y. 2005) (quotations and citations omitted); Rule 42(b) is an exception to that general principle hut only "in furtherance of convenience or to avoid prejudice. or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim .. ."

    In this case, there is substantial overlap between the evidence that will be relevant to the claims against the individual defendants and the municipality, so that bifurcation will not advance the goals of Fed. R. Civ. P. Rule 42 but rather frustrate them by requiring multiple trials and introduction of identical evidence. *See*, *Ingles v. City cf New York*, 2005 U.S. Dist. LEXIS 11100 (S.D.N.Y. 2005); *Pavlovich v. City New York*, 1992 U.S. Dist. LEXIS 13070 (S.D.N.Y. 1992).

    While the district courts retain broad discretion to determine whether bifurcation is appropriate, see, *e.g. Smith v. lightning Boll Prods, Inc.*, 861 F.2d 363. 370 (2d Cir. 1988); *Lewis v. Triborough Bridge and Tunnel Auth.*, No. 97 Civ. 0607, 2000 WL 423517, *2 (S.D.N. Y. 2000), "separate trials remain the exception rather than the rule." *See*, *Pavone v. Gibbs*, No. CV 95- 0033, 1997 WL 833472, *1 (E.D.N.Y. 1997) (citation omitted). *See, Lewis*, 2000 WL 423517 at *2.

    Rule 42(b) "is reserved for truly extraordinary situations of undue prejudice." *Monaghan v. SZS 33 Assocs.*, 827 F. Supp. 233, 246 (S.D.N.Y. 1993). The key inquiries are whether in the absence of bifurcation, a party will be prejudiced, the proceedings will be expedited, or convenience provided. *See, Ricciuti v. New York City Trans. Auth.*, 796 F. Supp. 84, 86 (S.D.N.Y. 1992). This

Circuit is committed to an "inclusionary" approach to Rule 404(b) evidence. *United States v. Brennan*, 798 F.2d 581,589 (2d Cir. 1986).

Bifurcation is not appropriate where evidence of a Defendant(s)' past alleged misconduct may be relevant to both individual and Monell claims. *See, Pavone*, 1997 WL 833472 at *1 ("[s]eparate trials are not appropriate when 'issues, witnesses and documentary evidence overlap'") (citation omitted); *Pavlovich v. City of New York*, No. 91 Civ. 5030, 1992 WL 230472, *3 (S.D.N.Y. 1992). Here, witnesses and documentary evidence do overlap. Defendant(s) do not demonstrate any prejudice. The facts and legal issues related to the physical treatment of the Plaintiff at the time of his incarceration and the subsequent medical treatment that was provided to him are inextricably intertwined with the culture of deliberate indifference to his medical conditions and even outright facilitation of poor medical care that permeated the Suffolk County Correctional Facility.

Plaintiff is fully prepared for a jury trial which includes the Monell issues. Years of discovery, research and litigation have been expended by Plaintiff first *Pro Se* and now with *Pro Bono* legal counsel to establish Monell liability from the conduct of individual Defendant(s). Prior to this motion being the parties filed a 'Joint Pre-Trial Order', 'Proposed Jury Charges', 'Jury Verdict Sheets', 'Proposed Voir Dire Questions' and these documents were filed between January 23, 2025 and January 31, 2025 and bifurcation has never been mentioned until now.

Under no circumstances should Suffolk County be allowed to evade liability under Monell by forcing the Plaintiff to try his case solely against the individual Defendant(s) in a bifurcated trial given the facts and circumstances of this case and the preparation of this case for resolution in a single trial.

Based upon the for going the Plaintiff requests the Defendant(s) motion be denied in its entirety.

Sincerely yours,

*Louis F. Chisari*

Louis F. Chisari, Esq.
LCHISARI@marcotelaw.com

Cc:
Suffolk County Attorney's Office
*(via ECF)*