UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JERRY QUINN MCKOY,

                                      **MEMORANDUM AND ORDER**

                     *Plaintiff*,           14-cv-00249 (JMW)

      -against-


COUNTY OF SUFFOLK, JENNIFER TAY,
DEVIN CALANDRA, HELEN BALCUK,
VINCENT FUSCO, and SGT. RUNG,

                     *Defendants*.
------------------------------------------------------------------X

**A P P E A R A N C E S**:

      Louis Frank Chisari, Esq.
      **Marcote & Associates, P.C.**
      108 New South Road
      Hickville, NY 11801
      *Attorney for Plaintiff*

      Anne C. Leahey, Esq.
      Arlene S. Zwilling, Esq.
      Leland S. Solon, Esq.
      Kyle O. Wood, Esq.
      **County of Suffolk Law Department**
      H. Lee Dennison Building-Fifth Floor, P.O. Box 6100
      100 Veterans Memorial Highway
      Hauppauge, NY 11788-0099
      *Attorneys for Defendants*


**WICKS**, Magistrate Judge:

      In the weeks before the scheduled trial of this decade-old civil rights case, Defendants seek to bifurcate the claims against the individuals and the *Monell* claims against the

municipality.[1] Having considered the factors under Fed. R. Civ. P. 42(b), and the authority decided thereunder, the Court in its discretion denies the application to bifurcate.

On January 2, 2014, incarcerated Plaintiff[2] Jerry Quinn McKoy ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Suffolk County Correction (the "Jail"), Suffolk County Sheriff Vincent F. DeMarco, and thirteen unidentified individuals all of whom are alleged to be medical professionals or corrections officers working at the Jail, alleging that Plaintiff had a seizure on October 19, 2013 as a result of not receiving his medications while at the Jail, and, during said seizure, Plaintiff fell over a box and reinjured his back. (*See generally*, ECF No. 1.)[3] On June 8, 2018, Magistrate Judge A. Kathleen Tomlinson granted Plaintiff leave to file an Amended Complaint, which became the operative pleading in this matter (hereafter, the "First Amended Complaint"). (ECF Nos. 67, 152). Plaintiff's First Amended Complaint names as individually named Defendants: Jennifer Tay, Nurse Administrator, Delvin Calandra, Nurse, Helen Balcuk, Nurse, Vincent Fusco, Correctional Officer, and Sergeant Rung (collectively, "Defendants"). (*Id*.) The First Amended

---

[1] There is one claim against the individuals, and three claims against the municipality (*See* ECF No. 195 at 14-19.)

[2] The case was reassigned to the undersigned for all purposes on January 16, 2024, and the undersigned appointed counsel, Louis Frank Chisari, Esq., to represent *pro se* Plaintiff for the purpose of the trial in this case. (*See* Electronic Order dated January 16, 2024; ECF No. 184.) Plaintiff appeared *pro se* throughout the case until Mr. Chisari appeared in 2024.

[3] Suffolk County Correction and Sheriff Vincent F. DeMarco were terminated as Defendants in this action pursuant to District Judge Joanna Seybert's March 3, 2014 Memorandum & Order. (ECF No. 7.) Judge Seybert noted that "[i]t is well-established that 'under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.'" (*Id*. at 5.) (quoting *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002)). She held that Plaintiff's claim against the Jail was "not plausible because the Jail has no legal identity separate and apart from Suffolk County." (*Id*); *See Trahan v. Suffolk Cnty. Corr. Fac*., 12–CV–4353, 2012 WL 5904730, *3 (E.D.N.Y. Nov. 26, 2012) (dismissing claims against the Suffolk County Jail because it "is an administrative arm of Suffolk County, without an independent legal identity.").

Complaint additionally alleges that Plaintiff sustained injuries while an inmate at the Jail on October 19, 2013, resulting from Defendants' failure to provide medication. (*Id.*)

Plaintiff filed his Second Motion to Amend the Complaint on May 8, 2024, along with Defendants' Opposition (*see* ECF Nos. 192, 192-14) seeking to add the County of Suffolk (the "County") as a named defendant in this action, and, in addition to the §1983 claim set forth in the operative complaint, to add two pendent claims against the County: a proposed fifth claim, expressly pled as one for *respondeat superior* liability, and a proposed sixth claim for the intentional infliction of emotional distress. (*See generally*, ECF No. 192-3.) On May 14, 2024, the Court granted Plaintiff's request to add the County of Suffolk as a named defendant in the case, but denied Plaintiff's request to amend the First Amended Complaint to add the state law tort claims as against the County. *See McKoy v. Tay*, No. 14-CV-00249 (JMW), 2024 WL 2158029, at *1 (E.D.N.Y. May 14, 2024).

Plaintiff filed his Amended Complaint on May 15, 2024 (ECF No. 195) asserting a claim for municipal liability pursuant to *Monell v. N.Y. City of Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2010 (1978) ("*Monell*"), against the County of Suffolk in the First, Second, and Third Claims – and in the Fourth Claim, Plaintiff brought claims against the individual Defendants. Defendants – now including the County of Suffolk – filed their Answer on June 7, 2024. (ECF No. 196.) On November 1, 2024, the Court set a Trial date in the case for February 24, 2025. (*See* Electronic Order dated November 1, 2024.)

On February 6, 2025, Defendants moved for an Order pursuant to Federal Rule of Civil Procedure ("FRCP") 42(b) to bifurcate so that the claim against the individual defendants is tried first, with the trial of Plaintiff's *Monell* claims to follow, if necessary. (ECF No. 235.) Defendants contend bifurcation of the *Monell* claims is warranted to "expedite the trial and to

avoid prejudice." (*Id*. at 1.) They argue the case against the individuals involves "relatively straightforward federal claims of deliberate indifference to Plaintiff's medical needs which arise from Plaintiff's seizure in his cell at the Suffolk County Correctional Facility on October 19, 2013[,]" and, by contrast, the *Monell* case against the County "involves claims that the County had in effect 'certain policies, practices and customs that created, condoned, contributed to, allowed and fostered the unconstitutional conduct of the other municipal Defendants, the individual Correction Officers and Nurse Defendants, and the employees and agents of the Defendants.'" (*Id*.) (quoting ECF No. 195 at ¶ 88.)

Defendants maintain bifurcation is warranted here because: (i) bifurcation will likely shorten the trial of the case as a verdict in favor of the individual Defendants would obviate the need for trial of the *Monell* claim against the County, (ii) if a jury were to hear evidence of the past acts of other employees in support of Plaintiff's *Monell* claims, such evidence could confuse and bias the jury's understanding of the claims against the individual defendants. Bifurcation would avoid prejudice to the individual Defendants, and (iii) since it is likely that the County will indemnify the individual Defendants, Plaintiff cannot recover greater damages by prevailing upon his *Monell* claim, an, therefore, the trial of the *Monell* claim would not be strictly necessary if Plaintiff were to prevail upon his claim against the individual Defendants. (*Id*. at 1-2.)

Plaintiff opposes Defendants' motion to bifurcate. (ECF No. 238.) Plaintiff argues that there is "substantial overlap between the evidence that will be relevant to the claims against the individual Defendants and the municipality," such that bifurcation "will not advance the goals of [FRCP] 42[,] but rather frustrate them by requiring multiple trials and introduction of identical evidence." (*Id*. at 1.) Specifically, Plaintiff contends that bifurcation is not appropriate where

4

evidence of a defendant's past alleged misconduct may be relevant to both individual and *Monell* claims, and, here, witnesses and documentary evidence do overlap. (*Id*.) Plaintiff maintains Defendants do not demonstrate any prejudice, because the "facts and legal issues related to the physical treatment of the Plaintiff at the time of his incarceration and the subsequent medical treatment that was provided to him are inextricably intertwined with the culture of deliberate indifference to his medical conditions and even outright facilitation of poor medical care that permeated the Suffolk County Correctional Facility." (*Id*. at 2.)[4]

Accordingly, the latest motion before the Court is Defendants' motion to bifurcate (ECF No. 235), which is opposed by Plaintiff. (ECF No. 238.) For the reasons stated herein, Defendants' Motion to Bifurcate (ECF No. 235) is **DENIED**.

## DISCUSSION

FRCP 42(b) provides that:

> the court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim… or of any separate issue or any number of claims, or issues.

Fed. R. Civ. P. 42(b); *see also Schoolcraft v. City of New York*, 133 F. Supp. 3d 563, 571 (S.D.N.Y. 2015) (noting bifurcation is within the Court's discretion and rejecting Defendant's attempted bifurcation of Plaintiff's *Monell* claim on two grounds: (i) the significant factual and evidentiary overlap between both claims; and (ii) the lack of substantial prejudice due to the curative power of limiting instructions, jury instructions, and jury charges).

---

[4] Plaintiff further claims he is "fully prepared for a jury trial which includes the *Monell* issues" and "[y]ears of discovery, research and litigation have been expended by Plaintiff first *Pro Se* and now with *Pro Bono* legal counsel to establish *Monell* liability from the conduct of individual Defendant(s)." (Id.) Plaintiff further identifies that "[p]rior to [the motion to bifurcate] being [filed,] the parties filed a 'Joint Pre-Trial Order', 'Proposed Jury Charges', 'Jury Verdict Sheets', 'Proposed Voir Dire Questions'" between January 23, 2025 and January 31, 2025, and "bifurcation has never been mentioned until now." (*Id*.); *see also* ECF Nos. 224-232.

5

It is entirely appropriate for a district court to bifurcate Section 1983 individual and municipal liability claims where it is "determined both that a trial against municipal defendants 'would prove unnecessary if the jury found no liability against' the individual defendants and that evidence concerning the municipal liability claims would be "inadmissible as against ... or prejudicial to [them].'" *Grant v. Lockett*, No. 19-1558, 2021 WL 5816245, at *1 (2d Cir. Dec. 8, 2021) (quoting *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999) ("*Amato*")). However, bifurcation is not "mechanically *required* … in cases featuring claims of both municipal and individual liability… [o]n the contrary, [the Second Circuit has] recognized that the decision whether to bifurcate a trial is committed to the 'sound discretion' of the district court." *Id*. ((emphasis added) (citing *Getty Petrol. Corp. v. Island Transp. Corp.*, 862 F.2d 10, 15 (2d Cir. 1988)).

Here, the Court finds "Plaintiff convincingly argues that there will be significant overlap between the evidence he will offer in support of his *Monell* claims and in support of the other claims" asserted in his Amended Complaint and, "[c]onsequently, efficiency considerations do not favor bifurcation." *Schoolcraft*, 133 F. Supp. 3d at 571; *see also Grant*, No. 19-1558, 2021 WL 5816245, at *1 (holding the district court permissibly rejected Defendants' contention that bifurcation would promote convenience and efficiency in light of the relationship between Plaintiffs' individual and municipal liability claims). "Moreover, the substantial prejudice which [] Defendants contend will result from permitting the jury to hear evidence regarding" the past acts of other employees in support of Plaintiff's *Monell* claims can be "adequately mitigated through the ubiquitous and efficacious means of limiting instructions, jury charges and limiting instructions." *Schoolcraft*, 133 F. Supp. 3d at 571; *Grant*, No. 19-1558, 2021 WL 5816245, at *1 ("It also reasonably rejected Defendants' contention that they would be prejudiced by the

6

introduction of evidence relevant only to Plaintiffs' claim against the City, given its ability to mitigate prejudice via curative instructions and an appropriate jury charge."); *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (the risk of prejudice of which Defendants complained was of the type that could "be cured with proper instructions, and juries are presumed to follow their instructions"); *see also Ingles v. City of New York,* No. 01 CIV. 8279 (DC), 2005 WL 1354028, at *1 (S.D.N.Y. June 7, 2005) (finding that bifurcation should be denied given that plaintiffs allege a "pattern and practice" claim against New York City prisons that requires "evidence of purported widespread excessive use of force" that would be relevant to both the individual and municipal claims).

In support of bifurcation, Defendants primarily rely on two cases: *Amato* and *Daniels v. Loizzo*, 178 F.R.D. 46 (S.D.N.Y. 1998) ("*Daniels*"). However, both cases are distinguishable from the instant case. *First*, *Amato* dealt with a 1983 action in which the evidence to be proffered in support of the *Monell* claims for negligent training differed substantially from the evidence in support of the excessive force and deliberate indifference claims asserted against the individuals. *See Amato*, 170 F.3d 311 at 314.  The Court in *Amato* acknowledged that the very question of whether to bifurcate such proceedings is in the Court's discretion. *See id.* at 316. ("By its very nature, discretion yields differing outcomes.").  *Likewise*, in *Daniels*, the Court held bifurcation was required because the plaintiff's *Monell* claims required extensive evidence regarding the police department's policies on the use of force that was *"largely irrelevant*" to Plaintiff's claims against the [i]ndividual Defendants." *Daniels*, 178 F.R.D. at 48, n. 4 (emphasis added). Here, unlike the claims asserted in *Amato* and *Daniels*, Plaintiff's individual claims and municipal claims both largely rely on whether the medical policies of the County were sufficiently protective of inmates' physical health. *See generally*, ECF No. 195. The two

cannot be separated.[5]  Moreover, both *Amato* and *Daniels* failed to consider the curative power of jury instructions and limiting instructions, which effectively minimizes Defendants' concerns here.[6]

      This case has meandered through the docket for eleven years, stemming from events that occured in 2013. It has been delayed and protracted for numerous reasons.  The trial will be the coda of this extended litigated composition. Considering all the factors under the circumstances, it makes good sense to try the case in its entirety as it was brought and how it has developed. The scales simply do not tip in favor of bifurcation. *See e.g., Pavone v. Gibbs*, No. CV 95-0033, 1997 WL 833472, at *1-2 (E.D.N.Y. Sept. 29, 1997) (finding bifurcation inappropriate where, in deciding whether the individual defendants are liable, the jury would have to hear about the policies and procedures of the municipality, "themselves the basis of the *Monell* claims" and further noting if the trial were bifurcated "based only upon speculation and [defendants'] generalized assertion of prejudice, then the trial of virtually any civil rights action against a municipality and its individual employees would require bifurcation."); *Ingles v. City of New York*, No. 01 CIV. 8279 (DC), 2005 WL 1354028, at *1 (S.D.N.Y. June 7, 2005) (denying bifurcation where plaintiffs allege a "pattern and practice" claim against New York City prisons

---

[5] For example, in *Pavlovich v. City of New York*, the Court highlighted that there may be circumstances in which "there is a close nexus between the conduct of an official on a given occasion and a municipal practice or policy" that may warrant the denial of such bifurcation motions. No. 91 CIV. 5030 (PKL), 1992 WL 230472 (S.D.N.Y. Aug. 31, 1992); *see also Gentile v. County of Suffolk*, 926 F.2d 142, 152 (2d Cir.1991) ("The critical question . . .  is whether there is sufficient evidence in the record of municipal policy, custom or practice, so that a jury could reasonably infer that the individual conduct in this case was causally connected to the policy."). Here, given that the medical policies and practices of the County are at issue, and such practices could dictate whether the individual defendants' conduct was permissible, the Court finds that there is a sufficient nexus between the two to warrant a single trial.

[6] Notably, bifurcation under Rule 42(b) "is reserved for truly extraordinary situations of *undue* prejudice." *Monaghan v SZS 33 Assocs*., 827 F.Supp. 233, 246 (S.D.N.Y. 1993).

that requires "evidence of purported widespread excessive use of force" relevant to both the individual and municipal claims).

Accordingly, Defendants' motion to bifurcate is denied. *See e.g.*, *Grant*, No. 19-1558, 2021 WL 5816245, at *1 (holding the district court: (i) "permissibly rejected Defendants' contention that bifurcation would promote convenience and efficiency in light of the relationship between Plaintiffs' individual and municipal liability claims," and (ii) "reasonably rejected Defendants' contention that they would be prejudiced by the introduction of evidence relevant only to Plaintiffs' claim against the City, given its ability to mitigate prejudice via curative instructions and an appropriate jury charge."). To the extent the parties wish to submit revised jury instructions in light of this Order, they are directed to do so on or before **April 7, 2025**.

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Bifurcate (ECF No. 235) is **DENIED**. To the extent the parties wish to submit revised jury instructions in light of this Order, they are directed to do so before **April 7, 2025**. Jury selection is scheduled to begin **April 21, 2025 at 9:30 a.m**. Counsel shall report to court at 8:45 a.m. on that date.

Dated:    Central Islip, New York
          February 18, 2025

S O  O R D E R E D:
/S/ *James M. Wicks*
          JAMES M. WICKS
     United States Magistrate Judge