UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
JERRY QUINN McKOY,                                                    Case No.: 14-CV-0249 -JMW

                        Plaintiff,

   -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
CORRECTIONAL FACILITY, JENNIFER TAY,
DEVIN CALANDRA, HELEN BALCUK, VINCENT
FUSCO and SERGEANT RUNG,

                        Defendant(s),
-------------------------------------------------------------------------------X


# MEMORANDUM OF LAW
## IN SUPPORT OF MARCOTE & ASSOCIATES, P.C. MOTION TO RELIEVED AS COUNSEL PURSUANT TO LOCAL RULE 1.4


                                                              Marcote & Associates, P.C.
                                                              Louis F. Chisari, Esq.
                                                              Attorney(s) for Defendant(s):
                                                              3960 Merrick Road, 2nd Floor
                                                              File No.: MA19-0925
                                                              Tel: (516) 280-2281
                                                              Fax: (516) 280-2283
                                                              E-Mail Address: LCHISARI@marcotelaw.com

## PRELIMINARY STATEMENT

1. This 'Memorandum of Law' is respectfully submitted in support of Marcote & Associates, P.C. motion for an Order pursuant to Local Rule 1.4, reliving Marcote & Associates, P.C., by Louis F. Chisari, Esq. as counsel for the plaintiff, JERRY QUINN McKOY, and for such other and further relief as this Court may deem just and proper.

## LEGAL STANDARD

2. "Whether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (*quoting In re Albert*, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002)); *see also Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (per curiam). "In deciding a motion to withdraw as counsel, courts must consider (1) the reasons for the withdrawal, and (2) the impact withdrawal will have on the timing of the proceeding." *United States v. Est. of Wiesner*, No. 05-CV-1634 (DRH) (AKT), 2017 WL 1450594, at *6 (E.D.N.Y. Mar. 15, 2017), *report and recommendation adopted*, 2017 WL 1458724 (E.D.N.Y. Apr. 24, 2017).

## ARGUMENT

3. Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the displacement of counsel who have appeared:

"An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its

position, if any, on the
calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.", E.D.N.Y. Local R. 1.4

4. "Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, No. 05-CV-1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir. 1999).) New York's Rules of Professional Conduct ("NYRPC")[1] neatly divide the bases for withdrawal into two broad categories, namely, mandatory (*see* NYRPC rule 1.16(b)) and permissive (*see* NYRPC rule 1.16(c)). The grounds proffered here, an irreconcilable conflict, fall within the permissive bucket. *See* NYRPC rules 1.16(c)(4)[2] and (7). The American Bar Association Code of Professional Responsibility ("Model Code") provides further guidance on permissive withdrawal of an attorney.[4] Such circumstances include when "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement." Model Code 1.16(b)(4). Both the Model Code and the NYRPC lend guidance as to what grounds constitute good cause to grant such a motion. *See Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (citing among others *Joseph Brenner Assocs. v. Starmaker Ent., Inc.*, 82 F.3d 55, 57 (2d Cir. 1996)).

5. Within this District, the term "satisfactory reasons" has been construed to include "failure to pay legal fees, a client's lack of cooperation—including lack of communication with counsel, and 'the existence of an irreconcilable conflict between

1

attorney and client.'" *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, 2005 U.S. Dist. LEXIS 17008, 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) (*citing Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 95 Civ. 2839 (RPP) (AJP), 1997 U.S. Dist. LEXIS 8908, 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997)); *see also Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (*citing In re Albert*, 277 B.R. 38, 48 (Bankr. S.D.N.Y. 2002)). *In re Fosamax Prods. Liab. Litig.*, No. 06 MD 1789 (JFK), 2012 U.S. Dist. LEXIS 82024, at *75 (S.D.N.Y. June 12, 2012).

6. When a client makes it unreasonably difficult for an attorney to effectively carry out representation, sufficient grounds exist to justify permissive withdrawal under the rules. *See, Tokarz v. LOT Polish Airlines*, No. 96-CV-3154 (FB)(JMA), 2005 WL 8161165, at *2 (E.D.N.Y. June 20, 2005) (citation omitted); *see also Guichard v. Toulon*, No. 19-CV-3443 (JS)(JMW), 2022 WL 2612351, at *2 (E.D.N.Y. June 1, 2022) (same): *Interpool, Inc. v. JJS Transportation & Distribution Co.*, No. 22-CV-01103 (JMA)(JMW), 2022 WL 17335670, at *5 (E.D.N.Y. Nov. 30, 2022) (same).

7. As detailed in the annexed 'Declaration of Louis F. Chisari, Esq.', the plaintiff, JERRY QUINN McKOY, that there is an "irreconcilable conflict" between him and his client that he believes has rendered continued representation difficult and assist in the prosecution of this matter. As a result of this, Louis F. Chisari, Esq. is no longer in a position to be able to perform work on behalf of the client(s).

8. Furthermore, the withdrawal as counsel of record for the Plaintiff "can be accomplished without material adverse effect on the interest of the Plaintiff. *See* NYRPC rule 1.16(c)(1)(permissive withdrawal). When in fact, the Plaintiff is in a better position at this juncture in the case then if he had proceed Pro Se all along.

2

## CONCLUSION

For the foregoing, it is respectfully requests that the Court issue and pursuant to Local Rule 1.4, reliving Marcote & Associates, P.C., by Louis F. Chisari, Esq. as counsel for the plaintiff, JERRY QUINN McKOY, and for such other and further relief as this Court may deem just and proper.

Dated: June 9, 2025
      Seafod, New York

                              Respectfully submitted,
                              MARCOTE & ASSOCIATES, P.C.

                              *Louis F. Chisari*
                              By:    Louis F. Chisari, Esq. (LFC0383)
                              3960 Merrick Road, 2nd Floor
                              Seaford, New York 11783
                              File No.: MA24-0160
                              Tel: (516) 280-2281
                              Fax: (516) 280-2283
                              E-Mail Address: LCHISARI@marcotelaw.com

## CERTIFICATE OF SERVICE

I, LOUIS F. CHISARI, do hereby certify under the penalties of perjury as follows:

I am an partner of the law firm of MARCOTE & ASSOCIATES, P.C., attorney(s) for the within named plaintiff, JERRY QUINN McKOY, that on the 10th day of June, 2025, I served the within **'NOTICE OF MOTION'; 'DECLARATION OF LOUIS F. CHISARI, ESQ. IN SUPPORT OF MOTION PURSUANT TO LOCAL RULE 1.4' and ' MEMORANDUM OF LAW'** upon the attorney(s) record for the and Defendant(s) and the Plaintiff by **PERSONAL SERVICE**.

**Mr. JERRY McKOY (Inmate No.: 401030)**
**Plaintiff**
Suffolk County Correctional Facility
110 Center Drive
Riverhead, New York 11901
(***VIA PERSONAL SERVICE***)

Suffolk County Attorney's Office
Attn: Anne C. Leahey, Kyle O. Wood & Leland S. Solon , Assistant County Attorney(s)
Attorneys for Defendants
P.O. Box 6100
Hauppauge New York 11788-0099
(***VIA ECF***)

                                                             *Louis F. Chisari*
                                                            _____
                                                            By:    Louis F. Chisari, Esq. (LFC0383)

# UNITED STATES DISTRICT COURT
## for the
# EASTERN DISTRICT OF NEW YORK

### INDEX NUMBER: 14-cv-0249

JERRY QUINN McKOY

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY CORRECTIONAL FACILITY, JENNIFER TAY, DEVIN CALANDRA, HELEN BALCUK, VINCENT FUSCO and SERGEANT RUNG,

**MEMORANDUM OF LAW IN SUPPORT OF MARCOTE & ASSOCIATES, P.C. MOTION TO RELIEVED AS COUNSEL PURSUANT TO LOCAL RULE 1.4**

### MARCOTE ASSOCIATES, P.C.
*Attorney and Counselors at Law*
Attorneys for Plaintiff:
JERRY QUINN McKOY
3690 MERRICK ROAD, 2nd FLOOR
SEAFORD, NEW YORK 11783
PHONE:(516) 280-2281
FAX:   (516) 280-2283