FILED
CLERK
11/5/2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JERRY QUINN MCKOY,

                                          *Plaintiff*,

       -against-

COUNTY OF SUFFOLK, DEVIN CALANDRA,
VINCENT FUSCO, and SERGEANT RUNG,

                                          *Defendants*.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-cv-00249 (JMW)

**A P P E A R A N C E S:**

    Marlon M. Monteiro
    **MMM Legal, PLLC**
    7284 W. Palmetto Park Rd., Suite 101
    Boca Raton, FL 33433
    *Attorney for Plaintiff*

    Anne C. Leahey
    **Suffolk County Department of Law**
    100 Veterans Memorial Highway, PO Box 6100
    Hauppauge, NY 11787
    *Attorneys for Defendants*

**WICKS**, Magistrate Judge:

Plaintiff Jerry Quinn McKoy ("McKoy" or "Plaintiff") commenced this action against the County of Suffolk ("Suffolk County"), Nurse Devin Calandra ("Calandra"), Suffolk County Corrections Officer Vincent Fusco ("Fusco"), and Suffolk County Corrections Sergeant Daniel Rung ("Rung", and collectively, the "Defendants[1]") pursuant to 42 U.S.C. § 1983 alleging

---

[1] Since the commencement of this action, Plaintiff has withdrawn claims against certain defendants. In the instant motions, the parties include a caption with now terminated Defendants Jennifer Tay and Helen Balcuk. (*See* ECF Nos. 221, 242.) As these parties have been terminated, the Court has removed them from the case caption. In addition, Suffolk County Correctional Facility remained named in the caption. Early on in this action the Hon. Joanna Seybert dismissed that defendant. (ECF No. 7.) Judge

constitutional violations for inadequate medical treatment, which resulted in Plaintiff having a seizure on October 19, 2013. (*See generally*, ECF No. 195).

Now before the Court are the parties' motions in limine seeking preclusion of evidence. (ECF Nos. 266-67.) Oppositions were filed (ECF Nos. 268-69), as well as Plaintiff's reply (ECF No. 270).[2] For the reasons that follow, Plaintiff's Motions in Limine (ECF No. 266) is **GRANTED**, and Defendants' Motion in Limine (ECF No. 267) is **GRANTED in part** and **DENIED in part**, as set forth below.

## THE LEGAL FRAMEWORK

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Sohnen v. Charter Commc'ns, Inc.*, 761 F. Supp. 3d 556, 564 (E.D.N.Y. 2025) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)).

Courts may preclude evidence "only when the evidence is clearly inadmissible on all potential grounds." *Russo v. Nat'l Grid, USA*, No. 23-CV-03954 (NCM) (TAM), 2025 WL 2711522, at *1 (E.D.N.Y. Sept. 23, 2025) (quoting *Picard v. Sage Realty*, Nos. 20-cv-10109, 20-cv-10057, 2021 WL 5826295, at *2 (S.D.N.Y. Dec. 8, 2021)). However, parties are cautioned that as the trial continues, rulings may change because "the district court's ruling 'constitutes a preliminary determination in preparation for trial.'" *Id.* (quoting *Busher v. Barry*,

---

Seybert noted that "[i]t is well-established that 'under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.'" (*Id.* at 5.) (quoting *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002)). She held that Plaintiff's claim against the Jail was "not plausible because the Jail has no legal identity separate and apart from Suffolk County." (*Id.*); *See Trahan v. Suffolk Cnty. Corr. Fac.*, 12–CV–4353, 2012 WL 5904730, *3 (E.D.N.Y. Nov. 26, 2012) (dismissing claims against the Suffolk County Jail because it "is an administrative arm of Suffolk County, without an independent legal identity.") Therefore, the corrected caption is used.

[2] Although Defendants were afforded the opportunity to submit a reply, they have not done so.

No. 14-CV-04322, 2019 WL 6895281, at *2 (S.D.N.Y. Dec. 18, 2019)); *Quinton v. Am. Express Co.*, No. 19-CV-566 (NGG) (JRC), 2025 WL 1994848, at *2 (E.D.N.Y. July 17, 2025) (same). Courts determine admissibility and exclusion of evidence pursuant to the Federal Rules of Evidence.

Fed. R. Evid. 402 informs the Court that non-relevant evidence is inadmissible. To be relevant, the proffered evidence should have "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid 401; *see also N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 754 F. Supp. 3d 373, 378 (E.D.N.Y. 2024) (same). This relevancy rule has a "low threshold," one that is "easily satisfied." *Rosas v. Miri Gen. Contracting Inc.*, 782 F. Supp. 3d 15, 18 (E.D.N.Y. 2025) (citing *United States v. Garnes*, 102 F.4th 628, 638 (2d Cir. 2024)). However, the admissibility of relevant evidence may be challenged. Courts use the balancing test set forth in Fed. R. Evid. 403 to determine preclusion – that is, relevant evidence may be precluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## DISCUSSION

### A. Plaintiff's Motion (ECF No. 267)

#### a. *Preclusion of Plaintiff's Prior Convictions*

Plaintiff contends that evidence of his prior convictions should be excluded because it constitutes improper character evidence, and any probative value is outweighed by its prejudicial effect. (ECF No. 267 at 4.) Plaintiff argues that the evidence is inadmissible as character evidence under Rule 404(b) and is inadmissible for impeachment purposes Rule 609

3

when analyzed under the balancing test set forth in Rule 403. (*Id.*) Each of Plaintiff's prior convictions are asserted to be irrelevant and bear no probative value as to the questions posed in this current matter.

In contrast, Defendants assert that Plaintiff's felony convictions from 2021 and 2025 should be admissible under Rule 609(a)(1)(A) because the probative value outweighs the prejudicial effect upon evaluation of the factors set forth in case law and rooted in the balancing test delineated in Rule 403. (ECF No. 268 at 2). While Defendants concede that the prior convictions lack similarity with the conduct at issue, Defendants contend that admissibility bears on the following: (1) the prior felonies are highly probative of credibility; (2) the prior felonies are both temporally recent; and (3) the credibility of Plaintiff is particularly important in the present matter due to the likelihood that the jury will hear radically different versions of events and will be tasked with determining who is telling the truth. (*Id.* at 2–3.)

Plaintiff lists his prior convictions: (1) Assault in the Second Degree, a class D violent felony, 2021; (2) Burglary in the First Degree, a class B violent felony, 2000; and (3) Two counts of Criminal Possession of a Weapon in the Second Degree, Class C violent felonies, and one count of Reckless Endangerment in the First Degree, a class D felony, on May 16, 2025. (ECF No. 267 at 4-5.) However, Defendants' opposition includes additional convictions including crimes of alleged dishonesty. (*See* ECF No. 268 at 2.)

Here, Defendants oppose Plaintiff's application to exclude his prior convictions and focus primarily on Fed. R. Evid. 609 for admissibility.[3] (ECF No. 268.) Thus, as the opposition includes no mention of using Plaintiff's prior convictions for non-propensity purposes pursuant

---

[3] Defendants also include one sentence that under Fed. R. Evid. 608(b), this evidence could also be admitted. (*Id.* at 1.) However, as no substantive argument is made, the Court does not consider it.

4

to Fed. R. Evid. 404(b)[4], Plaintiff's application to exclude his prior convictions under that Rule is moot.

Fed. R. Evid. 609 in relevant part states that "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment, for the more than one year, the evidence . . . must be admitted, subject to Rule 403, in a civil case…." Fed. R. Evid. 609(a)(1)(A). Fed R. Evid. 403, intertwined in this standard, counsels that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "In balancing the probative value of a prior conviction against its prejudicial effect under Rule 609(a)(1), courts examine the following factors: (1) the impeachment value of the prior conviction; (2) the remoteness of the prior conviction; (3) the similarity between the prior conviction and the conduct at issue; and (4) the importance of the credibility of the witness. *Maize v. Nassau Health Care Corp.,* No. 05-CV-4920 (ETB), 2012 WL 139261, at *2 (E.D.N.Y. Jan. 18, 2012) (citing *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997); *United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977). There is also a 10-year rule regarding admissibility of prior convictions under Fed. R. Evid. 609(b). *See* Fed. R. Evid. 609(b) ("This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later.") Applying these factors balanced against the considerations of Rule 403, leads to preclusion.

---

[4] Fed. R. Evid. 404(b) states, in relevant part, that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with their character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)-(2).

5

*First* and *second*, "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully." *United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005). Some crimes have a stronger bearing on credibility than others. For example, "crimes requiring planning or preparation bear more strongly on veracity than violence alone suggests because planning indicates deliberate and injurious violations of basic standards rather than impulse or anger, and usually it involves some element of deceiving the victim." *Holley v. Spinner*, No. 22-CV-01119 (MAD)(TWD), 2025 WL 2410372, at *4 (N.D.N.Y. Aug. 20, 2025) (quoting *Estrada*, 430 F.3d at 617). As for Plaintiff's felony convictions on July 16, 2025[5] (Criminal Possession of a Weapon in the Second Degree), May 16, 2025 (Reckless Endangerment in the First Degree), and January 26, 2021 (Assault in the Second Degree), all three have recently occurred, prior to the 10-year mark, are not "too remote." However, these crimes generally do not have much probative value to a person's veracity. *See e.g., United States v. Kaheem Palmer*, No. 24-CR-00067 (NSR), 2025 WL 2978633, at *8 (S.D.N.Y. Oct. 21, 2025) (collecting cases) (concluding that criminal possession does not require proof of dishonesty or falsity); *Colson v. Mingo*, No. 18-CV-2765 (JGLC), 2025 WL 688832, at *1 (S.D.N.Y. Mar. 4, 2025) (excluding assault and reckless endangerment convictions as "they [offered] little probative value for impeachment purposes"); *Diaz v. Smith*, No. 19-CV-1438 (MAD)(TWD), 2023 WL 5627606, at *2 (N.D.N.Y. Aug. 31, 2023) (finding that plaintiff's reckless endangerment conviction bears little impeachment value but nonetheless admitting it due to other factors). Therefore, the first two factors weigh against admission.

---

[5] Plaintiff states this conviction, and sentence was on May 16, 2025 (ECF No. 267 at 4), whereas Defendants include the date of July 16, 2025. (ECF No. 268 at 2.) As the date is relatively recent and does not change the analysis to Rule 609(b), the Court does not undertake further investigations as to which is correct.

6

*Third*, the alleged incident upon which this matter is premised – inadequate medical care – could not be more dissimilar to the prior felony convictions. "The third criterion, similarity of the crimes, deals with the similarity of the charged crimes, or the incident at issue in the pending case, to the conviction. The less similar the pending case to the prior conviction, the less prejudicial its admission is." *Stephen v. Hanley*, No. 03-CV-6226 (KAM)(LB), 2009 WL 1471180, at *5 (E.D.N.Y. May 21, 2009). Therefore, this factor weighs in favor of admission.

*Fourth*, Plaintiff's credibility is of upmost importance here as the crux of the matter is what he alleges occurred to him forming the basis of the lawsuit. Therefore, this factor weighs in favor of admission. *See id.* ("[T]he fourth criterion, the importance of the credibility of the witness, weighs in favor of admitting the conviction for impeachment purposes pursuant to Rule 609 because Sean Stephen is a plaintiff in the action and his credibility will be paramount at trial.)

Considering Rule 403, allowing for a "recitation of the details of Plaintiff's criminal history runs the risk of confusing the issues, wasting time, and causing undue delay." *Holley*, 2025 WL 2410372, at *5. Indeed, the jury may very well view Plaintiff in a negative light, and he will experience unfair prejudice. Courts in this Circuit have excluded prior criminal convictions for the same reasons. For example, in *Dougherty v. Cnty. of Suffolk*, a case involving Suffolk County too and including a claim for deliberate indifference, the Court excluded Plaintiff's prior felony convictions. *Dougherty*, No. CV 13-6493 (AKT), 2018 WL 1902336, at *5 (E.D.N.Y. Apr. 20, 2018). There, the Court found "that the disclosure of the robbery convictions forecasts substantial prejudice to the Plaintiff in the prosecution of his claims for deliberate indifference to his safety and medical needs." *Id.* While the Court noted

7

that there would be different versions of the alleged incidents, using Plaintiff's prior convictions would cast a message that would be highly unfavorable to Plaintiff and confuse the jury. *Id.*

In *Dunham v. Lobello*, a case involving excessive force claims, the Court precluded Plaintiff's criminal possession convictions. *Dunham*, No. 11-CV-1223 (ALC), 2023 WL 3004623, at *3–4 (S.D.N.Y. Apr. 19, 2023). The Court applied the principles used to determine admissibility, as the Court does here, and concluded that the impeachment value of the felonies was low, although credibility was important, the prior conviction had little probative value, coupled with the lack of similarities between the matter at hand with the prior conviction led to preclusion. *Id.* at *4.

Likewise, in *Stephen*, another excessive force case against a municipality, the prior criminal conviction was excluded. 2009 WL 1471180, at *3–5 (E.D.N.Y. May 21, 2009). Upon applying the four-factor-test, the Court discussed that Plaintiff's prior conviction of possession of a controlled substance was irrelevant and did not aid in determine the underlying issues in the current action *Id.* at *4. In addition, the Court emphasized that the prior conviction had "no resemblance" to the allegations to be tried, another important reason to preclude. *Id.* at *5; *see also Williams v. Raimo*, No. 9:10-CV-245 MAD/GHL, 2012 WL 4911722, at *4–5 (N.D.N.Y. Oct. 15, 2012) (a case involving excessive force and deliberate indifference Section 1983 claims, where the Court after a discussion of the relevant factors denied the introduction of evidence of plaintiff's prior convictions as it "would likely prejudice the jury into believing that Plaintiff exhibits a propensity for violence"). And, it goes without saying that if Plaintiff opens the door to such a discussion on any his prior convictions, Defendants then may, if they wish so, use this evidence. Therefore, Plaintiff's felony convictions from the years 2021 and 2025 are not admissible.

8

Next, as for Plaintiff's felony conviction on January 26, 2000 (Possession of Stolen Property in the Third Degree and Burglary in the First Degree), Rule 609(b) applies, which requires that "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Defendants' failure to provide *specific facts and circumstances* to demonstrate the probative value, coupled with the age of this conviction – occurring over twenty-five years ago – it is excluded.

Finally, the remaining criminal convictions listed by both parties (*see* ECF Nos. 267-68) are non-felonies and may only be admitted if "if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement." *See* Fed. R. Evid. 609(a)(2). It follows, therefore, "[c]rimes that come under Rule 609(a)(2) are 'automatically admissible' for impeachment purposes as they bear on a witness's propensity to testify truthfully." *Monroe v. Town of Haverstraw*, 639 F. Supp. 3d 459, 464 (S.D.N.Y. 2022). These convictions include crimes of controlled substance possession, operating a motor vehicle while impaired by drugs, and petit larceny. (*See* ECF No. 268 at 2.) However, the Second Circuit when evaluating Rule 609, does not recognize such prior convictions when it comes to truthfulness. *See United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (internal citations omitted) ("The use of the second prong of Rule 609(a) is thus restricted to convictions that bear directly on the likelihood that the defendant will testify truthfully (and not merely on whether he has a propensity to commit crimes). It follows that crimes of force, such as armed robbery or assault, or crimes of stealth, such as burglary, or petit larceny, do not come within this clause."); *Rahman v. Lee*, No. 23-CV-5665 (LAP), 2024 WL 4043697, at *7 (S.D.N.Y. Sept. 4, 2024) (collecting cases) (" '[C]rimes of force, such as armed robbery or assault,' as well as 'crimes of stealth, such as burglary,' do not require proving an

9

element of a dishonest act or false statement and thus do not come within the ambit of Rule 609(a)(2)."); *Dougherty*, 2018 WL 1902336, at *3 ("Convictions for ... petit larceny have been deemed to fall outside the ambit of this rule"); *see also Fox v. Cruz*, No. 15-CV-390 (TJM)(ML), 2022 WL 17844917, at *2 (N.D.N.Y. Sept. 27, 2022) (not admitting prior crime of driving while impaired); *Morrell v. Sampson*, No. 9:22-CV-00713 (AMN)(ML), 2025 WL 2577460, at *4 n.4 (N.D.N.Y. Sept. 5, 2025) (discussing that criminal possession convictions are low veracity crimes). Thus, Rule 609(a)(2) does not apply, and Defendants have not proffered any other theory of admissibility. *See McGuire v. Vill. of Hempstead*, No. 20-CV-02117 (JMW), 2025 WL 2880086, at *6 (E.D.N.Y. Oct. 9, 2025).

Accordingly, Plaintiff's application to exclude his prior convictions is granted.

### b. *Preclusion of Evidence in connection with Plaintiff's Recent Criminal Trial*

Plaintiff contends that evidence of articles written regarding Plaintiff's recent trial and conviction should be excluded on grounds of irrelevance and prejudicial effect. (ECF No. 267 at 7.) Plaintiff argues that the inflammatory nature of the online publication labeling Plaintiff as a "violent felon" and the lack of similarity between the recent conviction and the matter presented here warrants exclusion due to a high risk of prejudice. (*Id.*) Plaintiff asserts that this prejudicial impact would pivotally influence the jury's decision to such an extent that it would be incurable by limiting instructions. (*Id.*)

Defendants do not address this in their opposition. However, Defendants do aver as addressed above that McKoy's 2025 conviction should be admitted. (ECF No. 268 at 2.) Having concluded that none of Plaintiff's prior convictions are admissible, and the absence of an argument against preclusion, Plaintiff's application to exclude any written articles of McKoy's recent trial is granted.

10

### c. *Plaintiff to Wear "Street Clothing" at Trial*

Plaintiff requests permission to appear in "street clothing" during the trial. (ECF No. 267 at 8.) Though currently incarcerated, Plaintiff posits that he poses no threat or security risk and should therefore be permitted to appear in street clothing and without any conspicuous law enforcement present. (*Id.*) It is argued that appearance before a jury in prison attire, with handcuffs or other restraints, or with the conspicuous presence of law enforcement infringes on one's right to a fair trial by risking misleading the jury to assume danger. (*Id.*)

Defendants do not oppose Plaintiff's request. Accordingly, Plaintiff is permitted to appear in civilian clothing at trial. *See Jefferson v. LaClair*, 4 F. Supp. 3d 462, 467 (E.D.N.Y. 2014) ("After that objection was raised, Petitioner was permitted to appear in civilian clothing for the remainder of jury selection and the entire trial."); *see also Encarnacion v. Spinner*, No. 15-CV-1411(BKS)(ML), 2023 WL 2785745, at *3 (N.D.N.Y. Apr. 5, 2023) ("Indeed, at the outset of trial, the Court noted that Plaintiff was permitted to wear clothes other than his prison uniform, and both Plaintiff's pro bono counsel and Plaintiff himself, after translation, indicated Plaintiff's consent to wearing his prison uniform.")

### B. Defendants' Motion (ECF No. 266)

#### a. *Preclusion from Questioning Individual Defendants regarding Prior or Subsequent Allegations of Misconduct or Disciplinary History*

Defendants assert that Plaintiff should be precluded from questioning the Individual Defendants regarding prior or subsequent allegations of misconduct or their disciplinary histories on the grounds that these prior allegations are generally not admissible under Rule 404(b)(1). (ECF No. 266-1 at 4–5.) Defendants highlight that the prior allegations lack similarity to the claims in the case presented. (*Id.*) Although in the proposed joint pretrial order (JPTO), Plaintiff did not address introduction of any records regarding allegations of Individual

11

Defendant misconduct (*see* ECF No. 224), Plaintiff argues that this this line of questioning should be permitted for non-character purposes such as credibility, knowledge, and intent under Rule 404(b)(2). (ECF No. 269 at 3.)

This type of evidence would not be permitted pursuant to Fed. R. Evid. 404(b)(1) and would only be permitted if offered for another purpose other than character pursuant to subsection (b)(2). *See* Fed. R. Evid. 404(b) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with their character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.") Plaintiff avers that the other purposes would be for credibility, knowledge or intent. These blanket statements without more leaves little to no information for the Court to determine if this evidence would be for a true non-character purpose. *See Holley*, 2025 WL 2410372, at *6 ("Here, the Court agrees with Defendants that there is no basis to admit evidence or testimony related to Defendants' disciplinary histories, personnel files, or prior lawsuits."); *see also Colson v. Mingo*, No. 18-CV-2765 (JGLC), 2025 WL 688832, at *5 (S.D.N.Y. Mar. 4, 2025) ("[E]vidence of Defendants' past disciplinary history and prior lawsuits involving use of force do not bear on their credibility and would be unduly prejudicial.")

Accordingly, Defendants' motion to preclude allegations of misconduct or disciplinary history is granted.

    b. **_Preclusion from Eliciting Testimony Regarding Defendants' Policies Related to Direct & Proximate Causes_**

Defendants argue that Plaintiff should be precluded from eliciting testimony regarding the policies, customs, and practices as a direct and proximate cause of the alleged constitutional

12

violations. (ECF No. 266-1 at 6.) Defendants posit that preclusion of such testimony is supported by the foundation requirement delineated in Rule 701 for expert testimony because Plaintiff has failed to establish an evidentiary foundation in the JPTO. (*Id.*)

Plaintiff asserts that testimony regarding Suffolk County's policies, customs, or practices is admissible and central to the case at bar, in that a municipality's liability under 42 U.S.C. § 1983 requires a violation of a constitutional right caused by such policies or customs. (ECF No. 269 at 3.)

Here, Defendants have not provided any authority that would suggest evidence in connection with Defendants' policies should be precluded. Plaintiff brings claims against Suffolk County for the violation of his constitutional rights as a result of the policies and practices. (*See generally*, ECF No. 195.) Indeed, any testimony regarding how such policies may have caused the alleged injuries is highly relevant. *See* Fed. R. Evid. 402. Moreover, all Defendants are witnesses that may be called and there is no motion before the Court to preclude any one of them from testifying. Accordingly, Defendants' request to exclude such evidence is denied.

### c. *Preclusion of Evidence of what "Could have or Should have Been Done"*

Defendants argue that testimony or evidence regarding what the Individual Defendants "could have or should have done differently" should be precluded at trial because the evidence is both irrelevant and fails to withstand a Rule 403 analysis. (ECF No. 266-1 at 7.) Plaintiff opposes and asserts that such evidence is both relevant and not unduly prejudicial and serves to establish whether Defendants acted with deliberate indifference. (ECF No. 269 at 3.) Failure to admit such evidence prevents the jury from having a full understanding of the necessary circumstances for Plaintiff to establish his claim. (*Id.* at 4.)

13

Notably, a claim for deliberate indifference to serous medical needs requires that a pretrial detainee "satisfy a two-pronged test … 'the alleged deprivation of adequate medical care must be sufficiently serious.'" *Davis v. McCready*, 283 F. Supp. 3d 108, 116 (S.D.N.Y. 2017) (quoting *Lloyd v. City of New York*, 246 F.Supp.3d 704, 717 (S.D.N.Y. 2017)). Such claims have different standards depending on if the plaintiff is a pretrial detainee or a prisoner.

> Deliberate indifference claims for prisoners and detainees are evaluated under a two-pronged test comprised of both objective and mental element components. Under both the Eighth and Fourteenth Amendments, to establish an objective deprivation, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health. The mental element prong of the deliberate indifference inquiry applies differently to claims under the Eighth and the Fourteenth Amendments. The Eighth Amendment imposes a subjective standard, requiring more than negligence, but less than conduct undertaken for the very purpose of causing harm. … In contrast, the Fourteenth Amendment applies an objective standard to the mental element. A detainee asserting a Fourteenth Amendment claim for deliberate indifference to his medical needs can allege either that the defendants knew that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants should have known that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health.

*Feliz v. City of New York*, No. 18-CV-5023 (PAE)(SN), 2019 WL 6831552, at *4 (S.D.N.Y. Aug. 5, 2019), *report and recommendation adopted*, No. 18-CV-5023 (PAE), 2019 WL 4386017 (S.D.N.Y. Sept. 13, 2019) (internal citations and quotations omitted); *see id.* at *6 ("Under the more lenient standard applicable to pretrial detainees, Plaintiff must plead that a defendant knew or "should have known that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health.")

Based on the allegations here and that McKoy was only recently sentenced, it appears McKoy was a pretrial detainee when the alleged injury occurred. (*See* ECF Nos. 195, 267.) Nevertheless, given the above it would be important for the jury to hear "what should have been done" to understand if Defendants acted with deliberate indifference. In addition, Defendants do not provide authority as to the exclusion of this evidence besides a conclusory statement that this would be unduly prejudicial. However, a 403 analysis leads to the conclusion that the probative value is outweighed.

14

Accordingly, Defendants' motion to preclude testimony as to what Defendants could have or should have done is denied.

### d. *Indemnification Evidence*

Defendants argue that Plaintiff should be precluded from mentioning or offering any evidence that the County of Suffolk may indemnify any of the Individual Defendants. (ECF No. 266-1 at 7–8.) Defendants' argument rests on the prejudicial effect of the creation of an impression that the Defendant officers have "deep pockets," which is likely influence the jury's deliberation. (*Id.* at 8.) Referencing Rule 411[6], Defendants posit that the drafters of the Federal Rules of Evidence address the danger of a defendant's liability insurance, which is analogous to indemnification evidence in the present case. (*Id.*)

Plaintiff counters that while Rule 411 may exist to limit evidence of indemnification, courts may allow such evidence if it becomes relevant to show bias or to correct misleading impressions. (ECF No. 269 at 4.) Notably, Plaintiff agrees to avoid the mention of indemnification during his case-in-chief but argues against an absolute preclusion to prevent a one-sided introduction of possibly misleading testimony by Defendants. (*Id.*)

Indemnification evidence is often excluded on grounds of irrelevance and a strong risk of prejudice to the defendants. By hearing evidence of indemnification, there is a real risk that jurors will shift their focus from liability to a "who pays" inquiry. *Adams v. City of New York,* 993 F. Supp 2d 306, 329 (E.D.N.Y. 2014) ("Plaintiff cannot present any evidence that the City will indemnify the Undercover Officer should the jury find him liable."); *Hernandez v. Kelly*, No. 09-CV-1576 (TLM)(LB), 2011 WL 2117611, at *6 (E.D.N.Y. May 27, 2011) (granting

---

[6] Fed. R. Evid. 411 states "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control."

preclusion of evidence concerning indemnification by City of New York due to prejudicial impact); *see also Edwards v. City of New York*, No. 08–CV–2199 (TLM), 2011 WL 2748665 (E.D.N.Y. July 13, 2011) (citing *Williams v. McCarthy*, No. 05-CV-10230 (SAS), 2007 WL 3125314 (S.D.N.Y. October 25, 2007) ("Indemnification is not relevant to any issue before the jury and plaintiff will not be permitted to inform the jury that defendant might be indemnified by the City.")); *Jean–Laurent v. Hennessy*, 840 F.Supp.2d 529, 550 (E.D.N.Y.2011) (same). The Eastern District of New York has held that although indemnification evidence is generally inadmissible, such evidence may be admissible in limited circumstances, specifically "[i]n the context of punitive damages in a 42 U.S.C. § 1983 action, a defendant '[opens] the door' to admission of an indemnity agreement by introducing evidence of financial constraint." *Anderson v. Aparicio*, 25 F. Supp 3d 303 (E.D.N.Y. 2014), *aff'd and remanded* 621 F. App'x 54 (2d Cir. 2015) (remanded only for consideration of attorney's fees).

Given the overwhelming authority that has precluded indemnification evidence coupled with Plaintiff's assertion that he will not use this evidence in his case-in-chief, the Court sees no reason to allow such evidence. Accordingly, Defendants' application to preclude indemnification evidence is granted.

e.  **<u>Specific Dollar Amount</u>**

Defendants request that no specific dollar amount should be mentioned to the jury when determining damages. (ECF No. 266-1 at 13.) Plaintiff opposes arguing that he should be allowed to suggest specific amounts for compensatory and punitive damages, subject to the undersigned's discretion. (ECF No. 269 at 5.) Plaintiff avers that if he is prevented from "presenting a figure [it] would unfairly limit the jury's understanding of the harm [he] has suffered." (*Id.*) A review of the operative pleading illustrates that Plaintiff seeks compensatory

16

damages "including but not limited to pain and suffering", punitive damages, and attorneys' fees and costs. (*See* ECF No. 195 at 19-20.)

The Second Circuit has yet to adopt a "per se rule about the propriety of suggested monetary awards for pain and suffering." *White v. CSX Transportation, Inc.*, No. 19-CV-500 (SR), 2024 WL 3522493, at *1 (W.D.N.Y. July 24, 2024) (citing *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996)). That is because jurors could be misled to believing that the number provided is a result of legal authority. *Id.* Some courts have followed a more "flexible approach" that is, a discretionary basis to allow specific dollar amounts so long as the jury is cautioned not to be unduly influenced by such a figure. *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997) ("It is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions."); *see also Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 558 (E.D.N.Y. 2011) ("Consequently, the court will not permit plaintiff to submit to the jury a specific dollar amount regarding his damages for pain and suffering. The court will, however, allow plaintiff to submit to the jury a specific dollar amount regarding other compensable damages he allegedly suffered if he presents admissible evidence to support a finding of such damages during his case in chief."). As such, Plaintiff may not request a specific dollar amount for any pain or suffering damages that he seeks. *See Kalyna v. City of New York*, No. 16-CV-00273 (CLP), 2018 WL 11361019, at *9 (E.D.N.Y. Sept. 11, 2018) (precluding counsel from recommending numbers for pain and suffering to the jury). However, as to compensable losses, if any – not pain and suffering – Plaintiff will be permitted to request specific sums that are established by sufficient evidence for the jury to consider, which the Court will consider at the close of evidence prior to

17

summations. *See Milien v. City of New York - Dep't of Educ.*, No. 20- CV-480 (MKB), 2024 WL 4333657, at *9 (E.D.N.Y. Sept. 27, 2024) ("As to other compensable damages, the Court reserves decision until trial.") And, out of an abundance of caution, the Court, if necessary, "will instruct the jury, as it always does, that statements by lawyers are not evidence or the law that they are to follow when they begin their deliberations." *Edwards v. City of New York*, No. 08-CV-2199 (TLM), 2011 WL 2748665, at *2 (E.D.N.Y. July 13, 2011). Therefore, specific dollar amounts for pain and suffering are not permitted.

### C. Other Matters Raised in Motion Papers

Defendants in their opposition to Plaintiff's motion state that they "reserve the right to question Plaintiff regarding disciplinary incidents that occurred during his incarceration at the Suffolk County Correctional Facility which go to his credibility." (ECF No. 268 at 3.) Such evidence would need to be analyzed under Fed. R. Evid. 608(b), which states "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness [] [b]ut the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness." Fed. R. Evid. 608(b). When a court determines the admissibility of such evidence, it "must look at the specifics of each incident to assess its probative value." *Maldonado v. Krawczyk*, No. 18-CV-06021 (CDH), 2025 WL 362752, at *4 (W.D.N.Y. Feb. 3, 2025) (collecting cases); *see also Diaz v. Smith*, No. 19-CV-1438 (MAD)(TWD), 2023 WL 5627606, at *3 (N.D.N.Y. Aug. 31, 2023) (excluding inmate's disciplinary history as impermissible propensity evidence and finding it unduly prejudicial). However, Defendants have not provided any facts or specifics in connection with particular incidents. Plaintiff, in his reply also notes that "[n]o particular instances, dates, or supporting evidence have been made

18

public," which deprive him of "adequate notice." (ECF No. 270 at 3.) Therefore, Defendants may not question Plaintiff regarding disciplinary incidents that occurred at Defendants' facility.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motions in Limine (ECF No. 266) is **GRANTED**, and Defendants' Motion in Limine (ECF No. 267) is **GRANTED in part** and **DENIED in part**. The parties are directed bring **three (3) copies** of all final trial exhibits in binders for the in-person Final Pretrial Conference scheduled for November 7, 2025, at 9:30 AM.

Dated: Central Islip, New York
       November 5, 2025

S O  O R D E R E D:

/S/ *James M. Wicks*
       JAMES M. WICKS
  United States Magistrate Judge