**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X
JERRY QUINN MCKOY,

                                    *Plaintiff*,

    -against-


COUNTY OF SUFFOLK, DEVIN CALANDRA,
VINCENT FUSCO, and SERGEANT RUNG,

                                    *Defendants*.
---------------------------------------------------------------------X

FILED
CLERK

11/13/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**<u>ORDER</u>**
14-cv-00249 (JMW)

**A P P E A R A N C E S:**

    Marlon M. Monteiro
    **MMM Legal, PLLC**
    7284 W. Palmetto Park Rd., Suite 101
    Boca Raton, FL 33433
    *Attorney for Plaintiff*

    Anne C. Leahey
    **Suffolk County Department of Law**
    100 Veterans Memorial Highway, PO Box 6100
    Hauppauge, NY 11787
    *Attorneys for Defendants*

**WICKS**, Magistrate Judge:

    At the final pretrial conference held on November 7, 2025, the Court directed the parties to file a joint letter addressing whether the deliberate indifference claim here is to be considered under the Eighth or Fourteenth Amendment. (*See* Electronic Order dated 11/7/2025.) Disagreement continued between the parties as to the status of Plaintiff at the time of the incident giving rise to the claim here – whether he was a pretrial detainee or convicted inmate – at the time of the alleged constitutional deprivation and injuries. (ECF Nos. 273, 275.) The Court directed further submission on the issue (*see* Electronic Order dated 11/13/2025), which the

1

parties filed (*see* ECF Nos. 277-78). Plaintiff argues that the Fourteenth Amendment applies, whereas Defendants argue that the Eighth Amendment governs. (*See id.*) Upon careful review of the trial exhibits, pleadings, and pretrial submissions, it is clear that the standard under the Eighth Amendment governs.

A claim for deliberate indifference to serious medical needs requires that a pretrial detainee "satisfy a two-pronged test … 'the alleged deprivation of adequate medical care must be sufficiently serious.'" *Davis v. McCready*, 283 F. Supp. 3d 108, 116 (S.D.N.Y. 2017) (quoting *Lloyd v. City of New York*, 246 F.Supp.3d 704, 717 (S.D.N.Y. 2017)). Such claims have different standards depending on if the plaintiff is a pretrial detainee or a prisoner.

> Deliberate indifference claims for prisoners and detainees are evaluated under a two-pronged test comprised of both objective and mental element components. Under both the Eighth and Fourteenth Amendments, to establish an objective deprivation, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health. The mental element prong of the deliberate indifference inquiry applies differently to claims under the Eighth and the Fourteenth Amendments. The Eighth Amendment imposes a subjective standard, requiring more than negligence, but less than conduct undertaken for the very purpose of causing harm. … In contrast, the Fourteenth Amendment applies an objective standard to the mental element. A detainee asserting a Fourteenth Amendment claim for deliberate indifference to his medical needs can allege either that the defendants knew that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants should have known that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health.

*Feliz v. City of New York*, No. 18-CV-5023 (PAE)(SN), 2019 WL 6831552, at *4 (S.D.N.Y. Aug. 5, 2019), *report and recommendation adopted*, No. 18 CIV. 5023 (PAE), 2019 WL 4386017 (S.D.N.Y. Sept. 13, 2019) (internal citations and quotations omitted); *see id.* at *6 ("Under the more lenient standard applicable to pretrial detainees, Plaintiff must plead that a defendant knew or "should have known that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health.")

This distinction has been discussed in recent decisions in this District. For example, in *Booker v. Suffolk Cnty. Dep't of Corr.*, Judge Gary R. Brown stated:

> A state pretrial detainee is protected under the Due Process Clause of the Fourteenth Amendment whereas a convicted inmate is protected from cruel and unusual punishment under the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Under either amendment, [t]he deliberate indifference standard embodies both objective and subjective elements: (1) the alleged deprivation must be, in objective terms, sufficiently serious; and (2) the charged official conduct must act with a sufficiently culpable state of mind.

However, Judge Brown continued,

> [a]lthough a deliberate indifference claim under either the Eighth or Fourteenth amendment has an objectively "sufficiently serious" injury requirement, there is a difference in the second requirement -- the state of mind of the defendant -- dependent upon which amendment is applicable. Under the Fourteenth Amendment, a plaintiff must allege that the defendant acted with a subjectively sufficient state of mind, *i.e.*, the defendant "knew or should have known" that "an excessive risk to health or safety" would result. In contrast, under the Eighth Amendment, "[d]eliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm.

*Booker,* No. 23-CV-7732(GRB)(AYS), 2023 WL 7663288, at *4 (E.D.N.Y. Nov. 15, 2023); *see also Scelza v. Dep't of Suffolk Cnty. Corr.*, No. 24-CV-00492(GRB)(JMW), 2024 WL 1934220, at *4 (E.D.N.Y. May 2, 2024), *appeal dismissed* (Sept. 25, 2024).

*Au fond*, if a plaintiff is a pretrial detainee, the Fourteenth Amendment applies whereas, a prisoner or convicted inmate is protected under the Eighth Amendment.

The dispute here centers on whether Plaintiff, who violated his parole is considered a pretrial detainee or convicted inmate. (*See* ECF Nos. 273, 275.) A brief timeline is instructive here: Plaintiff entered Suffolk County Correctional facility on May 29, 2013, for petit larceny and a parole violation. (Defendants' Proposed Trial Exhibit E, Doc. Nos. COS0064-65.) From at least May 29, 2013, through October 19, 2013, Plaintiff was at Suffolk County Correctional Center. (ECF No. 195 at 8.) There is no dispute that on August 20, 2013, following a hearing, Plaintiff's parole was revoked. (ECF Nos. 273, 275.) Included within Defendant County of Suffolk's proposed trial exhibits, there is a certificate of disposition that states a *final* parole revocation hearing was held on August 20, 2013. (*See* Proposed Trial Exhibit E, Doc. No.

3

COS0043.) This document, a memorandum from the NYS Parole Board was purportedly sent to County of Suffolk. (*Id.*) On October 19, 2013, the date of the incident at issue in this case, is when Plaintiff had a seizure at Suffolk County Corrections Center. (*See* ECF Nos. 195, 230, 273, 275.) On October 22, 2013, Plaintiff was sentenced to 30 days for petit larceny. (ECF No. 268 at 2.) On November 4, 2013, Plaintiff was transferred to Department of Corrections. (ECF Nos. 273, 275.)

The Second Circuit has not yet provided clear guidance as to which amendment applies to a parolee's claim. *See Horace v. Gibbs*, 802 F. App'x 11, 14 (2d Cir. 2020) (stating that the Circuit has "not addressed where parolees fall on the continuum," while noting that because plaintiff failed to state a claim under either amendment, the Circuit "need not decide which Amendment applies to this claim.") However, while it is true that "[c]ourts have found that a detained parolee's status 'is more akin to that of a pretrial detainee' where 'he ha[s] not yet had a hearing or been found guilty of the violation[,]'" that is not quite the case here. *Smith v. Fricke*, 635 F. Supp. 3d 152, 171 (N.D.N.Y. 2022) (quoting *Hill v. Cnty. of Montgomery*, 2018 WL 2417839, at *2 (N.D.N.Y. 2018)); *see also id.* (citing *Brooks v. Westchester Cnty. Jail*, No. 19-cv-10901, 2021 WL 3292229, at *5 (S.D.N.Y. Aug. 2, 2021) ("finding that the plaintiff 'resembled more closely a pretrial detainee' where he 'had not yet been adjudicated guilty for violating the terms of his underlying sentence(s)'"); *Gibson v. Emps., Supervisors Adm. of Drs. Nurses E. Elmhurst Hosp Med Students*, No. 19-CV-0204 (LLS), 2020 WL 5645983, at *5 (S.D.N.Y. Sept. 21, 2020) (same). Given the above, as of August 20, 2013, when the final parole hearing occurred and Plaintiff was found to have violated his parole, Plaintiff was no longer considered a pretrial detainee or a parolee. Indeed, the claims at issue here are brought by Plaintiff, a convicted inmate following the revocation of parole.

4

Accordingly, the Eighth Amendment applies rather than the Fourteenth Amendment. *See Stovall v. Wilkins*, No. 15-CV-2163 (KMK), 2016 WL 5478509, at *3 (S.D.N.Y. Sept. 29, 2016) (collecting cases) (stating that when a plaintiff was "'on parole, not incarcerated or institutionalized,' when the claims arose, '[it was] appropriately analyzed under the Fourteenth Amendment, not the Eighth'"); *Rodriguez v. Rivera*, No. 12 CV 5823 (VB), 2013 WL 5544122, at *4 n.1 (S.D.N.Y. Sept. 16, 2013) ("Because plaintiff is not a convicted prisoner, her deliberate indifference claim may only be brought under the Due Process Clause and not the Eighth Amendment."); *see also Barnes v. Correct Care Sols., LLC*, No. 18 CV 12288 (VB), 2020 WL 3498265, at *2 (S.D.N.Y. June 29, 2020) (quoting *Reinoso-Delacruz v. Ruggerio*, 2019 WL 2062434, at *2–3 (D. Conn. May 9, 2019) ("treating as a pretrial detainee a plaintiff who 'was not found guilty of violating his probation until after' the alleged conduct had occurred").

Therefore, the jury charge will contain the law and standard in accordance with the Eighth Amendment.

## CONCLUSION

For the foregoing reasons, the jury charge will contain instructions on the Eighth Amendment.

Dated: Central Islip, New York
       November 13, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
   JAMES M. WICKS
   United States Magistrate Judge